STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR COUNTY OF GENESEE

PEOPLE OF THE STATE OF MICHIGAN

v.

OMAR RASHAD POUNCY,

                Defendant.

_____/

C.C.#05-17154-FC
05-17488-FC
JUDGE HAYMAN

RECEIVED FEB - 1 2007 SECOND DISTRICT SANDRA SCHULTZ MENGEL CHIEF CLERK

TRANSCRIPT OF PROCEEDINGS

BEFORE THE HONORABLE ARCHIE L. HAYMAN, CIRCUIT JUDGE

Flint, Michigan - Monday, January 9, 2006

APPEARANCES:

| | |
|---|---|
| For the People: | CHRISTOPHER LAROBARDIERE (P-60954)<br>Assistant Prosecuting Attorney<br>100 Courthouse<br>Flint, Michigan 48502<br>(810) 257-3232 |
| For the Defendant: | MICHAEL BRECZINSKI (P-33705)<br>Attorney for Defendant<br>5005 Lapeer Road<br>Burton, Michigan 48509<br>(810) 743-2960 |
| Recorded by:<br>Transcribed By: | (Video Recording)<br>Jacqueline J. Bolt, CER-4272<br>Certified Electronic Recorder<br>3271 Dillon Road<br>Flushing, Michigan 48433<br>(810) 424-4454 |

TABLE OF CONTENTS

| MONDAY, JANUARY 9, 2006 | PAGE |
|---|---|
| Arraignment on Case Number 05-17488-FC | 3 |
| Pretrial and trial dates set by Court | 6 |
| Motion to adjourn trial by Mr. Breczinski | 7 |
| Response to motion by Mr. Larobardiere | 8 |
| Ruling of the Court | 9 |

WITNESSES:

NONE.

| EXHIBITS: | IDENTIFIED | RECEIVED |
|---|---|---|

NONE.

1   Flint, Michigan
2   Thursday, March 9, 2006
3   9:20 o'clock a.m.
4   THE COURT: People of the State of Michigan versus
5   Omar Rashad Pouncy, 05-17488-FC and 05-17154-FC. And,
6   Mr. Breczinski, state your appearance, please?
7   MR. BRECZINSKI: Michael Breczinski appearing on
8   behalf of Omar Pouncy.
9   THE COURT: All right. Mr. Pouncy, would you come
10  up and state your name, please?
11  (Whereupon the Defendant approached the Podium
12  with his attorney.)
13  THE DEFENDANT: Omar Pouncy.
14  THE COURT: All right. Mr. Larobardiere?
15  MR. LAROBARDIERE: Chris Larobardiere for the
16  People.
17  THE COURT: Now do I need to arraign him on this
18  charge here, Mr. - the 17448-FC case?
19  MR. BRECZINSKI: Yes, your Honor.
20  THE COURT: All right. Does - do you have that file
21  in front of you, Mr. Breczinski?
22  MR. BRECZINSKI: I have got a copy of the
23  information and a copy of the prosecutor's notice of
24  intent to seek sentence enhancement and their demand for
25  mandatory disclosure.

3

1  THE COURT: All right, and you have that information
2  in front of you, Mr. Pouncy?
3  THE DEFENDANT: Yes.
4  THE COURT: All right. If you'll follow along with
5  me, it says: That on or about September 24th, 2005, in
6  the City of Burton and the County of Genesee, Count I is
7  Armed Robbery; they say you did, in the course of
8  committing a larceny of a Chevrolet Monte Carlo
9  automobile, assault or put in fear a person present, Sam
10 Anderson; and, in the course of that conduct possessed a
11 pistol, a dangerous weapon, contrary to MCL 750.529.
12 That is a felony that carries life or any term of years
13 unless aggravated assault or serious injury involved,
14 then not less than two years. Do you understand that
15 charge and the maximum penalty?
16 THE DEFENDANT: Yes.
17 THE COURT: Count II is Carjacking. They say that
18 you did, in the course of committing the larceny of a
19 Chevrolet Monte Carlo automobile, a motor vehicle, use
20 the threat of force or violence against or put in fear
21 Sam Anderson, a person in lawful possession of the motor
22 vehicle, contrary to MCL 750.529(a). This is a felony
23 that carries life or any term of years. May be
24 consecutive to sentence for other crimes arising out of
25 same transaction. Do you understand that charge and the

maximum penalty?

