UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OMAR RASHAD POUNCY,

       Petitioner,                                     Civil No. 2:13-cv-14695
                                                  Hon. Sean F. Cox

CARMEN D. PALMER,

       Respondent.

_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION FOR
RECONSIDERATION [Dkt. 14]; DENYING PETITIONER'S MOTION FOR ORAL
ARGUMENT [Dkt. 16]; DENYING PETITIONER'S MOTION FOR REFERRAL [Dkt.
17]; DENYING PETITIONER'S EMERGENCY MOTION FOR BOND [Dkt. 18]; AND
ALLOWING RESPONDENT TIME TO FILE AN ADDITIONAL RESPONSIVE
PLEADING**

       This habeas case is before the Court on several motions filed by Petitioner seeking forms of

immediate relief on his case. Specifically, he requests orders reconsidering the denial of his motion

for summary judgment, oral argument, a referral of his petition to a magistrate judge, and immediate

release pending disposition of his petition. For the reasons that follow, Petitioner's motions will be

denied, and Respondent will be allowed to file an additional responsive pleading.

       Petitioner, through counsel, filed his habeas petition on November 12, 2013, and an amended

petition on November 20, 2013. The ten-page pleadings list Petitioner's claims but are devoid of

factual allegations or supporting legal arguments. Respondent filed an answer on May 19, 2014,

noting the difficulty in responding to the vague allegations made by Petitioner. In response,

Petitioner filed a motion to strike Respondent's answer because it did not address the merits of

Petitioner's claims, a motion for summary judgment, and a motion for an extension of time to file

a reply brief.

The Court issued an order denying Petitioner's motion to strike and motion for summary judgment, and setting a date for a reply brief. On September 24, 2014, ten months after he filed his petition, Petitioner filed a 125-page reply brief, which for the first time set forth the factual and legal grounds for his thirteen claims.

Petitioner then filed the instant motions, including an "Emergency Motion for Bond." With respect to the motion for reconsideration, as the Court explained in its previous order, a presumptively valid state court conviction cannot be overturned by summary order. *See Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970). The Court will address the merits of the case after Respondent is given a full and fair opportunity to reply Petitioner's claims. The motion for reconsideration is denied.

As to the motion for oral argument, because Respondent has never fairly been given an opportunity to address Petitioner's claims, the Court is not in a position to decide whether oral argument is desirable. The Court may decide the petition on the briefs. *See* E.D. Mich. LR 7.1(e)(1) & (2). If, upon further reflection, however, the Court determines that oral argument is desirable, it will schedule a hearing on its own initiative.

The Court notes that a referral of the case for a Report and Recommendation, as requested by Petitioner, would only serve to further delay the adjudication of this case. It is ironic that this motion was filed along with an emergency motion for bond. The Court, at this point, does not find a referral of the case under 26 U.S.C. § 536 necessary. This motion is also denied.

With respect to the emergency motion for bond, to receive bond pending a decision on the

merits of a habeas corpus petition, a petitioner must show a substantial claim of law based on the facts surrounding the petition and the existence of "some circumstance making the [motion for bond] exceptional and deserving of special treatment in the interests of justice." *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990). "There will be few occasions where a prisoner will meet this standard." *Dotson*, 900 F.2d at 79. Because a habeas petitioner "is appealing a presumptively valid state conviction . . . it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case." *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993). Again, because Respondent has never had a fair opportunity to respond to Petitioner's claims, there is no basis on which the Court can determine whether Petitioner is entitled to this extraordinary relief. The motion is denied.

Finally, the Court notes that any delays in the adjudication of this case are the direct result of Petitioner's unseemly effort to gain a tactical advantage over Respondent. Petitioner's bare-bones initial pleading did not fairly appraise Respondent of the factual or legal grounds for his claims. Rather than file a motion to strike the petition, Respondent filed an answer that addressed Petitioner's claims as best it could given the nature of the petition. Petitioner finally revealed his hand ten months after filing his petition by filing a 125-page "reply." The Court will not abide this transparent tactic designed to prevent another party from responding to claims raised in an action. Respondent will therefore be given an adequate time to file a supplemental pleading addressing Petitioner's claims.

Accordingly, Petitioner's pending motions [dkts. 14, 16, 17, and 18] are **DENIED.**

Respondent may file a supplemental answer to the petition and reply within ninety [90] days

of the date of this order.

**SO ORDERED**.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  November 6, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 6, 2014, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager

-4-