UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OMAR POUNCY,

     Petitioner,                                  Case No. 13-cv-14695
                                                Hon. Matthew F. Leitman

v.

CARMEN D. PALMER,

     Respondent.
_____/

## **ORDER FOR SUPPLEMENTAL BRIEFING BY BOTH PARTIES**

     Petitioner Omar Pouncy ("Petitioner"), through counsel, has filed a motion for summary judgment that is limited to the claim in his Petition that the state trial court violated his Sixth Amendment right to a public trial when it excluded the public from *voir dire* and certain other pre-trial proceedings.  Respondent addressed this claim in her response to the Petition.  (*See* the "Answer," ECF #7.)  During a telephone status conference with the Court on March 16, 2015, counsel for Respondent indicated that Respondent did not plan to file any additional briefing on this issue unless requested by the Court to do so.  The Court has reviewed the motion and supporting brief and requests that Respondent file a brief addressing the following issues:

1. Petitioner argues that his failure to object to the closing of the courtroom does not preclude this Court from granting habeas relief because the Michigan Court of Appeals reviewed the merits of his claim and did not enforce a procedural bar to review of the claim.  Respondent should answer the following questions:

   a. Is Petitioner correct that the state court did not enforce a procedural bar to review of his courtroom closure claim and that the court, instead, reviewed the merits of the claim?  Respondent should specifically address the state court's statement that it "carefully examined" the claim and "conclude[d]" that it did not "have merit." *See People v. Pouncy*, 2008 WL 9869818 at *27 (Mich. App. 2008).

   b. If the state court did not enforce a procedural bar and did review the courtroom closure claim on the merits, how, if at all, does Petitioner's failure to object affect or limit this Court's authority to review, and/or grant relief upon, the claim?

2. Does Respondent contend that either *Teague v. Lane*, 489 U.S. 288 (1989) or 28 U.S.C. § 2254(d)(1) precludes this Court from considering and applying the decision of the United States Supreme Court in *Presley v. Georgia*, 558 U.S. 209 (2010), a decision issued after Petitioner's conviction became final?  If Respondent answers "yes," then Respondent shall address the impact of the Supreme Court's statement that its prior decisions in *Press-Enterprise Co. v. Superior Court of Cal., Riverside Cty*, 464 U.S. 501 (1984) and *Waller v. Georgia*, 467 U.S. 39 (1984), so "well settled" the issue of whether "the Sixth Amendment right [to an open courtroom] extends to jury voir dire" that the Court deemed itself able to "proceed by summary disposition." *Presley*, 558 U.S. at 213.

In addition, Petitioner is directed to file a supplemental brief addressing Respondent's argument (and the authority cited therein) in both Respondent's Answer and in Respondent's supplemental brief (*see* ECF #30) that Petitioner abandoned all of his claims, including the courtroom closure claim by failing to timely file a legal brief explaining the basis of, and support for, the claims.  If

2

Petitioner asserts that some of the delay between the filing of the Petition and the supporting brief was due to technical difficulties experience by Petitioner's counsel, Petitioner shall support that assertion with a sworn affidavit from counsel explaining in detail (a) the nature of the difficulties and (b) how those difficulties led to a multi-month delay in the filing of the brief.  The affidavit shall account for the entire period of delay between the filing of the Petition and the supporting brief.  The affidavit shall also specifically address whether any issue regarding the payment of attorney's fees and/or delay of such payment accounted for any portion of the multi-month delay.

The parties shall file the supplemental briefs described above by no later than **April 15, 2015.**  Each party's brief shall not exceed 20 pages.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  March 17, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 17, 2015, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113