UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


OMAR RASHAD POUNCY,


                        Petitioner,

        v.                              Case No. 13-14695

CARMEN D. PALMER,


                        Respondent.

_____/

        PLAINTIFF'S MOTION FOR SUMMARY DISPOSITION

        BEFORE THE HONORABLE MATTHEW M. LEITMAN
                United States District Court
                Wednesday, June 17, 2015


APPEARANCES:

For the Plaintiffs:        DAVID F. MOFFITT
                           JULIA JEDNEK
                           Law Offices of David L.
                           Moffitt & Associates
                           30800 Telegraph
                           Bingham Farms, MI 48025



For the Defendant:         JOHN S. PALLAS
                           DAVID H. GOODKIN
                           Department of Attorney General
                           525 W. Ottawa
                           Lansing, MI 48909



To Obtain a Certified Transcript:
Carol S. Sapala, RMR, FCRR
313.961.7552
www.transcriptorders.com

                Pouncy v Carmen Palmer 13-14695

C O N T E N T S

_____

IDENTIFICATION                                    PAGE


WITNESSES

None.

Petitioner's Motion For Summary Disposition

Argument by Mr. Moffitt                              5
Response by Mr. Pallas                             34
Argument by Mr. Moffitt                            46
Response by Mr. Pallas                             65
Argument by Petitioner Mr. Pouncy                  69
The Court                                          81


Certificate of Court Reporter                      87

E X H I B I T S

_____

IDENTIFICATION                    MARKED     RECEIVED


None.


Pouncy v Carmen Palmer 13-14695

Motion For Summary Disposition 6-17-2015

1      Detroit, Michigan

2      Wednesday June 17, 2015

3      1:58 p.m.

4      THE CLERK:  The Court calls case number

5  13-14695, Omar Rashad Pouncy versus Carmen D. Palmer.

6      Counsel, please state your appearances for the

7  record.

8      MR. MOFFITT:  Good afternoon, Your Honor.

9  David L. Moffitt on behalf of Omar Rashad Pouncy, the

10 petitioner, who's present to my right.  We thank you for

11 letting him be here today.

12     THE COURT:  Sure.  Who else is with you?

13     MR. MOFFITT:  This is Julia Jednak of my

14 staff.

15     MR. PALLAS:  Good afternoon, Your Honor.

16     John Pallas, Assistant Attorney General on behalf

17 of respondent Carmen Palmer.

18     MR. GOODKIN:  Assistant Attorney General David

19 Goodkin also on behalf of respondent.

20     THE COURT:  Okay.  Thank you.

21     Mr. Pallas, which one of you will be arguing today?

22     MR. GOODKIN:  I will, Your Honor.

23     I may -- if there's a particularly difficult

24 question, if it's okay with you, I may have Mr. Goodkin

25 address the Court.  But it will be me who will be

Motion For Summary Disposition 6-17-2015

1  arguing for the State.

2        THE COURT:  I'll try to avoid all difficult

3  questions.

4     Okay.  We're here this afternoon for argument on

5  the motion for summary judgment filed by Mr. Pouncy.

6  It's filed with respect to one of the claims in the

7  petition.  And let me started with a few thoughts.

8     When I was on your side of the bench, I appeared a

9  number of times before my now colleague Judge O'Meara.

10 He had a helpful way of starting off hearings by

11 offering some initial thoughts, his initial inclinations

12 and suggesting where argument might be helpful.  So let

13 me start with that.

14    And you're, of course, free to argue whatever you

15 want, but this may help you.  If your goal is to move

16 the needle with me, it might be helpful to talk about

17 the things that I'm thinking about.

18    There have been a number -- there's a been a lot of

19 briefing related to the issue of whether there has been

20 a waiver of the claim that the trial court improperly

21 closed the courtroom during jury *voir dire*.

22    My inclination is that there was not a waiver.

23    So, Mr. Moffitt, you don't need to spend much time,

24 if any, on the waiver issue.

25

Motion For Summary Disposition 6-17-2015

1    Mr. Pallas, you're certainly free to address that.

2    I don't see -- I'm not sure that the State is even

3  claiming, but I don't see any basis for finding a

4  procedural default of the issue that's been raised here.

5    So, Mr. Moffitt, you don't need to talk about that.

6  And, Mr. Pallas, you can argue that if you wish to and

7  then Mr. Moffitt could respond.

8    There's been some briefing on the issue of whether

9  there's a, a *Teague* or retroactivity problem here with

10  respect to Mr. Pouncy's reliance on the *Presley* case.

11    My initial inclination is that he may fairly rely

12  on that case.  So, Mr. Moffitt, you don't need to spend

13  time convincing me of that.

14    Mr. Pallas, that's certainly something you may want

15  to argue if you believe there's a retroactivity or

16  *Teague* problem.  I'm happy to hear from you on that.

17  I'm trying to make this more efficient.

18    My current view is that the resolution of this

19  motion comes down to the question of whether there is

20  clearly established law based on the holdings of the

21  United States Supreme Court that, absent an objection,

22  the state trial court was bound to undertake the *Waller*

23  analysis before closing the courtroom and could not

24  close the courtroom without making certain findings.

25

Motion For Summary Disposition 6-17-2015

1    So what would be most helpful to me, Mr. Moffitt,

2  is to hear from you on the clearly established federal

3  law that you're relying on and how that federal law --

4  how the Michigan Court of Appeals erred in holding that,

5  absent an objection, there was not a violation of the

6  right to a public trial.

7    So with that, go ahead.

8    (A discussion was held off the record)

9    MR. MOFFITT:  Your Honor, I'm asking if I may

10  be able to address you from this counsel table.  It

11  would assist me greatly to be able have my client on

12  these issues.

13    I've prepared endless oral argument on all the

14  other issues.  Just take a second, if I may.

15    (After a short delay,

16    the proceedings continued)

17    I would note, initially, Your Honor, that the Court

18  of Appeals did -- actually just said that they would not

19  address this -- I'm sorry.

20    They didn't say anything about the lack of

21  objection, they just said that --

22    THE COURT:  You know what?  I'd rather have

23  you there.

24    I don't want to have a -- it's not going to be

25  possible for me to follow you with him whispering in

Motion For Summary Disposition 6-17-2015

1   your ear every two seconds.

2       I certainly will allow you to take a break and

3   consult with him, but I don't want this running dialogue

4   with him talking in your ear.

5           MR. MOFFITT:  Thank you, Your Honor.

6           THE COURT:  Let me start with a clarification

7   question.

8       What the Michigan Court of Appeals said on this

9   issue is Pouncy raised in his supplemental or *pro se*

10  brief, they reviewed it.  It lacks merit.

11      So the first thing is, you would agree with me that

12  the Michigan Court of Appeals addressed the merits of

13  Mr. Pouncey's public trial claim?

14          MR. MOFFITT:  Absolutely, Your Honor.

15          THE COURT:  So you'd agree with me that their

16  denial of that claim receives deference.

17          MR. MOFFITT:  Yes, Your Honor.

18          THE COURT:  There was not an objection to the

19  closing of the courtroom in this case.

20      You'd agree with me on that point?

21          MR. MOFFITT:  Yes, Your Honor.

22          THE COURT:  So the question is the Michigan

23  Court of Appeals held that there was no violation of the

24  right to a public trial.  It rejected his argument.

25

Motion For Summary Disposition 6-17-2015

1    And what I'm asking you to focus your argument on,

2   among other things -- you can feel free to argue

3   whatever you want.

4    But tell me how that ruling on the facts of this

5   case, without an objection, is contrary to clearly

6   established federal law as set forth in the holdings of

7   the decisions of the United States Supreme Court?

8         MR. MOFFITT:  Well, specifically, Your Honor,

9   the short answer is that *Presley* says that trial courts

10   are required to consider alternatives to closure of the

11   trial to the public even when they are not offered by

12   the parties.

13    In this case, the trial court and I'm talking about

14   the date of 1-26-06, did not consider any alternatives

15   at all.  I could be more specific.

16         THE COURT:  Let me -- let me throw out a

17   question, Mr. Moffitt.

18    The reason I'm inclined to say you may fairly

19   invoke *Presley* is because *Presley*, the way I read it,

20   did not establish a new rule; it simply was lock step

21   with *Waller*.

22    Would you agree with that?

23         MR. MOFFITT:  Absolutely.

24         THE COURT:  In order -- you would agree with

25   me that in order to invoke *Presley*, you have to

Motion For Summary Disposition 6-17-2015

1    acknowledge *Presley* didn't even go one millimeter beyond
2    *Waller*, because if it went one millimeter beyond, it is
3    a new rule, right?
4              MR. MOFFITT:  Put that way, I would say yes.
5              THE COURT:  All right.
6        When I looked back at *Waller*, the, the Supreme
7    Court tells us the issue they're deciding in Waller.
8        And this is the first line of the decision in
9    *Waller* and I want to quote it because I think it's so
10   important here.
11       It says:
12              These cases require us to decide the extent
13              to which a hearing on a motion to suppress
14              evidence may be closed to the public over
15              the objection of the defendant consistently
16              with the 6th and 14th Amendment right to a
17              public trial.
18       So I'm asking myself what did the Court hold in
19   *Waller*.  And in order to figure out what they held, I
20   think it's fair to say they answered the question that
21   they posed at the beginning.  And the question that they
22   posed for themselves to answer expressly incorporates an
23   objection.
24       So, given that language from *Waller*, how can the
25   Michigan Court of Appeals have acted contrary to *Waller*

Pouncy v Carmen Palmer 13-14695

Motion For Summary Disposition 6-17-2015

1   if *Waller* expressly says that it's addressing the

2   situation in which an objection to the closure is made?

3         MR. MOFFITT:  I would have to take a quick

4   look at my notes on that, Your Honor.

5       And I believe the answer will lie -- *Presley*

6   addressed three different situations.  I'm going to have

7   to just quickly confer.

8       (A discussion was held off the record)

9         MR. MOFFITT:  That's what I recall.  There

10  was -- in *Waller*, there was a companion case, *Cole*

11  *versus Georgia*.  And in that case, that attorney did not

12  object.

13        THE COURT:  He actually joined in the motion.

14        MR. MOFFITT:  He did.

15        THE COURT:  All right.

16      Is that your strongest argument that -- I

17  understand your argument to be that what I should look

18  at is what the Court did in *Waller* as opposed to what it

19  said.

20      And your, your argument is if the -- if the rule is

21  that a trial court is only obligated to act in the face

22  of an objection, the Supreme Court would not have

23  remanded the companion case, it would have simply said

24  the c

25  ompanion has to lose.

Motion For Summary Disposition 6-17-2015

1              MR. MOFFITT:  I believe I did argue that, Your

2      Honor.

3

4              THE COURT:  Is there any other basis on which

5      you want me to conclude that *Waller* applies in the

6      absence of an objection?

7              MR. MOFFITT:  I don't think so.  I think the

8      *Press-Enterprise* case and the -- I'm so sorry.

9          (A discussion was held off the record)

10         The *Gannett v DePasquale* case, Your Honor, it's

11     also based on an original body of old law.  But I think

12     whether or not there was an objection is a state issue.

13             THE COURT:  Let me think out loud for a

14     moment.

15         When I first got this case, it seemed to me that

16     exactly that that was the question; that the issue of an

17     objection is only relevant as a procedural matter to

18     present the question to state court.

19         And I wondered why, if the state court didn't

20     invoke a procedural bar, why is the failure to object

21     relevant at all?  That was my first cut at the case.

22             MR. MOFFITT:  And I was going to argue that

23     today.

24             THE COURT:  Then I took a step back and I said

25     to myself there may be another way to conceptualize the

Motion For Summary Disposition 6-17-2015

1  right that is at issue here, as a right that has to be

2  affirmatively asserted in order to be exercised.  Let me

3  give you a comparison.

4      The Constitution guarantees a criminal defendant

5  the right to compulsory process, but that right is only

6  relevant if the defendant makes an affirmative assertion

7  of the right.

8      For instance, if there was a criminal trial and the

9  defendant chose not to put on a defense and didn't ask

10 the Court to summon any witnesses for compulsory

11 process, nobody would say that the right to compulsory

12 process was violated, we would say it wasn't even

13 implicated because it is in the nature of a right that

14 is affirmatively asserted by the defendant in order to

15 come into play.