THE DEFENDANT: Yes.

THE COURT: Count III is Felon in Possession of a Firearm. They say you did possess or carry a firearm when ineligible to do so, because you've been convicted of Attempted Carrying of a Concealed Weapon, pistol, and/or possession with intent to deliver marijuana and/or possession of cocaine and/or carrying a concealed weapon; a specified felony, and requirements for regaining eligibility have not been met, contrary to MCL 750.224(f). This is a felony that carries five years and/or $5,000 in fines. Do you understand that charge and maximum penalty?

THE DEFENDANT: Yes.

THE COURT: County IV is Carrying a Concealed Weapon. They say you did carry a dangerous weapon, to-wit, a pistol, concealed on or about your person; and whether concealed or otherwise in a vehicle operated or occupied by you, to-wit, a Chevrolet Monte Carlo automobile, contrary to MCL 750.227. This is a felony that carries five years or $2,500 in fines. Do you understand that charge and the maximum penalty?

THE DEFENDANT: Yes.

THE COURT: Under Count V, you're charged with Felon – Felony Firearm. They say you did carry or have in your

possession a firearm, to-wit, a pistol, at the time you committed or attempted to commit a felony, to-wit, armed robbery or carjacking or felon in possession of a firearm, contrary to MCL 750.227(b). This is a felony that carries two years consecutively proceeding any term of imprisonment imposed for the felony or attempted felony conviction. Do you understand that charge and the maximum penalty?

THE DEFENDANT: Yes.

THE COURT: I also have to put you on notice that, upon conviction of a felony or attempted felony, the Court shall order law enforcement to collect a DNA profiling sample, order you to pay $60 as an assessment; do you understand that?

THE DEFENDANT: Yes.

THE COURT: You have the right to an attorney. You have the right to court appointed counsel if you cannot afford an attorney; do you understand that?

THE DEFENDANT: Yeah.

THE COURT: You also have the right to a trial; that could be by jury or possibly by non-jury if the prosecution consents to it; do you understand that?

THE DEFENDANT: Yes.

THE COURT: At the trial, you would have the right to question witnesses called against you, to produce

6

1  witnesses on your own behalf, to testify or to remain
2  silent. You're entitled to the presumption of innocence.
3  You also have the right to have it proven beyond a
4  reasonable doubt that you're guilty of the offenses
5  outlined here in the information. Do you understand
6  that?
7      THE DEFENDANT: Yes.
8      THE COURT: Okay. Mr. Breczinski, how does your
9  client wish to proceed today?
10      MR. BRECZINSKI: He'll stand mute, your Honor.
11      THE COURT: The Court will enter not guilty pleas as
12  to all counts. I'll set the matter for pretrial and
13  motion cutoff for February the 6th, 2006, at nine o'clock
14  in the morning; and I'll set the matter for trail for --
15  let's make it March the 14th, 2006, at eight thirty in the
16  morning. What's your position on bond, Mr. Breczinski?
17      MR. BRECZINSKI: Your Honor, he has the -- another
18  case in front of you -- that was March, you say,
19  fourteenth?
20      THE COURT: Yes, sir.
21      MR. BRECZINSKI: And he has another case in front of
22  you already, similar charges. In fact, that's what the
23  other file's about; and he's not able to make the bond on
24  that case. I doubt that -- unless the bonds were adjusted
25  on both of them, he'd be unable to make any bond.