16     So I asked myself is that the nature of the right

17 to a public trial.

18         MR. MOFFITT:  I don't think so.

19         THE COURT:  Let me just finish, then I want --

20 because I want to give you the benefit of exactly what

21 I'm thinking so that you have every opportunity to

22 respond.

23     So I'm trying to understand.  Is this that type of

24 it right?  If it is that type of right, then the

25 objection is the functional equivalent of asserting the

Motion For Summary Disposition 6-17-2015

1    right.

2        So I asked myself how does the United States

3    Supreme Court speak about this right?  And when you read

4    the words that the Court uses, they, they refer -- the

5    choice of words are interesting.

6        In *Waller*, what the Supreme Court says on Page 44

7    of the opinion, they say:

8            This court has not recently considered the

9            extent of the accused right under the Sixth

10           Amendment to insist upon a public trial.

11       In other words, they're talking about the right

12   with the choice of that word as perhaps one that the

13   defendant affirmatively asserts like the right to

14   compulsory process.

15       And they pick up on that language in *Presley*.  They

16   talk about -- I'm looking at *Presley* on page 213 of the

17   opinion.

18       They say -- this is the Supreme Court speaking:

19           The case now before the Court is brought

20           under the Sixth Amendment for it is the

21           accused who invoked his right to a public

22           trial.

23           And they -- then the Court goes on still now

24           on page 213 and the Court says:

25

Motion For Summary Disposition 6-17-2015

1              While the accused does have a right to

2              insist that the *voir dire* of the jurors be

3              public.

4       And the language that the Court used suggests to me

5  that this is, at least arguably, at least arguably, a

6  right that comes into play only when it is affirmatively

7  asserted by a criminal defendant like the right to

8  compulsory process.

9       I'd like your thoughts on that.

10             MR. MOFFITT:  I'm not sure I'll be able to put

11 my hands on the pertinent case law for a minute.

12      But as I recall, the Court regarded this -- the

13 *Presley* court indicated that this was such an important

14 right, that it would -- to be asserted regardless of

15 whether anybody brings up the alternatives.  And I'm

16 guessing that if people don't bring up the alternatives,

17 they aren't really expressing an objection either.

18      So I think it impliedly suggests that it's such an

19 important right regardless of whether it's raised or

20 not.

21      It also says that -- there's language discussing

22 this right in the First Amendment context as in favor of

23 the public and the press.  And indicates that the right

24 of the accused is as important as the public's and the

25 press's.

Pouncy v Carmen Palmer 13-14695

Motion For Summary Disposition 6-17-2015

1    It doesn't state that there is anywhere in, in

2  those cases that there is a requirement that an

3  objection be made.  I don't think there's any U.S.

4  Supreme Court case that makes that holding.

5          THE COURT:  Let me, let me kind of continue my

6  thought process with you because I want to give you a

7  full chance to react to it.

8    My feeling as I sit here is that if I were sitting

9  by designation on the Sixth Circuit and a direct appeal

10  came up from a federal criminal case presenting this

11  issue and I was called upon to decide what's the better

12  reading of *Presley* and *Waller* is an objection required

13  before a federal district judge can close a courtroom, I

14  might well conclude, not sure, but I might well conclude

15  that the better reading is that an objection is not

16  required.  That that seems to me at least a possibly

17  fair reading.

18    But the context here is so different that in order

19  to go for Mr. Pouncy in this setting, there has to be

20  really no doubt that that is -- that *Presley* and Waller

21  clearly establish that a judge must make these findings

22  that *Waller* talks about before closing the courtroom

23  even in the absence of an objection.

24    And my concern is there's at least some ambiguity

25  as to whether the Supreme Court has clearly established

Pouncy v Carmen Palmer 13-14695

Motion For Summary Disposition 6-17-2015

1  that rule.

2      And isn't that ambiguity in this setting fatal to

3  the habeas claim, even if I were to agree with you that

4  the better reading of the cases may be to the contrary?

5          MR. MOFFITT:  I don't think so.

6      Where it remanded even *Cole's* case I think they

7  made it clear that this rule was the case even when you

8  agree with the closure of the courtroom.

9      I also think indicating that this rule is so

10  important -- the language I'm referring to that

11  indicates this rule is so important in that even in the

12  absence of suggesting alternatives, it has to be obeyed.

13  All but clearly says that even if no one says anything

14  about how it's supposed to be done, it's still supposed

15  to be done.

16          THE COURT:  Only if there's an objection.

17      Let me tell you the further guidance I take from

18  the Sixth Circuit.

19      One of the cases that was cited in the papers is

20  the Sixth Circuit decision in *Johnson versus Sherry* 586

21  F. 3rd 439.  Footnote eight of that decision in the

22  majority decision starts off as follows:

23          While defense counsel's objection triggers

24          the trial court's duty to make factual

25          findings under *Waller* -- and then the Court

Pouncy v Carmen Palmer 13-14695

Motion For Summary Disposition 6-17-2015

1        goes on.

2        That, to me, phrases the issue exactly as it seems

3   to me one could possibly read *Waller*.

4        It's the objection that's the trigger -- that

5   triggers the trial court's duty to act and make the

6   *Waller* findings.   This was in *Johnson versus Sherry* the

7   first time it came up.

8        The second time it came up, the Court revisited the

9   issue.   It's an unpublished decision 465 Federal

10  Appendix 477.

11       It's, again, wrestling with the issue of with what

12  do you do, what triggers the trial court's duty.

13       And in this unpublished case, the -- what the Sixth

14  Circuit says is:

15            When a defendant provides, quote, no notice

16            of the claim, meaning no notice that he's

17            claiming this public trial issue, it is not

18            clearly established that a trial court's

19            duty to make findings under *Waller* is

20            triggered.

21       And to me, this, this creates a fair bit of doubt

22  as to whether there's a clearly established rule by the

23  Supreme Court that a trial court has this *Waller* duty to

24  make the findings before closing the courtroom in the

25  absence of an objection.

Motion For Summary Disposition 6-17-2015

1    I understand your argument about *Cole's*, that's a

2  very serious argument.  I get it.

3    Is there anything else beyond *Cole's* that you would

4  proffer against this reading of the cases?

5         MR. MOFFITT:  I'd like to consult with my

6  client.  He has my materials there.

7    I do note the Sixth Circuit has a tendency to look

8  inside in its own cases rather, sometimes, then I think

9  to read what the U.S. Supreme Court has actually said.

10  Having said so, I will return in a moment.

11    (A discussion was held off the record)

12         MR. MOFFITT:  Your Honor, had I approached the

13  argument the way I intended, I would have gone all

14  through the fact that the state has stated that no

15  objection is needed in it's lower --

16         THE COURT:  What they stated is no objection

17  is needed to raise the issue on appeal.

18         MR. MOFFITT:  Right.

19         THE COURT:  That's, that's the first way I was

20  thinking about the question.  That is an entirely

21  separate question of whether the right comes into play

22  at all absent an objection.

23         MR. MOFFITT:  It is.  I just wanted to make

24  sure I was addressing that in the context you're aware

25  that I was addressing it is in.

Pouncy v Carmen Palmer 13-14695

Motion For Summary Disposition 6-17-2015

1       The case law I was reaching for and saying I wanted
2   to pull from the side reads that:
3           The conclusion of that the trial courts are
4           required to consider alternatives to closure
5           even where they're not offered by the
6           parties is clear, not only from this Court's
7           precedence, but also from the premise that
8           the process of jury selection is, itself, a
9           matter of importance, not simply to the
10          adversaries but to the criminal justice
11          system.
12          THE COURT:  Where are you reading?
13          MR. MOFFITT:  I'm sorry.  *Presley* 13724.
14          THE COURT:  I get all that.  I read that case
15   probably 15 times.
16          MR. MOFFITT:  I'm sure.
17          THE COURT:  But that case is in the context of
18   an objection.
19          MR. MOFFITT:  It says:
20          The public has a right to be present whether
21          or not any party has asserted the right.
22          THE COURT:  That's the public's right.
23          MR. MOFFITT:  Well, they equate the public's
24   right under the First Amendment right to public trial
25   with the Sixth Amendment right to public trial saying

Pouncy v Carmen Palmer 13-14695

Motion For Summary Disposition 6-17-2015

1   they're just as important as to one another.

2            THE COURT:  They're saying the scope of the

3   two rights can be the same, I understand that.

4        And they're saying the public's right isn't in any

5   way diminished, even if both of the parties would want

6   it closed.  I understand that.

7        But with respect to whether there's a violation of

8   the defendant's right --

9            MR. MOFFITT:  It does continue to say that in

10  *Press-Enterprise*:

11           Neither the defendant nor the prosecution

12           requested an open courtroom.  Both

13           specifically argued in favor of keeping it

14           closed.

15           The court found it was error to close the

16           courtroom.

17        I believe that says it's clear.

18           THE COURT:  So your point is your -- with

19  respect to clearly established federal law one, *Cole's*.

20           MR. MOFFITT:  Yes.

21           THE COURT:  Two, this language you point out,

22  and properly so, that the Court has often gone back and

23  forth between the First Amendment's public right of

24  access and the defendant's right to a public trial.

25

Pouncy v Carmen Palmer 13-14695

Motion For Summary Disposition 6-17-2015

1           MR. MOFFITT:  Yes, Your Honor.

2           THE COURT:  And you're suggesting that since

3     no objection by the defendant is necessary to trigger

4     the public's right, you want me to say the rights are

5     co-extensive so the reasoning ought to carry over.

6           MR. MOFFITT:  That's what *Presley* appears to

7     say to me at 130 Supreme Court 724 hyphen 725 at

8     headnote six and seven, Your Honor.

9           THE COURT:  Okay.  Thank you.

10          MR. MOFFITT:  Certainly.

11          THE COURT:  I didn't mean to cut you off.  I

12    have a bad habit of cutting people off.  I want you to

13    tell me anything else you want to tell me.

14          Let me get your reaction to one other case.  The

15    Second Circuit's decision in *Downs versus Lape* case,

16    another case cited by the Attorney General.

17          And that's a case where the parties were fighting

18    over New York's contemporaneous objection rule.

19          And the defendant had not raised an objection to

20    the closure of the courtroom.

21          And the matter comes up to the Second Circuit and

22    the Second Circuit says -- ultimately holds that's an

23    adequate ground, that's a procedural bar.

24          The last argument that is the petitioner now makes

25    to the Second Circuit is it doesn't make any sense to

Motion For Summary Disposition 6-17-2015

1    apply a contemporaneous objection rule to a Sixth

2    Amendment public trial claim because you don't need to

3    object.

4         And the trial court, even absent an objection, is

5    duty-bound under the Sixth Amendment not to close the

6    courtroom without going through the *Waller* inquiry and

7    making the *Waller* findings.

8         So petitioner argues to the Second Circuit the

9    contemporaneous objection rule makes no sense in the

10   context of a public trial claim.

11        And the Second Circuit goes through its analysis.

12   And, and the petitioner in that case was relying on

13   *Presley* and *Waller*.

14        And the Second Circuit says -- it's on page -- I'm

15   not sure, I'm not sure I can see the page number here.

16   It's just before the conclusion section.

17        The Second Circuit says:

18            As both *Presley* and *Waller* involved a trial

19            court's response to a registered objection,

20            neither decision requires courts to justify

21            or consider alternatives to closure when, as

22            the appellate division reasonably found

23            here, no objection is made.

24        Isn't --

25

Pouncy v Carmen Palmer 13-14695

Motion For Summary Disposition 6-17-2015

1      MR. MOFFITT:  That's what they say.

2

3      THE COURT:  You may say the Second Circuit is

4  wrong, but isn't, isn't -- it at least seems to me that

5  two judges on the United States Court of Appeals for the

6  Second Circuit would say *Presley* and *Waller* don't

7  clearly establish that a trial court has a duty to make

8  findings and a duty to refrain from closing the

9  courtroom unless there's an objection.