1  THE COURT: All right. I'll continue the bond as
2  it's presently set on that case.
3  And then we have a matter, another matter. Is
4  it up for pretrial and motion cutoff today?
5  MR. BRECZINSKI: It is up, your Honor. This is a
6  case that the prosecutor and I had come and talked to you
7  about last week. I think it's set for trial tomorrow,
8  but I've got a, uh, - an investigator in this matter.
9  There was an order for one. My investigator was sick for
10  ten days in bed, and was - has been unable to complete
11  all the investigation in this matter. My client is
12  basically saying it wasn't him, he was elsewhere. We're
13  looking into - he's looking into all the witnesses in
14  other matters. There's quite a number of them that we
15  have to look at, and I would be unable to go to trial.
16  Furthermore, in this case - in the case in
17  which he was arraigned on, and the case in the pretrial,
18  the defense is the same. I - I understand the prosecutor
19  wanted to bring in the witnesses on the case he was just
20  arraigned in, in this present case, because of similar
21  acts. They're talking about a similar - a similar modis
22  operandi. They're also talking on the identity. Our -
23  our - so, um, it would make more sense to have all these
24  cases tried together, because my client has a common
25  defense to all of them. It wasn't him, he was elsewhere.

8

1  The prob- the investigator had all of the incidents when
2  he - that he's looking at, not just this. The only
3  reason Bruce Doll had this one is it was a mistake in the
4  - the Defender Administrator's Office.
5  THE COURT: All right. Any - any comments you want
6  to make on this, Mr. Larobardiere?
7  MR. LAROBARDIERE: Uh, no, Judge.
8  THE COURT: All right. I'm gonna grant your request
9  to adjourn this to January 24th for trial, at eight thirty
10 in the morning. And, um, you can keep me -
11 MR. BRECZINSKI: I was wondering, your Honor, if we
12 could have them all - I would think he's - he's probably
13 considering he wants to bring in all the other people on
14 the other case in each one, I would think that it'd be
15 better if we tried these together?
16 THE COURT: Well, what's your thought about -
17 MR. BRECZINSKI: I would - I would think it -
18 THE COURT: - that, Mr. Larobardiere?
19 MR. LAROBARDIERE: I agree with that, Judge.
20 THE COURT: Well -
21 MR. BRECZINSKI: If we could have the same date as
22 the one just arraigned, your Honor, I think that would be
23 appropriate. That would give me time, because if these
24 witnesses pan out or he finds anything, I would have to
25 file an alibi defense and the prosecutor would want some

1  time to investigate any witnesses that they haven't
2  already.
3       But there are other ones, whose names I've been
4  given that he has not been able to –
5       THE COURT: I think you guys are gonna have to come
6  in and talk to me a little bit more in detail about this.
7  I don't have the time this morning to sit down and talk
8  about all the details and my concerns with what you're
9  suggesting, because of this other case. The case that
10 I've just set, I've set for some time in March.
11      MR. BRECZINSKI: Yes.
12      THE COURT: And, uh – no, no, I mean what you're
13 saying may make sense, but right now I – I'm gonna want
14 you guys to come in and talk to me when I'm – you know,
15 in Chambers about it, okay? Right now, I'm gonna leave
16 the dates as they're set, except for I'm gonna move the
17 trial date on the – on this case that's set for tomorrow,
18 I'm gonna move it to January 24th at eight thirty in the
19 morning; and you guys can come talk to me and we'll see
20 whether or not I should just move it to be consistent
21 with the one I just arraigned him on, okay?
22      MR. BRECZINSKI: Okay.
23      THE COURT: And the bond will continue. Thank you.
24           (Whereupon proceedings concluded at 9:28 a.m.)
25                        -oOo-

STATE OF MICHIGAN)
                    SS:
COUNTY OF GENESEE)

I certify that this transcript, consisting of 10 pages, is a complete, true and correct transcript, to the best of my ability, of proceedings taken in the matter of People of State of Michigan vs. Omar Rashad Pouncy, Case No. 05-17154-FC and 05-17488-FC, recorded by video recording on Monday, January 9, 2006.

June 26, 2006

Jacqueline J. Bolt, CER-4272
Certified Electronic Recorder
3271 Dillon Road
Flushing, Michigan 48502
(810) 424-4454

-11-