10      MR. MOFFITT:  I do think they're mistaken.  I

11  do think they overlook the *Cole* argument and that's what

12  the Attorney General has asserted.

13      I wish to respectfully caution the Court at taking

14  some of the arguments that the respondent has offered at

15  face value as I've pointed out in some extensive

16  pleadings.

17      THE COURT:  Is the *Cole* -- I understand the

18  argument in *Cole* you make, it's a very serious argument;

19  one I take seriously.  I'm trying to understand how to

20  fit it in.

21      Is that enough to be a clearly established federal

22  law?  I understand they remanded, I understand it's hard

23  to reconcile their remanding a case in which somebody

24  doesn't object with their language saying they were only

25  dealing with an objection.

Motion For Summary Disposition 6-17-2015

1    But is that act of remanding enough to be a clearly

2  established statement or holding of law by the United

3  States Supreme Court?

4         MR. MOFFITT:  I would like to think it is, but

5  given the language in *Presley* I just read, I think that

6  makes it clear.  I think that seals it.

7    It said that the Court, nonetheless, found it error

8  to close the courtroom even -- I don't know what could

9  be clearer then that on this point in my mind.

10    I may not plum the deps of the issue fully as Your

11  Honor has but that to me seems clear.

12         THE COURT:  I don't want to restrict your

13  argument.

14    Is there anything else on the clearly established

15  issue you want to point out?

16         MR. MOFFITT:  I think not, Your Honor, unless

17  it were to rebut the authorities that the Attorney

18  General has offered *Singer*, *Levine*.

19    I don't believe -- I believe I have put in writing

20  that those do not offer the clearly established law.

21    I think I've indicated that they neglect to discuss

22  the *Olena* case and that the cases that they've cited

23  have only been cited seven times since 1991 and none of

24  those for the proposition at issue here.

25

Motion For Summary Disposition 6-17-2015

1    I don't think we can -- I don't think the

2   attorney -- the respondent's offering on clearly

3   established federal law makes any argument that should

4   invoke the Court's attention for very long.

5            THE COURT:  Okay.  I told you my thinking on

6   some the other matters.  I don't want to restrict

7   you're -- you're certainly free to address those.

8            MR. MOFFITT:  Thank you, Your Honor.

9            THE COURT:  But when I tell you I don't think

10  you have a retroactivity issue, it seems to me you can

11  only change my mind for the worse.  So if I were you, I

12  wouldn't want to talk about that.  But if you do, go

13  ahead.

14           MR. MOFFITT:  Your Honor, I did want to note

15  that we had proposed to file a motion for actual

16  innocence.  I have prepared that motion.  I have sent it

17  to the Court requesting leave to be able to file it.

18    I think it's an important consideration in this

19  argument to know that we are actually asserting an

20  actual innocence situation.

21           THE COURT:  Isn't actual innocence relevant

22  only to overcoming a procedural default?

23    Haven't the Supreme Court said 10 times the

24  question isn't whether a habeas petitioner's actually

25  innocent.  As crazy as that sounds, that's not the

Motion For Summary Disposition 6-17-2015

1  question.

2          MR. MOFFITT:  Yes.  I wish it to be stated

3  because we didn't get to file it.  I don't think there's

4  any procedural bars to our addressing this claim.  I

5  think, you know, that's clear from the trial court

6  addressing the matter on the merits.

7      I think it's clear from the Supreme Court waiver

8  that the Solicitor General signed in this matter.  I

9  think it's clear that -- you know what it's clear from.

10          THE COURT:  I agree with you there's no

11  procedural bar.

12      With respect to the actual innocence motion, let

13  me -- let me ask you.  How is that relevant to this

14  summary judgment issue I'm looking at right now?

15          MR. MOFFITT:  Well, I wanted it to be known

16  that we were making that claim.

17      I wanted it to be in support of there being no

18  procedural -- that should overcome any procedural bars.

19      I wanted it to be known that we were making it,

20  that we didn't get to file it.

21      And that if, in the event that the Court had ruled

22  for us, I would have argued for bond and noted that we

23  were making an actual innocence argument, that we had

24  requested a polygraph, that we haven't been allowed to

25  take one in the prison yet.  I thought that was

Motion For Summary Disposition 6-17-2015

1   pertinent to the issue of bond, also.

2          THE COURT:  Bond?  You're getting a little

3   ahead of yourself talking about bond.

4          MR. MOFFITT:  We've tried to be comprehensive

5   in our written pleadings covering these matters, Your

6   Honor.

7          THE COURT:  You have been nothing but

8   comprehensive.

9          MR. MOFFITT:  Thank you, Your Honor.  There's

10  is something that I wanted to address with Your Honor;

11  and that was that we believe that there's been a

12  confession of error on the motion hearings issue.

13      In the -- all of the respondent's pleadings have

14  addressed the *voir dire* context of our *Presley* claim.

15  None of them have ever addressed or used the words

16  "motion hearings."

17      Even Your Honor directed them to file -- to answer

18  a question -- the questions, the re-order regarding both

19  *voir dire* and motion hearings and they did not address

20  the motion hearings aspect of it in their answering of

21  that question.  I think that's very significant.

22          THE COURT:  Just so I understand, also at the

23  motion hearings there was no objection to the closure?

24          MR. MOFFITT:  That's correct.

25      In their answer in opposition to petitioner's writ

Pouncy v Carmen Palmer 13-14695

Motion For Summary Disposition 6-17-2015

1    of *habeas corpus* filed 5-19-14, the first paragraph of

2    page 56 to the last paragraph of page 57, they addressed

3    only *voir dire*.

4         Then in their supplemental answer in opposition to

5    *habeas corpus* filed February 3, 2015, at page seven to

6    eight, they did not respond to the motion hearings

7    aspect of the closure of the courtroom under the *Presley*

8    claim.

9         And in their second supplemental answer, that's

10   something I want to address because I believe that

11   pleading is neither supplemental nor an answer.

12        They said that they did not address the motion

13   hearing even though Your Honor specifically directed

14   them to answer regarding motion hearing.

15        We would respectfully submit that when you make a

16   deliberate omission to respond to a factual allegation

17   of a *habeas corpus* petition, you admit that those

18   factual allegations.

19        When you fail to offer legal argument or response,

20   you are foreclosed or there's a confession of error as

21   to that specific claim.

22        I think that having failed to say a single word

23   about the closure of the courtroom in the motion hearing

24   circumstance and there were several motions heard on

25   1-26-04.

Motion For Summary Disposition 6-17-2015

1   There was a 404(b) motion that Mr. Pouncy was

2   forced to answer, 18 years old, as his own attorney.

3       There was a motion hearings on an alleged tape

4   recording of Mr. Pouncy that he was forced to defend

5   without counsel.  They haven't said a word about this.

6   And I think they have confessed on this topic and I

7   think a writ can issue summarily on that alone.

8       If Your Honor wished to make that summary ruling,

9   we would accept it and ask to stay the rest, provided he

10  could be afforded bond on appeal.

11      There is nothing in anything the Attorney General

12  has filed that addresses the motion hearing context.

13  And I have a plethora of law that basically says when

14  you do that you lose.

15      We have not addressed specifically -- I couldn't

16  fit into the 10 page brief, the arguments regarding

17  judicial estoppel.  I'm sure Your Honor is familiar with

18  judicial estoppel.

19      I can go through --

20          THE COURT:  What points specifically do you

21  want to estop the state from making?

22          MR. MOFFITT:  Given that retroactivity is

23  gone, regarding whether an objection is needed or not.

24          THE COURT:  Again, this gets back to the

25  distinction between whether an objection is needed to

Motion For Summary Disposition 6-17-2015

1    raise it on appeal.

2         And the state says none was needed in that context,

3    versus the separate argument about whether substantively

4    the right is asserted at all or comes into play without

5    an objection or an assertion.  And I don't think they're

6    estopped from making the latter argument.  Their brief

7    uses the word that is picked up in the cases.

8         You made a very fair point that it doesn't -- you

9    don't talk about waiver when there's a lack of an

10   objection.  The courts have clarified that.

11        The State, in its brief, talks about under federal

12   law the right to an open trial is waived if there's not

13   an objection.  I don't think that's the right way to put

14   it.

15        What I understand them to be saying which is the

16   way I said it which's under federal law the right

17   doesn't come into play unless affirmatively asserted and

18   the assertion is through an objection.  I think that

19   they have been saying all along the tough argument that

20   I put to you.

21             MR. MOFFITT:  I'm not sure they make the

22   distinction as elegantly as Your Honor has.

23        Your Honor, I will simply say that they've said

24   nothing about motion hearings in any of their pleadings

25   and it will take some assistance from the Court to try

Motion For Summary Disposition 6-17-2015

1    and say that they really do have a response about that.

2          And in response to that, I would say that Your

3    Honor asked them in a specific question to specifically

4    address motion hearing and they still didn't say a word

5    about it.

6          THE COURT:  I understand this argument as a

7    wholly technical matter, but should I seriously say the

8    State has obtained a conviction and a sentence of Mr.

9    Pouncy for 40 or 60 years or whatever it is and honestly

10   believe they've confessed error?

11         These guys are here because they think there's

12   absolutely no merit to this position.  And they may not

13   have used the words "motion hearing" but they're going

14   to be screaming bloody murder that there was no trial

15   right violation, open trial right, at any phase in this

16   proceeding.

17         Isn't that what they're going to tell me?

18         MR. MOFFITT:  I guess, Your Honor, but I

19   don't -- I'm not putting much credence in what they're

20   telling you.

21         These are the same people that said that, you know,

22   *Presley* was a new rule.  I mean they'll tell this Court

23   anything they think this Court will consider.

24         THE COURT:  Let me response to that, I believe

25   it's important to do that on the record.

Pouncy v Carmen Palmer 13-14695

Motion For Summary Disposition 6-17-2015

1    Before I came here, I litigated against these folks

2  and this office for the better part of 20 years and

3  while there were plenty of cases in which I thought they

4  were dead wrong, I mean completely missed the boat on

5  the merits, they were some of the finest and most

6  upstanding people I litigated against.

7    There is -- does seem to be some difference in the

8  position they've taken and I'm going to ask them about

9  that.  But I don't question the -- your absolute firm

10  commitment and honest belief in your -- everything

11  you've told me.

12    And I don't for one second question the sincerity

13  and ethics of the gentlemen that are arguing against

14  you.

15    While I take your arguments with the absolute

16  utmost seriousness and I've been wrestling with them,

17  thinking of them, I want this record be clear that I

18  don't buy for a second the idea that these folks are

19  willing to say anything or do anything or cheat or bend

20  the rules to keep Mr. Pouncy in custody.

21    MR. MOFFITT:  I look forward to having the

22  same experience as Your Honor in these matters.

23    Can I briefly confer with my client, Your Honor?

24    THE COURT:  Absolutely.

25

Motion For Summary Disposition 6-17-2015

1              (Whereupon a discussion was held

2              of the record)

3              MR. MOFFITT:  You did not wish the details of

4    estoppel; is that argument reasonably clear their

5    positional changes?  That they're not entitled to a

6    positional change from --

7              THE COURT:  You are telling me they have

8    changed their position.  I understand your point that

9    the position about whether *Presley* is a new rule seems

10   to be a change.

11        But as to the issue of a waiver, my view is that

12   hasn't changed.  You can certainly argue whatever you

13   want to say on that.

14             MR. MOFFITT:  All right.  Give me a moment.

15   Thank you, Your Honor.

16        (A discussion was held off the record)

17             THE COURT:  Mr. Moffitt, let's do this.  I

18   don't want to keep taking time here.

19             MR. MOFFITT:  I'm sorry.

20             THE COURT:  How about if you consult quietly

21   with Mr. Pouncy while I hear from Mr. Pallas, then I'll

22   give you full opportunity so you don't have to rush

23   through.

24        He can slowly, carefully, tell you what he wants

25   you to look at that way it might be a benefit to you.

Motion For Summary Disposition 6-17-2015

 1   Does that sound fair to you?

 2        MR. MOFFITT:  I'm very grateful.

 3        THE COURT:  When you come back up, you won't

 4   be limited to simply what your -- what we were talking

 5   about here.

 6        If there's any new points you want to argue I don't

 7   mean to cut you off, I want to move this issue.

 8        MR. MOFFITT:  It's most gracious.

 9        THE COURT:  Mr. Pallas.

10        MR. PALLAS:  Good afternoon, again, Your

11   Honor.  A lot's been said here today,  so I think maybe

12   I'll start out by addressing maybe questions that you

13   may have directly, some of the things of most concern to

14   you.

15        THE COURT:  Sure.  How's do you guys -- how

16   can an objection be required in light of what the

17   Supreme Court did in the *Cole's* companion case?

18        That guy not only didn't object, he joined in the

19   prosecution's motion to close the courtroom.

20        And if the rule is that an objection is required to

21   affirmatively assert the right, as I question whether it

22   is, then *Cole's* couldn't possibly have been entitled to

23   a remand, it should have been a footnote.  Of course,

24   *Cole's* loses because he didn't object.

25

Motion For Summary Disposition 6-17-2015

1    How do you square what happened in *Cole's* with the

2  idea that it is not clearly established that even absent

3  an objection, a Court needs to make the findings before

4  closing the courtroom.

5         MR. PALLAS:  Well, Your Honor, I believe the

6  way to address that is to think about what clearly

7  established federal law means.

8    That means, obviously, Supreme Court law, but just

9  not any statement by the Supreme Court.  It has to be

10  precedent it can't be holdings, it can't be *dicta*.  It

11  can't be some sort of as an aside discussion in the

12  opinion; it has to be an actual holding of the United

13  States Supreme Court.

14         THE COURT:  Isn't there a holding with respect

15  to *Cole's* holding we vacate his conviction and we remand

16  for further consideration?  Isn't that a holding?

17         MR. PALLAS:  No.  I think that's a ruling, but

18  I don't think it's a holding in terms of how you look at

19  precedent.

20    I would put that more in the category of *dicta* or

21  non-precedential language.  Certainly no one is citing

22  the case for that proposition.

23    So I think the United States Supreme Court has been

24  extremely clear and I think of late even the decision of

25  *Woods versus Donald* that came out fairly recently in

Motion For Summary Disposition 6-17-2015

1   March --

2            THE COURT:  Can you hear him?  Maybe turn that

3   microphone around.  Sorry.  Go ahead.

4            MR. PALLAS:  Thank you, Your Honor.

5       I was citing to the case of *Woods versus Donald*

6   which is ironically a case that came out of our office;

7   it was a habeas grant out of the Sixth Circuit.

8       The cite on that case is 135 Supreme Court 1372.

9   And, specifically, I'd like to talk about page 1377 of

10  that opinion.

11      And what the Court -- there was -- it was about a

12  chronic violation.  The whole issue had to do with

13  whether or not chronic applied in a particular

14  situation.

15      And what the Supreme Court said was --

16            THE COURT:  This is one where the fellow was

17  absent from court for a short period of time?

18            MR. PALLAS:  For, approximately, 10 minutes

19  during testimony.  That was -- it was a multiple

20  defendant trial.

21            THE COURT:  I was having lunch with Judge Cohn

22  the day the Supreme Court issued that decision.  It was

23  his grant of the writ, so I'm pretty well aware of it.

24      And what the Court -- your point is that the Court

25  said that we haven't clearly spoken to this issue.

Pouncy v Carmen Palmer 13-14695

Motion For Summary Disposition 6-17-2015

1        MR. PALLAS:  Exactly.

2     I think what the Supreme Court did in *Woods* was to

3   say it has to be something that's clearly been addressed

4   by us in the past.  There -- I mean you would almost

5   think as sort of a thought, well, isn't trial a critical

6   stage.

7     But there the Supreme Court said, well, we've never

8   addressed whether the rule announced in Chronic

9   (phonetically) applies to testimony regarding a

10   co-defendant's actions.

11     So what *Woods* illustrates is really the term

12   clearly establish federal law as determined by the

13   Supreme Court.  That really means something, that really

14   has teeth to it.

15     I think that's what really guides the entire

16   analysis here, because we are on federal habeas, as you

17   indicated.

18     And I think one of the points I'd like to make is

19   that there are really two classes of Supreme Court

20   cases.

21     And I think as some of your comments may be alluded

22   to when Mr. Moffitt was up here is, you have the

23   *Presley, Waller* line of cases that talk about a

24   situation which clearly implies that there's, there's an

25   objection.  They're talking about an objection.

Pouncy v Carmen Palmer 13-14695

Motion For Summary Disposition 6-17-2015

1    Then, on the other hand, you have another line of

2   cases the *Perez*, *Singer*, *Levine* line of cases that

3   suggest where there isn't an objection, there's a waiver

4   of that particular right.

5           THE COURT:  But aren't those cases, that

6   earlier line, isn't Mr. Moffitt's point about the

7   discussion in the earlier cases a fair one?

8    That the idea that no objection is a waiver seems

9   to me the Supreme Court has said although we may have

10  used that wording in the past, we really don't mean

11  that.  That no objection is forfeiture, it's not waiver.

12   So isn't -- forgetting the holdings of those cases

13  because in none of those cases was the holding applying

14  to the facts that we're facing here, it's just language

15  in those cases.

16   But isn't the language in those cases hasn't that

17  been superseded by the *Oleno* decision and the failure to

18  object and a waiver?

19          MR. PALLAS:  I think another way to look at

20  it.

21    I think another way to look at it would be, Your

22  Honor, to think about, again, the phrase clearly

23  established federal law.

24   The Supreme Court has never really directly

25  addressed a situation where you have an un-objected to,

Pouncy v Carmen Palmer 13-14695

Motion For Summary Disposition 6-17-2015

1   you know, public trial closure issue like this and

2   addressed it head on.  That hasn't happened.

3          THE COURT:  What about -- what about this line

4   from *Presley*.  When Mr. Moffitt was up there, I gave him

5   an opportunity to comment on the portions of the

6   decision that arguably undercut him.

7       The Supreme Court in *Presley* said on page 216 of

8   the United States Reporter:

9              Trial court's are obligated to take every

10             reasonable measure to accommodate public

11             attendance in criminal trials.

12      That was in the context of a case in which there

13   was an objection made, but that's an awfully broad

14   statement.  That isn't tied to when the defendant

15   objects.  That kind of language says trial judges, wake

16   up.  You can't be closing the courtroom no matter what

17   any of the participants do.  And in case you're missing

18   it, we're going to make it crystal clear to you.

19      That's an awfully strong language in a Supreme

20   Court decision.

21          MR. PALLAS:  It's strong language, but I think

22   it's reasonable certainly to read *Presley* in that way,

23   but it's also reasonable to read it that there has to be

24   an objection.

25

Motion For Summary Disposition 6-17-2015

1    And, again, talking in terms of federal habeas,

2  it's all about the reasonableness of the state court

3  decision and whether or not a fair-minded jurist could

4  possibly disagree on what the Supreme Court meant.

5    Certainly, there's probably numerous different ways

6  to read *Presley* and interpret it.  Like you said, you

7  use the word broad.  The broader the rule is, the more

8  leeway is then afforded to the state court when it's

9  assessing that federal constitutional right.

10    THE COURT:  The more general the rule.

11    I didn't mean broad in the sense of generality, I

12  meant broad in the sense of arguably the Supreme Court

13  saying there isn't an exception to this rule that you're

14  supposed to consider alternatives to closing the

15  courtroom in every case.

16    MR. PALLAS:  Right.

17    Like I said, I really think this comes down to

18  reasonableness and whether or not there's any possible

19  room for fair minded disagreement that the, that the

20  Supreme Court -- when the Court of Appeals denied said

21  this can claim is without merit, whether that is

22  reasonable interpretation.  Again, that is assuming that

23  *Presley* would apply in this situation.

24    And I understand one of your concerns was whether

25  or not, in fact, is whether there's a question of

Motion For Summary Disposition 6-17-2015

1   retroactivity here and whether or not we waived that in

2   our initial answer.

3         THE COURT:  I don't think you waived it.  I

4   want to hear from you on it.

5         But my view is, as a substantive matter, whatever

6   you call it, I don't think there's a retroactive problem

7   here.  Let me share with you my thinking, give you a

8   chance to tell me where I'm wrong.

9         The shorthand way of talking about retroactivity is

10  to say a habeas petitioner can't point to decisions that

11  come down after his conviction becomes final.

12        But it's not a chronological trigger, it's not the

13  date of a United States Supreme Court decision, it's

14  whether the decision announces a new rule or not.

15        *Presley* court I think went to great lengths to say,

16  my words not theirs, but awfully close to theirs, we're

17  not announcing a new rule here.  Our prior precedence

18  made this crystal clear.

19        That kind of decision, if it's not announcing a new

20  rule and simply confirming what the prior cases held, it

21  isn't -- to rely on that decision, to rely on *Presley* is

22  not to rely on the new rule in violation of the

23  retroactivity rule, it's to say the Supreme Court has

24  clarified what I've been arguing all along,  that the

25  law that existed prior to my conviction becoming final

Motion For Summary Disposition 6-17-2015

1   is exactly what I say it was.

2          MR. PALLAS:  Well, again -- I hate to sound

3   like I'm constantly repeating myself, the Supreme Court

4   has not held that specifically as in terms of the

5   question of its retroactivity; *Presley's* retroactivity.

6      So, again, there is room for fair minded

7   disagreement about whether or not, you know, it is a new

8   rule of law or has aspects of a new rule of law.

9          THE COURT:  If *Presley* had been a habeas case

10  and the Supreme Court held what it held, we would know

11  by definition that it wasn't applying a new rule because

12  in habeas it can't.

13         MR. PALLAS:  That's correct.

14         THE COURT:  And so if *Presley* was a habeas

15  case we'd say of course the petitioner can invoke it

16  even though it was decided after his conviction became

17  final because it's not announcing a new rule.

18      Even the Supreme Court hasn't said squarely held

19  *Presley* applies retroactively, if I conclude it's not a

20  new rule, I can, I can apply it retroactively, right?

21  You don't have to have a Supreme Court to decision to

22  say it.

23         MR. PALLAS:  Quite frankly, we're not afraid

24  of *Presley* because *Presley* stands for the fact that

25  there has to be an objection in order for the right

Pouncy v Carmen Palmer 13-14695

Motion For Summary Disposition 6-17-2015

1   that's discussed in *Presley* to even apply in this

2   situation.

3       Our waiver argument admittedly may not be the

4   strongest -- excuse me.  Our retroactivity may not be

5   the strongest.

6       If that is rejected, our position is it's a

7   requirement that to the *Presley* requirement only comes

8   into play when there actually is an objection.  And that

9   is clear from the discussion of the actual case, the

10  actual precedent that's established by *Presley*.

11      So even if we get beyond this whole issue of

12  whether or not *Presley* would apply to this case, we're

13  not afraid of *Presley*.  We think under *Presley* we win as

14  well.

15          THE COURT:  Just as an aside, how do you

16  reconcile the point that it appears that in a prior case

17  your office took the position that *Presley* was not a new

18  rule and it functioned in exactly the way that I

19  hypothesized it, simply clarifying an old rule?

20          MR. PALLAS:  We'd be wrong, I'll be the first

21  to admit that.

22      We try our best to continually keep all of our

23  positions consistent.  We learn new things every day in

24  our line of work and realized new arguments sometimes

25  that we didn't have before us at the time we made our

Motion For Summary Disposition 6-17-2015

1  initial assertion.

2       I think the quote from Justice Frankfurter applies

3  here is from one of his cases where he says wisdom too

4  often never comes, so one ought not to reject it because

5  it comes late.

6       I'll be the first to admit that was a mistake.  We

7  try not to make those mistakes very often.  I supervise

8  the habeas section and do our best to make sure we're

9  all on the same page.  But I have to admit I learn

10 something new every day in the federal habeas realm.

11      As you know very well, it's a very active area of

12 the law and sometimes decisions come out that sort of

13 put a whole new wrinkle.

14      One year it might be a decision that states from

15 the Michigan Court of Appeals for lack of merit and the

16 grounds presented was a merits adjudication.

17      The next year we have *Richter* and *Cullen versus

18 Pinholster* and *Benworth versus Bell* out of the Sixth

19 Circuit that say, yes, isn't presumed to be a merit

20 adjudication.

21      I'm not saying there was an intervening case, but

22 it was a mistake on our part and we would like to

23 retract that as much as that's possible to do.

24      I mean certainly it hasn't prejudiced counsel in

25 the sense he's been able to respond to our retroactivity

Motion For Summary Disposition 6-17-2015

1   argument.

2        So I think it would be certainly unfair if we, at

3   the last minute, did that or did it on -- let's say you

4   were to grant habeas relief and somebody came up with

5   that argument, then it might be unfair to the Court,

6   unfair to the petitioner.

7        But we're sort of raising it in the course of this

8   very interesting and somewhat difficult legal issue that

9   I think we've all been struggling with for sometime.

10       So it was a mistake, we apologize to counsel, we

11  apologize to the Court.  But it's a mistake we don't

12  often make and, hopefully, doesn't happen again, but

13  likely will at some point in the future.  We're not

14  perfect.

15            THE COURT:  What else -- is there anything

16  else you'd like to touch on while you have the

17  microphone, Mr. Pallas?

18            MR. PALLAS:  At this juncture, unless you have

19  any -- I know -- I don't think I need to emphasize the

20  fact why are asserting procedural default.

21       The state court didn't default.  We can't even rely

22  on procedural default.  We believe it was a waiver

23  rather than procedural default.

24       I'll stand on what our answer said in that respect

25  unless you have any questions.

Pouncy v Carmen Palmer 13-14695

Motion For Summary Disposition 6-17-2015

1    I'm satisfied that our pleadings asserts our

2  position fairly and accurately and I stand by that.

3    I'm here to answer any questions you may have

4  regarding this case.

5          THE COURT:  I don't think I have any other

6  questions at this time.

7          MR. PALLAS:  I just say, again, this is

8  summary judgment which is a very rare thing for a

9  petitioner to ask for in a federal habeas case.

10   If one thing is evident from the discussion here

11 today, there isn't a clear, legal right or a clear,

12 legal issue or question of fact that would necessitate

13 summary judgment.

14   I certainly think this is something that is

15 appropriate to go to Your Honor and to assess it and

16 then make a decision in its own time rather than

17 approach this through a summary judgment motion.

18   And with that Your Honor, I have nothing further.

19          THE COURT:  Okay.  Thank you.

20          MR. PALLAS:  Thank you.

21          THE COURT:  Mr. Moffitt.

22          MR. MOFFITT:  Thank you, Your Honor.

23   Your Honor, I think we should note that there was

24 not a specific Sixth Amendment objection made in *Presley*

25 *v Georgia*.

Motion For Summary Disposition 6-17-2015

1    That an objection was simply made to the exclusion

2  of the public from the courtroom.  That's *Presley* 130

3  Supreme Court at 722.  But it was without ever asserting

4  a Sixth Amendment objection.

5    The ambiguous statement that he was objecting to

6  the exclusion of the public from the courtroom does not

7  indicate precisely what basis the objection was made on

8  First Amendment, Fifth Amendment, Sixth Amendment,

9  Fourteenth Amendment.  We may never know.

10          THE COURT:  Are you reading from something?

11          MR. MOFFITT:  I am reading.

12          THE COURT:  From a case?

13          MR. MOFFITT:  I'm reading from a brief I wrote

14  that I wasn't allowed to file.  I had to condense it

15  down to 10 pages, so I didn't get this part in.

16    But if Your Honor would indulge me --

17          THE COURT:  I'll indulge you.  Go ahead.

18          MR. MOFFITT:  I'm very grateful.

19    Despite the fact that the objection was not

20  specific, the Supreme Court considered the claim of

21  error on a Sixth Amendment basis.

22    So despite the fact that an objection without a

23  reason -- despite the fact that objection without reason

24  does not preserve an issue for appeal.

25

Motion For Summary Disposition 6-17-2015

1    *People versus Ackerman* 957 Mich. App. 434 2003.

2         THE COURT:  *Presley* came from Georgia.

3         MR. MOFFITT:  Yes.

4         THE COURT:  How do I know that that objection

5    under Georgia law was not sufficient to raise the issue?

6         I understand what the *People versus Ackerman* may

7    say.  Obviously, the sufficiency of that objection is,

8    is established because the Court treated it as a

9    preserved -- the Supreme Court treated it as if the

10   fellow had objected on Sixth Amendment grounds.

11        MR. MOFFITT:  But he didn't necessarily.

12        So the point is they considered it regardless of

13   its lack of specificity.

14        And in the *United States versus Villa Gomez* 708 F.

15   Supp. 2nd 1105.  This is the 2010.

16             They acknowledge that the Supreme Court

17             displayed the willingness to consider a

18             Sixth Amendment claim in *Presley v Georgia*,

19             despite the lack of a specific Supreme --

20             the lack of a specific Sixth Amendment-based

21             objection.

22             The Court said in *Presley* two defendants

23             asserted that the Court's exclusion of the

24             sole member of the public presence at

25             beginning of jury selection, the defendant's

Motion For Summary Disposition 6-17-2015

1       uncle was -- the exclusion of the pubic from

2       the courtroom, but the defendant did not

3       cite a Sixth Amendment right to a public

4       trial. Presley 130 Supreme Court 722.

5           THE COURT:  Can you help me out.

6    How is it that we know the exact words of objection

7  from *Presley*?

8           MR. MOFFITT:  I think we don't.  I might have

9  the oral argument transcript.

10     I believe they said in the case, Your Honor, what

11  the objection was --

12          THE COURT:  I see the quote.

13          MR. MOFFITT:  You do?

14          THE COURT:  A portion the Supreme Court quotes

15  a portion of the objection.

16          MR. MOFFITT:  Nonetheless --

17       Nevertheless, the Court summarily granted

18       relief for a violation of the defendant's

19       Sixth Amendment right to a public trial.

20     So I'm addressing that to whether this is clearly

21  established federal law.

22     I did want to say that the Second Circuit case, I

23  felt that this Court should not consider cases other

24  than the U.S. Supreme Court cases and what it itself

25  says, the opinion of the Second Circuit about what they

Motion For Summary Disposition 6-17-2015

1   think it said notwithstanding.

2       I also have cited a case, Your Honor, *Matthews*

3   *versus Parker*, for the proposition that these lower

4   court cases can't be considered in trying to discern

5   what the Supreme Court itself has said.  And I'm

6   standing on my prior arguments with respect to what the

7   Supreme Court did say.

8       I would also note that the --

9           THE COURT:  Isn't the rule --

10          MR. MOFFITT:  -- respondent did not raise this

11  argument.

12          THE COURT:  Isn't the rule about lower court

13  cases that appellate cases can't lay down a rule that

14  counts as clearly established federal law, but certainly

15  I can look at appellate court cases to see whether the

16  Courts of Appeals think that a particular rule has been

17  clearly established by the Supreme Court or not, can't

18  I?

19          MR. MOFFITT:  I think Your Honor is entitled

20  to look at any authority it does wish, but I am also

21  noting that the respondent did not raise this particular

22  argument specifically.

23          THE COURT:  Which argument?  The one that I

24  keep making?

25

Pouncy v Carmen Palmer 13-14695

Motion For Summary Disposition 6-17-2015

1        MR. MOFFITT:  Yes, Your Honor.

2        THE COURT:  Okay.  Go ahead.

3        MR. MOFFITT:  I would also respectfully submit

4   that this Court cannot substitute or offer arguments on

5   behalf of the respondent; that I submit the respondent

6   has not specifically raised itself, though it is, of

7   course, entitled to consider the law as a whole and to

8   take what it regards as persuasive from where ever it

9   regards it.  I think that needs to be taken into account

10  Your Honor.

11       I wanted to note -- I'm sorry.

12       (A discussion was held off the record)

13       MR. MOFFITT:  Your Honor, I also wanted to

14  note under the local court rules certain motions remain

15  unopposed today.

16       For example, the motion for grant of bond while

17  this matter is being considered or if Your Honor should

18  rule in our favor.  No responses were filed to that.

19       I can offer a summary of a great many issues, Your

20  Honor, many of which I didn't realize would be suggested

21  not to be extensively briefed in oral argument by us

22  today.

23       And is there any particular area that Your Honor

24  wishes additional clarification or case law on?

25

Motion For Summary Disposition 6-17-2015

1    I would note, Your Honor, that -- and I don't wish

2    to try the Court's patience with this, but I've heard

3    today an apology offered they we were wrong.

4    Your Honor, I find it difficult to simply dismiss

5    that issue on this basis.  If they say to a previous

6    federal court that *Presley* is old law, I think it's very

7    difficult for them to stand here today, though I was

8    surprised how it was done, to say that they were wrong.

9    THE COURT:  Look.  I think *Presley* applies to

10   this case.  So whether they were -- had your motives or

11   not, I'm with you on that issue.

12   (A discussion was held off the record)

13   MR. MOFFITT:  Your Honor, I'm advised to bring

14   forth the precedent of *Victor versus Nebraska* where the

15   Supreme Court said they would still address a claim even

16   though contemporaneous objection was not met.

17   This is in support of our allegation that the

18   clearly established law of *Presley* is as we have argued

19   it.

20   THE COURT:  You asked, Mr. Moffitt, what can

21   you talk about.  I have indicated in orders I have

22   entered I didn't want anymore written filings; and let

23   me talk little bit about that.

24   MR. MOFFITT:  I have an extensive brief that

25   covers absolutely everything that is ready to go you

Pouncy v Carmen Palmer 13-14695

Motion For Summary Disposition 6-17-2015

1    Your Honor if Your Honor wished it.

2            THE COURT:  The filings you were filing were

3    saying the same thing in ten different ways in ten

4    different contexts.

5        You were making the argument that I take extremely

6    seriously and you've presented quite effectively and it

7    was just being packaged in different labels; like the

8    motion to enforce the waiver, the motion to enforce the

9    estoppel, the motion to stop them from arguing.  After

10   you got past the title, it was -- it was the same

11   argument that you're presenting very effectively.

12       And those additional filings were not advancing the

13   ball, at least in my consideration of a very serious

14   claim that you're pressing here.

15       But since we're here today, I want to give you an

16   opportunity to orally make any additional points that

17   you want me to consider as I'm wrestling with this trial

18   issue.

19           MR. MOFFITT:  I did want, Your Honor, to

20   consider that if Your Honor regarded what was apologized

21   for as a form of fraud on the Court.

22           THE COURT:  I, I don't want to hear anything

23   about fraud.

24           MR. MOFFITT:  You are permitted to strike

25   their pleadings.

Motion For Summary Disposition 6-17-2015

1      THE COURT:  I'm not striking anything.  But on

2  the merits, I'm happy to hear them.

3      MR. MOFFITT:  I would like Your Honor to

4  seriously consider what I said was a confession of error

5  when they failed to address the motion aspect.

6      They've only addressed *the voir dire* aspect.

7  There's no motion of that anywhere in the pleadings.  I

8  think that's a significant omission.

9      There's considerable case law that I could cite at

10 length regarding when you don't address such a serious

11 allegation, a factual allegation as that, a legal

12 argument as that.  The cases are very clear that you

13 concede that point.

14     I think that would allow the Court to go directly

15 to writ here on that issue.  We would respectfully

16 request Your Honor doing so.

17     Let me ask my client if he has anything additional

18 that he wishes me to bring.

19     THE COURT:  Let's do this.

20     I'm going to take a ten minute break.  He can stay

21 here, so we're not going to waste any time.

22     Because my point is, I want to give you a full

23 opportune to consult with him and then share with me in

24 this forum today any additional points.

25

Pouncy v Carmen Palmer 13-14695

Motion For Summary Disposition 6-17-2015

1    Oral argument on these petitions is not usual, but

2   I know you have a lot to say.  You've done a ton of work

3   on this case.

4    And this is your chance to identify for me an

5   additional case you want me to read, any issue I've

6   missed, to point out any errors in my thinking.

7    But in order for you -- I can tell Mr. Pouncy's

8   playing an active role in this.  I want you to have some

9   quiet time to consult with him so you can make the most.

10    And then when you come back, I'm not even going to

11  put a clock on you.  You talk until you feel you've done

12  telling me everything you want to tell me.

13        MR. MOFFITT:  I'm very grateful.  Mr. Pouncy

14  is a most wonderfully precocious individual.  I'm

15  grateful to be able to make sure he is satisfied that I

16  have offered everything and I'm grateful that Your Honor

17  has offered us this opportunity to bring it.  I can't

18  say how grateful we are for that, Your Honor.

19        THE COURT:  Okay.  Happy to do it.

20    We'll take a 10 minute recess and I will look

21  forward from hearing from you when I return.

22    (Whereupon court was in recess at 3:12 p.m.)

23    (Whereupon court was back in session at 3:26 p.m.)

24        THE COURT:  Please be seated.

25

Motion For Summary Disposition 6-17-2015

1    Mr. Moffitt, the floor is yours again.

2         MR. MOFFITT:  Thank you, Your Honor.

3    Your Honor, I recognize I'm addressing this in a

4    somewhat fragmented fashion, but, again, I'm grateful

5    the Court has indicated where and where not to discuss.

6         THE COURT:  I want you to feel free to discuss

7    anything you want to discuss.

8    What I was saying what you don't need to discuss,

9    that's the stuff I'm leaning your way on anyway.

10        MR. MOFFITT:  Let me amend what I just said by

11   what you just said.

12        THE COURT:  Go ahead.

13        MR. MOFFITT:  Failure to object is not -- has

14   nothing to do with clearly established federal law, it's

15   state law we would submit.

16   There's no Supreme Court -- well, let me give you

17   two cases on that first.  *Egg*, e-g-g v Yukens 485 F.3d

18   364 at 369.

19        THE COURT:  The bite mark case.

20        MR. MOFFITT:  Sixth Circuit 2007.

21   Michigan's contemporaneous objection rules a

22        valid state procedural rule.

23   *Salem versus Yukens* 414 F. Supp 2d. 687 at 694

24   Eastern District of Michigan 2006.

25

Motion For Summary Disposition 6-17-2015

1           A default under state law may occur if

2           petitioner fails to comply with a state

3           procedural rule that required him to have

4           done something at trial to preserve his

5           claimed error for appellate review, that is,

6           to make a contemporaneous objection.

7           I believe that was a public trial case.

8       Your Honor, there's no Supreme Court case that says

9   an objection is needed to preserve the issue.

10      Just because *Presley* court addressed its issues in

11  the light of an objection doesn't mean that the

12  objection it addressed was necessary under those

13  circumstances.

14          THE COURT:  Isn't it, you know, you, you read

15  tons of Supreme Court cases as do I.  And in a lot of

16  the case says when the Court frames the issue, it

17  doesn't incorporate the notion of an objection.

18      I'm just making this up.  For instance, in the

19  *Batson* case, when they're talking about excluding folks

20  or when they're talking about Fourth Amendment issues,

21  whatever it is, it's not the usual practice for the

22  Court to frame the question in terms of an objection.

23  Isn't that a unique feature of *Waller*?

24          MR. MOFFITT:  I can only take *Waller* and

25  *Presley* on their face, Your Honor.

Pouncy v Carmen Palmer 13-14695

Motion For Summary Disposition 6-17-2015

1    I'm not sure I can read in more than what I'm

2  suggesting the Court interpret that as an objection is

3  not necessary.

4    There was a case *Ylst* y-l-s-t versus *Nunnemaker*,

5  501 United States 797 at 801 that said -- 1991 case.

6         If the last state court to be presented with

7         a particular federal claim reaches the

8         merits, it removes any bar to federal court

9         review that might otherwise be available.

10        And *Victor v Nebraska* on state 511 United

11        States 1 at 1994.

12        On state post-conviction review, the

13        Nebraska Supreme Court rejected Victor's

14        contention that the instruction violated the

15        due process clause.

16        Because the last state court which review

17        could be considered could be had considered

18        Victor's constitutional claim on the merits

19        is properly presented for our review despite

20        Victor's failure to object to the

21        instruction at trial or raise the issue on

22        direct appeal.

23    *Gram v Collins*, it's cited 506 United States 461 at

24  512.  It's a 1993 case.

25

Pouncy v Carmen Palmer 13-14695

Motion For Summary Disposition 6-17-2015

1          The habeas petitioner didn't seek mitigating

2          circumstances instructions he claims was

3          required to issue before us because Texas

4          Court of Criminal Appeals appears to have

5          addressed petitioner's challenges on the

6          merit and in a state post-conviction

7          proceeding.

8          Under the circumstances, when the state

9          courts don't rely on independent state

10         grounds and, instead, reach the merits, the

11         federal question is properly before us.

12     Again, it demonstrates, like *Presley*, like what I

13 offered about the interpretation of *Presley*, that

14 clearly established federal law does not here require a

15 discussion of whether or not there was an objection or a

16 failure to object.

17     That was a long, circuitous way of backing into it,

18 but I hope it is pertinent to what the Court had asked

19 us earlier.

20     It's also consistent with the way the U.S. Supreme

21 Court handled the *Cole versus Georgia* case, I would

22 offer.

23     In *Johnson versus Sherry*, which was cited by the

24 respondent, that case -- the defendant lawyer acquiesced

25 to the closure.  I think it was distinguishable for the

Motion For Summary Disposition 6-17-2015

1   purpose of which they offered it.

2       I think I think there is a -- a silhouette or a

3   outline of this case, Your Honor, that if discussed in

4   the full on the particular handling of this issue would,

5   I think, militate towards adopting the petitioner's

6   position on the issues that have been discussed.

7       I think we have made clear points on waiver, on

8   retroactivity, on estoppel, on the state court not

9   barring consideration and taking it up fully on its

10  merits.

11      I think it's very clear that the Attorney General

12  really does think this is old law whatever what they're

13  saying today.  I guess in this situation, I guess they

14  would have to say today since they said what they said

15  what they said in Oregon they said what they said here

16  today.

17      And when I say to look at the silhouette, the

18  profile of this case, remember that I think that first

19  came up not in the initial answer, not in the

20  supplemental answer, but in the second supplemental.

21      So I think it was the second supplemental answer

22  and that was filed in response to Your Honor's asking a

23  question requesting a brief.

24      It says it's a second supplemental answer, but I

25  don't think it's supplemental, I think it's an -- like

Motion For Summary Disposition 6-17-2015

1  an amended answer.

2      They say right in their brief second supplemental

3  answer.  They're asking for the opportunity to amend.

4      Well, they didn't make a motion to amend their

5  answer, they just asked for the opportunity to do so,

6  but that hasn't been formally undertaken here today.

7      It's not supplemental because it has to be there in

8  the first place to be supplemental.  Its amended, it's a

9  thing that wasn't there in the first place that they're

10  now raising for the first time.

11      I think it's a violation of Rule 5.  I think it was

12  an opportunistic response to the Court's inviting input

13  at an early stage of Your Honor's analysis of this

14  matter.

15          THE COURT:  But this is all with respect to

16  their argument that you don't get to invoke *Presley*,

17  right?

18          MR. MOFFITT:  Yes.

19          THE COURT:  Let me make this as clear as I

20  can.  You get to invoke *Presley*.

21          MR. MOFFITT:  I do want to say that this if

22  the Court feels that any part of the question here today

23  turns on failure to object, nothing was ever said about

24  it in the state courts.  I think that's significant.

25

Pouncy v Carmen Palmer 13-14695

Motion For Summary Disposition 6-17-2015

1    I think it is significant for the way in which Your

2  Honor needs to address this today.  I don't wish to

3  recite the procedural history in this case, but the

4  second supplemental answer came about as sort of a gift

5  from Your Honor asking those questions.  It hadn't been

6  plead by them in the past.

7        THE COURT:  Even if it hadn't been plead by

8  them, what I have is the Michigan Court of Appeals

9  saying the closure of the courtroom here didn't violate

10  Mr. Pouncey's right to a public trial.

11    And in order for you to win, you have to show me

12  that that was an unreasonable application or contrary to

13  United States Supreme Court cases.  So forget about what

14  the state says.

15    If those United States Supreme Court cases leave

16  some question about whether the right to a public trial

17  is implicated absent an objection, then the precedence

18  or absence of an objection is certainly relevant to your

19  right to relief, whether or not Mr. Pallas has ever

20  raised it, whether or not the Michigan Court of Appeals

21  ever raised it.

22    Because your affirmative burden is to show that the

23  Michigan Court of Appeals' decision can't be reconciled

24  with the Supreme Court cases.

25

Pouncy v Carmen Palmer 13-14695

Motion For Summary Disposition 6-17-2015

1    So if those cases either turn on an objection or at

2   least don't make it clear whether they're implicated

3   absent an objection, isn't an objection relevant?

4        MR. MOFFITT:  I don't think an objection has

5   anything to do with federal law.  They decided cases

6   without objection.

7        THE COURT:  Your point -- your point an

8   objection is purely procedural under state law.  It's a

9   purely procedural mechanism to present a substantive

10  claim to a state court.  I get that.

11       MR. MOFFITT:  I believe so.  Oh, I also want

12  to -- as we have stated in our brief, Your Honor, the

13  violation of the right to a public trial --

14       THE COURT:  Mr. Pouncey, I'm going to -- when

15  he's done, I'm going to give him one last opportunity.

16  So if you would, can you make a few notes when you have

17  a thought?

18       THE DEFENDANT:  Sorry about that.

19       MR. MOFFITT:  Extremely gracious, Your Honor.

20    It's a structural right which I would respectfully

21  submit entitled us to an automatic reversal.

22    There's no procedural bars.  We have alleged actual

23  innocence and I think that we can establish

24  substantively given that chance, Your Honor.

25

Motion For Summary Disposition 6-17-2015

1    At this point, Your Honor, I would afford the

2    Court, again, to take -- decide what it wishes to hear.

3    I would wish to confer with my client briefly to

4    determine if he had anything else he wished me to offer.

5         THE COURT:  I am here for you to tell me what

6    you want to tell me and so I'm not putting any limits on

7    your arguments.

8    If there's any other points you or Mr. Pouncey wish

9    to make, I'm here, I'm listening very carefully and I

10   invite you to make them.

11        MR. MOFFITT:  I think it would be radical if

12   Your Honor were to decide that *Presley* was new law, for

13   example, Your Honor, or that -- all right.  Let me

14   rephrase the issue.

15   I think it would be unusual -- it would be highly

16   unusual if Your Honor determined that it were not

17   clearly established federal law that no objection is

18   required in order for us to bring this matter to the

19   Court in the fashion that we have, have it reviewed it

20   in the way we did and consider it in the way we have

21   asked.  I think it would carry extensive -- I think it

22   would have extensive implications.

23   And I would respectfully submit that there have not

24   been decisions that have suggested anything consistent

25   with what Your Honor suggests may possibly be that

Motion For Summary Disposition 6-17-2015

1   interpretation.

2       I would submit that it is clearly established that

3   that is clearly established federal law.

4           THE COURT:  Okay.  Why don't you confer with

5   Mr. Pouncy and then you can have your last opportunity

6   to, without restriction, make any other points you want

7   me to consider.

8           MR. MOFFITT:  Thank you, Your Honor.

9           THE COURT:  In the interim, Mr. Pallas,

10  anything you'd like to say?

11          MR. PALLAS:  Thank you, Your Honor.  I just --

12  thank you, Your Honor.  I just have one very brief

13  point.

14      I think brother counsel indicates it would be very

15  odd for this Court to make a ruling in accordance with

16  that the position -- in accordance with the position

17  that the State is asserting.

18      And I guess what brother counsel is saying that the

19  Second Circuit is just very odd.  And I'm not saying

20  necessarily the Second Circuit is correct.

21      What the Second Circuit's decision reflects is that

22  there's fair minded disagreement on whether or not

23  the -- an objection, the extent of that was part of

24  *Presley* and how it's incorporated into *Presley*.  There's

25  fair minded disagreement about that.

Motion For Summary Disposition 6-17-2015

1    If this were a direct appeal, it would be a whole

2  different ballgame, but it's not.  It's federal habeas.

3    There's, obviously, fare minded disagreement as to

4  what the Supreme Court meant; that means that habeas

5  relief is precluded.  And that's all I have to say.

6    THE COURT:  What do you say on the issue of

7  not addressing the exclusion of the public from the

8  portion of the proceedings where motions were argued?

9    MR. PALLAS:  We addressed whether courtroom

10  closure was constitutionally --was a Constitutional

11  violation.  We weren't talking about -- it wasn't about

12  different phases whether it was motion or *voir dire*.

13    And, quite frankly, even beyond that, let's say

14  that there was inadvertence on on our part.  There is no

15  such thing as a default in federal habeas.

16    It's not like just because we don't address -- we

17  could have missed an entire issue here, for example, an

18  entire claim out of let's say there were 13 claims, we

19  didn't address Claim 13.

20    Well, that doesn't give the federal court the right

21  to simply find, okay, I'm going to grant him relief,

22  federal habeas relief on that point.

23    The Court has to independently find that the

24  prisoner's entitled to federal habeas relief.

25

Pouncy v Carmen Palmer 13-14695

Motion For Summary Disposition 6-17-2015

1    But we think we addressed it in the context of

2  addressing the constitutional issue of courtroom closure

3  generally speaking.

4         THE COURT:  You had no intention of confessing

5  error?

6         MR. PALLAS:  Absolutely not.  Absolutely not.

7  Thank you, Your Honor.

8    Unless you have further questions.

9         THE COURT:  I don't.  Thank you very much.

10        MR. MOFFITT:  Your Honor, we would

11  respectfully direct your -- this Court's attention to

12  this language in *Presley*.  It's at 464 at 511

13  thereabouts.

14    In upholding exclusion of the public --

15        THE COURT:  Just give me a minute to get that.

16              (After a short delay, the

17               proceedings continued)

18        MR. MOFFITT:  Yes, of course.

19        THE COURT:  Which version of The Reporter are

20  you looking at?

21        MR. MOFFITT:  I appear to have -- I don't

22  believe this is any of the common versions, Your Honor.

23  Let me find it in the Supreme Court version.

24        In upholding exclusion -- I'm sorry.  It's

25        at 724 the paragraph that begins in

Motion For Summary Disposition 6-17-2015

1        upholding exclusion of the public.

2              THE COURT:  Give me one second.

3              MR. MOFFITT:  Certainly.

4              THE COURT:  Okay.  I can read that to myself.

5    How far do you want me to read?

6              MR. MOFFITT:  Down to the end.

7              THE COURT:  Give me one minute.

8              MR. MOFFITT:  Room for doubt.

9                        (After a short delay, the

10                        proceedings continued)

11             THE COURT:  Okay.  I read the relevant part of

12   the decision.

13             MR. MOFFITT:  Thank you, Your Honor.  All

14   right.

15      We also wanted to refer Your Honor's attention to

16   Cole versus Waller.  I wanted it noted that this right

17   to a public trial is regarded as a structural right and

18   speedy trial is a structural right.

19             THE DEFENDANT:  No.  No.

20             MR. MOFFITT:  Pardon me.

21      Right to counsel is a structural right.  You don't

22   have to invoke right to counsel.  I mean it's applied by

23   the courts in the absence of an objection.

24      It's of that same special class of rights that the

25   case law addresses that makes it an automatic reversal

Pouncy v Carmen Palmer 13-14695

Motion For Summary Disposition 6-17-2015

1   if its not complied with.

2      Your Honor, my client is precocious and probably

3   the most impressive legal scholar I've ever encountered

4   in the correctional system ever.

5      My client has asked if he might be afforded two

6   minutes to speak to the Court, respectfully, in a

7   scholarly manner regarding a key legal point.

8

9      I make the request, Your Honor.  He certainly won't

10  waste your time.

11          THE COURT:  I'll give you five minutes, Mr.

12  Pouncey.

13          MR. MOFFITT:  Wow.

14          THE COURT:  Why don't you do it from there.

15  Keep your voice up.  Stay seated.

16      Hold on one second.  We're going to turn the

17  microphone on.

18          PETITIONER POUNCY:  I notice you made the

19  analogy about the right to speedy trial.  Speedy trial

20  is not a structural error or whatever.  But the right to

21  a public trial and the right to counsel's structural

22  error which indicates they're self-executing.

23      And in *Percy versus Georgia*, the defendant did not

24  explicitly say that he was raising a Sixth Amendment

25  objection.  The objection must be specific in order be

Motion For Summary Disposition 6-17-2015

1    preserved.

2        The United States Supreme Court has shown they're

3    willing to consider this claim.  In their own words --

4            THE COURT:  Speak slower.  I didn't really

5    mean I was going to time you.  I'll listen to you, but

6    please speak slower.

7            PETITIONER POUNCY:   In United States Supreme

8    Court's own words, they said the right to public trial

9    is not only important to the adversaries, but important

10   to the judicial system.  That is something that is self

11   executing.

12       I hate to say that we was sandbagged, but I was

13   represented by an attorney who wasn't prepared and you

14   see that in our other issues.  He didn't object to

15   nothing.  He didn't file one motion.

16       Based on their claim that they was making no

17   complaints about a failure to object in the state

18   court --

19       (Whereupon the court reporter asked the

20        petitioner to speak slower)

21       Based on their statement that they -- that they was

22   surrendering on a failure to object defense in state

23   court, I would have raised ineffective assistance of

24   counsel based on that failure to object.

25       I disregarded that issue because they told us they

Pouncy v Carmen Palmer 13-14695

Motion For Summary Disposition 6-17-2015

1   had no complaints with the failure to object in their

2   brief five years ago in 2010 in front of Judge Haynes.

3        And I'm asking you justs to review this claim on

4   the merits, do what the United States Supreme Court did

5   in *Presley versus Georgia*, which is issued a writ of

6   *habeas corpus* and allow me to get a fair trial.

7        And with my family being present during jury

8   selection, they offered me to accept a plea like you

9   penalize me.  I didn't want to accept the plea. I told

10  them I didn't want to accept the plea.

11       It came right after that and -- to the point of

12  where you said about whether it was self-executing or

13  not.

14       The right speedy trial isn't a structural defect is

15  not the right to a public trial and the right to counsel

16  this Court, United States Supreme Court, Sixth Circuit

17  Court has said you don't have to object to your request

18  for counsel, right to counsel, whatever, during the

19  course of trial, not during interrogation or anything

20  but during the court of trial.

21       The right to a public trial is an important

22  fundamental right.  That's cited in *Presley*.  Where did

23  *Presley* go?  It says it right here.  And I don't see how

24  it can get clearer.

25           It says it says:

Pouncy v Carmen Palmer 13-14695

Motion For Summary Disposition 6-17-2015

1          The statement in *Waller* that the trial court

2          must consider reasonable alternatives to

3          closing the proceedings settles the point.

4      If anything was questionable about failure to

5  object or anything, United States Supreme Court would

6  have summarily decided this case.

7          And in *Waller* -- I mean in *Waller versus Georgia*,

8  the companion case --

9              (Whereupon the court reporter

10             asked the petitioner to speak slower)

11             THE COURT:  You want to speak real slow.

12             PETITIONER POUNCY:  Simply because they didn't

13 agree with *Cole versus Waller*, that doesn't mean it's

14 not a precedent.  That case is a precedent.  They

15 discussed it.  It was a companion case.

16     They said -- they acknowledged that the defense

17 counsel agreed and joined in on the closure in that

18 case.

19     I didn't do that.  I didn't -- my lawyer never told

20 me about, about a public trial right, to be honest.  He

21 never told me nothing about it.  I would have never

22 waived it, forfeited it under no circumstances.

23     My family is here now, you know.  But the point is

24 this.  The public -- I mean the failure to object has

25 nothing to do with the Constitution, has nothing to do

Motion For Summary Disposition 6-17-2015

1   with the federal law.  It's a state law.

2       I shouldn't be barred where the state court

3   reviewed my claim on the merits.  This Court should

4   review it on the merits.  No United States Supreme Court

5   case has said the defendant must object in order to

6   benefit his -- to enjoy his right to a public trial.

7       In the cases where they have prevented defendants

8   from benefiting from the closed courtroom based on the

9   lack of objection the court -- I mean the prosecutor

10  asserted that below.  They didn't wait two years after

11  the fact to get to federal court to assert it.

12          THE COURT:  Are you asserting in this case in

13  your petition an ineffective assistance of counsel claim

14  based on the failure --

15          PETITIONER POUNCY:  No, I can't because it's

16  not exhausted.

17          (Whereupon the court reporter

18           asked the petitioner to speak slower)

19          PETITIONER POUNCY:  They told me they wasn't

20  relying on that as a defense.

21      Can we show him the brief?  Do you have that brief

22  I gave when you came to see me Thursday?

23      In the brief that they filed, I think it was

24  September 9, 2010.  September 9 -- no.  Maybe it was in

25  2010.  They filed a response to our public trial claim.

Pouncy v Carmen Palmer 13-14695

Motion For Summary Disposition 6-17-2015

1    They relied -- and the whole point of Mr. -- Mr.

2  Your Honor Leitman is not a mere formality, it is to

3  preserve a claim for appellate review.

4    So when they say that an objection I needed in

5  order to raise the claim on appeal, they say they have

6  no issue despite the fact -- I mean no issue with me

7  raised on appeal despite an objection.

8

9    So why do they said an objection's not needed.  It

10  has nothing to do with the United States Constitution,

11  has nothing to do with United States Supreme Court

12  precedent.

13    *Cole* versus *Waller* shows that United States Supreme

14  Court is willing to consider, not only consider, but to

15  issue a of writ of certiorari.  They only grant one per

16  percent of review.  They gave this guy the benefit and

17  his lawyer agreed to it.

18     I did not agree to it I would never agree to a

19  closed courtroom under no circumstances.  I was in there

20  with a lawyer who didn't investigate nothing.

21    I feel like I was against all enemies.  I would

22  never agree to closing a courtroom at all.  That's all I

23  ask for is another chance to have a trial.

24    And when you stopped us from filing additional

25  papers, we was going to move for summary judgment based

Motion For Summary Disposition 6-17-2015

1   on the other 15 issues that we have pending, whatever,

2   that has merit.

3        But I feel so confident in this public trial case,

4   that after consulting with my attorney, it's a foregone

5   conclusion we're entitled to relief.

6        They raised -- they can't wait to raise these

7   issues in state court.

8            THE COURT:  Let me interrupt.

9        Mr. Pallas, should I stay this case right now and

10  let him go back to state court and exhaust the claim

11  that his trial counsel was ineffective for failing to

12  object to the closure of the courtroom?

13           MR. PALLAS:  Well, I think Mr. Moffitt will

14  correct me if I'm wrong, but I believe he's already been

15  back on 6500 process at least once, so there's a

16  possibility that he may not get the review that he's

17  seeking of this particular claim.

18       It could be that it's inexhaustible, therefore,

19  unexhausted, therefore, procedurally defaulted.

20       He could attempt, but, normally to go back on a

21  second or successive 6500 motion, there has to be either

22  new evidence or a retroactive change in the law.

23           THE COURT:  Hold on.  Let's let Mr. Pallas

24  finish.

25           MR. PALLAS:  That was all that I was going to

Pouncy v Carmen Palmer 13-14695

Motion For Summary Disposition 6-17-2015

1   say.

2       Is that if there has been, which I believe there

3   has already has been a motion for relief of judgment,

4   he's precluded from filing a second under very

5   circumstances.  But Mr. Moffitt will correct me if I'm

6   wrong.

7           MR. MOFFITT:  We had raised the issue of the

8   ineffectiveness of counsel for failure to object.

9   However, when in the -- when the Attorney General --

10  when the respondent filed its response that an objection

11  was not needed, at that point, there was no need to make

12  an effective assistance of counsel claim with regard to

13  the failure to object because they conceded that no

14  objection was needed.  So at that point, we did not

15  pursue that claim.

16      And I would regard it as specific point of

17  prejudice that we suffered as a result of reliance upon

18  the respondent's claim that no objection was needed.

19          MR. PALLAS:  Judge, if I could add something

20  that might clarifying something here?

21      I think what Mr. Moffitt may be referring is to the

22  County Prosecutor not raising the lack of an objection.

23      But what the County Prosecutor did or didn't do is

24  not at issue, it's what the state court did is what's at

25  issue.

Motion For Summary Disposition 6-17-2015

1    So I'm not sure what the relevance is of what the

2   prosecutor did or didn't do previously, it has to do

3   with looking at the state court opinion, the last recent

4   state court opinion on the issue of courtroom closure.

5        So I'm a little -- not understanding the relevance

6   of what the prosecutor said or didn't say in their

7   brief.

8        That certainly doesn't --

9            THE COURT:  Just give me one minute.

10           MR. PALLAS:  Thank you.

11   (After a short delay, the proceedings continued)

12           PETITIONER POUNCY:  Your Honor?

13           THE COURT:  Yes, Mr. Pouncey.  This is your

14   opportunity to kind of sum up if you promise to speak

15   slowly.

16           PETITIONER POUNCY:  I'm just anxious.  I've

17   been in prison 10 years.  I'm trying to get it all out.

18           THE COURT:  I want you to hear me on this,

19   okay?  I understand your situation.  I can't say for a

20   second I know what it's like.  But I'm going to listen

21   carefully to every word you say.

22        It will be easier for me to hear you and for the

23   court reporter to take it down if you speak very slowly.

24           PETITIONER POUNCY:  All right.

25        In the trial court -- I mean I raised this issue

Motion For Summary Disposition 6-17-2015

1  before *Presley versus Georgia* came up.  I raised it in

2  2008.  That's was when the United States Supreme

3  Court -- I mean the Court of Appeals rejected it without

4  response from the state at no level.  They can't make --

5  they should be silenced.

6      I got a case from the United States Supreme Court

7  where it says if they make no issues about any -- I got

8  United States Supreme Court case I can cite it to you.

9      I got a case from the United States Supreme Court

10  where they made no points of contention about this claim

11  in the state court.  They can't wait to get to the

12  higher courts and make contentions.  No matter what it

13  is at all; whether it's clearly established law or

14  retroactivity or procedural default.  Failure to object

15  amounts to nothing but procedural default under state

16  law. That's the only thing it is.  The reason why people

17  object at trial is to preserve it for appellate review.

18      So when I raised it on appeal and they said

19  defendant didn't object that's not an issue, then it's

20  not an issue.  Then they wait until after it was already

21  on direct appeal.

22      They claim that they raised it or that trying to

23  get you to present or see their point is off the table

24  because they didn't make it.

25      And even if it was still out -- if they were

Motion For Summary Disposition 6-17-2015

1   allowed to resurrect their defenses or somehow, *Presley*

2   makes it clear.  It says that the conclusion that the

3   trial court's -- this is in the Sixth Amendment context.

4           THE COURT:  Slower.

5           PETITIONER POUNCY:  This is in a Sixth

6   Amendment context not a First Amendment context.

7       It says:

8           The conclusion that trial courts are

9           required to consider --

10          (Whereupon the court reporter

11          asks the plaintiff to speak slower)

12          THE COURT:  Slower.

13          PETITIONER POUNCY:  -- even when they are not

14  offered by the parties is clear, not only from this

15  Court's precedence, but, also, from the premise that the

16  process of jury selection is, itself, a matter of

17  importance, not simply to the adversaries, but to the

18  criminal justice system.

19      And this relies on *Press-Enterprise* which is a case

20  decided before I was even born in 1984.  I was born in

21  '87.  So that's clear.  It was clear at the time of my

22  trial that it was on the trial court.

23      And *Presley versus Georgia*, the main question was

24  whether it was the trial court's duty to *sua sponte*

25  consider alternatives.

Motion For Summary Disposition 6-17-2015

1      THE COURT:  Do you want me to stay this case
2   and give you an opportunity to go back to the state
3   court and raise a free standing claim of ineffective
4   assistance of counsel with respect to the failure to
5   object?

6      PETITIONER POUNCY:  Yes, if you allow me to be
7   on bond.

8      THE COURT:  I'm not going to let you out on
9   bond.

10     PETITIONER POUNCY:  Even though they didn't
11  oppose it?

12     THE COURT:  I'm asking a simple question.

13     PETITIONER POUNCY:  Yes.  Yes.

14     THE COURT:  Now understanding that what
15  Mr. Pallas said, that if I stay this case and you go
16  back and try to raise an ineffective assistance of
17  counsel claim for failure to object, his position is
18  going to be it's a second or subsequent motion and
19  you're procedurally barred.  So while that's happening,
20  I won't be addressing any issues.

21     But if you want me to stay this case, I will
22  consider doing that to let you go back to the state
23  court and try to exhaust that claim.

24     PETITIONER POUNCY:  Your Honor, I raised
25  the -- I raised ineffective assistance of counsel

Motion For Summary Disposition 6-17-2015

1   already based on failure to object on my collateral

2   review.

3          Once they said an objection is not needed, that's

4   when I abandoned it.  I relied on their assurance that a

5   lack of an objection wasn't an issue.

6          You can look at my 6500 motion.  I already raised

7   it.

8          Once they said an objection was not needed, why do

9   I need to raise ineffective assistance of counsel?  To

10  them, it's not an issue.

11         The only thing I was saying my lawyer was

12  ineffective for was not objecting and they saying it's

13  not an issue.

14             THE COURT:  Here what I'm going to do.  I'm

15  going to decide the motion for summary judgment in front

16  of me.

17         Then, depending on what I rule, I will entertain

18  one -- if I deny the motion and I'm not saying I'm going

19  to, this is a very difficult question.

20         If I deny the motion, I'm going to consider giving

21  you an opportunity at that point to either amend this

22  petition to try to add a claim for ineffective

23  assistance of counsel based on failure to object or to

24  stay this action and let you try to raise the claim in

25  state court.

Pouncy v Carmen Palmer 13-14695

Motion For Summary Disposition 6-17-2015

1    I'm not suggesting that I would actually allow you

2  to amend.  I would want to hear from Mr. Pallas and he's

3  going to tell me it's futile.

4    I'm just saying if I deny this motion today,

5  there's at least a possibility that you can make an

6  effort to try to bring an ineffective assistance claim

7  to life.

8            MR. MOFFITT:  Your Honor, he's entitled to

9  consider unexhausted claims.  I can offer, Your Honor,

10 case law.

11           THE COURT:  We'll get to that if we need to.

12           PETITIONER POUNCY:  If you decide, and

13 contrary to *Presley* version Georgia that an objection

14 that the right to public trial is dependent upon an

15 objection, yes, I would like to raise -- reraise my

16 claim about my lawyer being ineffective at trial.

17    I would like an Evidentiary Hearing to put my

18 lawyer on the stand to verify his basis for not

19 objecting.

20           THE COURT:  Those are a lot of bridges down

21 the road.  We are going to take this one step at a time.

22    And what I will do is, after I make a ruling on

23 this motion, I will convene a telephone Status

24 Conference.

25    And at that point, we will talk about what are the

Motion For Summary Disposition 6-17-2015

1   appropriate next steps depending what the ruling is.

2       If the motion is granted and I rule in favor, I'm

3   assuming Mr. Moffitt will want to ask me to release

4   lease you on bond.

5       If I deny the motion, you may want to discuss other

6   alternatives about possibly pursuing this ineffective

7   assistance of counsel claim.  But we are going to cross

8   one bridge at a time.

9

10      PETITIONER POUNCY:  All right.  This is the --

11  I'm going to hear you from you one last time.  It's

12  unusual to hear from the client at all. I've indulged

13  you, but this is your, your last opportunity.

14      If you speak too quickly, we're not going to be

15  able to understand what you're saying.

16      PETITIONER POUNCY:  In *Wood versus Milyard*

17  m-i-l-y-a-r-d.  It's a 2012 case.

18      To be honest, Your Honor, I understand that -- it's

19  my understanding you're raising this issue about clearly

20  established law.

21      They never said nothing about clearly established

22  law.  The only complaint that they had is that waiver

23  and you said it's not waived.  So they lose.  You said

24  it's not waived.  That's the only issue they raised.

25      THE COURT:  What I had said was I think that

Pouncy v Carmen Palmer 13-14695

Motion For Summary Disposition 6-17-2015

1  they're phrasing isn't the same way I would have phrased

2  it.

3      But I understood them to be making the point that

4  there's no clearly established federal law that a trial

5  court must make the *Waller* findings before closing the

6  court, absent objection.  That's what I understood them

7  to make.

8      I'm not smart enough, Mr. Pouncy, to come up with

9  that argument on my own.  That's what I understood them

10 to be making.

11     PETITIONER POUNCY:  They never said clearly

12 established law.  They said that the issues -- in their

13 first brief, they said an objection wasn't needed.

14     They took -- they skipped over Oleno, I think

15 that's how you pronounce it, a 1993 case and took you

16 back to 1950, 1960 and 1961 which is *dicta*.

17     Those issues -- them three cases have been rejected

18 by *People versus Bond*.

19     THE COURT:  Okay.  I think I've heard a good

20 amount and I think I've heard enough on today's motion.

21     Let me make a few final comments.  I'm definitely

22 going to take this under advisement, I'm not going to

23 rule today.  I want to reread every word of the key

24 cases that both sides cited.

25     I want to be sure that I scrutinize the language

Pouncy v Carmen Palmer 13-14695

Motion For Summary Disposition 6-17-2015

1    from *Presley* and *Waller* that Mr. Moffitt and Mr. Pouncy

2    have asked me to review.  But before we leave, I want to

3    make a couple comments.

4        Mr. Moffitt, I want to commend you.  Your

5    dedication to Mr. Pouncy's cause is admirable.  You have

6    a tremendous amount of passion.  You've put in a ton of

7    work on this case.

8        I read the affidavits in connection with the reason

9    that a brief wasn't filed immediately.  And I saw that

10   at some point you started doing this, I think, without

11   charging Mr. Pouncy.

12            MR. MOFFITT:  Without collecting.

13            THE COURT:  Well, I appreciate and respect the

14   efforts that you have put into this case personally.

15       You have -- there are times that the volume of

16   filings has caused me a bit of consternation, but it

17   doesn't distract from the fact that you are a real

18   credit to the criminal defense bar in terms of your

19   zealousness and your commitment to your client and not

20   backing down when I asked you the hard questions and

21   doing -- standing up to me when you thought I was wrong,

22   doing everything that I hoped I had done when I was in

23   that chair and I want to commend you.  You did an

24   excellent job.

25       Mr. Pouncy, in my short time with you, I have seen

Pouncy v Carmen Palmer 13-14695

Motion For Summary Disposition 6-17-2015

1   what Mr. Moffitt said; you are extraordinarily well

2   versed in both substantive law and habeas procedure for

3   somebody who hasn't had formal legal training.  And I

4   took seriously all of your oral comments, your insights

5   about the right being a structural one and pointing me

6   to the language in *Presley*.  I listened carefully to

7   everything you've said.

8       I don't know yet whether I'm going to rule for you

9   or against you.  But what I hope when you leave here

10  today with the understanding that I listened carefully

11  to what you said, because it was worthy of careful

12  consideration and I appreciate your contribution to the

13  process.

14          PETITIONER POUNCY:  Thank you.

15          THE COURT:  Mr. Pallas, as always, I thought

16  that you did a fine job representing the State.

17      This is a hard case, but I really appreciate your

18  input in helping me crystalize the issues and understand

19  the complexities that are involved in this case.

20      So as always I appreciate your input, Mr. Goodkin,

21  you were brilliant today.  Thank you for your input.

22      Okay. We are adjourned.  I will take this under

23  advisement and issue a written decision promptly.

24

25      (Whereupon court was in recess at 4:10 p.m.)

Pouncy v Carmen Palmer 13-14695

Motion For Summary Disposition 6-17-2015

1
2
3
4
5
6
7
8                    CERTIFICATE OF COURT REPORTER
9
10    I certify that the foregoing is a correct transcript
11    from reported proceedings in the above-entitled
12    matter.
13
14  s/Carol S. Sapala, FCRR, RMR       June 30, 2015
15
16
17
18
19
20
21
22
23
24
25