UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OMAR RASHAD POUNCY,

    Petitioner,

v.

                                  Case No. 13-cv-14695
                                  Hon. Matthew F. Leitman

CARMEN D. PALMER,

    Respondent.
_____/

### ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION (ECF #60) AND DIRECTING RESPONDENT TO RESPOND TO PETITIONER'S REQUEST TO AMEND HIS HABEAS PETITION

On July 20, 2015, this Court entered an Opinion and Order denying Petitioner's motion for summary judgment on his public-trial claim and denying him habeas relief on that claim. (*See* ECF #58.) The Court held that Supreme Court precedent did not clearly establish that a trial court must make the *Waller* Inquiry and Required Findings (a term defined in the Opinion and Order) where a criminal defendant does not object to the closure of the courtroom. Petitioner filed a timely motion for reconsideration. (*See* ECF #60.) The Court **DENIES** the motion because Petitioner has not demonstrated a "palpable defect by which the Court … has been misled…." E.D. Mich. L. R. 7.1(h). The Court will not address

each and every argument in Petitioner's motion, but it will offer the following observations.[1]

Petitioner's motion relies heavily on the following statement by the Supreme Court in *Presley v. Georgia*, 558 U.S.209, 214 (2010): "The public has a right to be present [in the courtroom] *whether or not any party has asserted the right [to a public trial]*." (Emphasis added.)  From this statement, Petitioner concludes that a trial court may never close the courtroom without making the *Waller* Inquiry and Required Findings – even if a party does not object.  While this statement does lend support to Petitioner's position, it does not *clearly establish* that a trial court violates a defendant's *Sixth Amendment* rights when, absent an objection, it closes the courtroom without making the *Waller* Inquiry and Required Findings.  The statement refers to the right of the *public* to an open courtroom.  That right arises under the First Amendment. *See, e.g., Press-Enterprise Co. v. Superior Court of Cal., Riverside Cty.*, 464 U.S. 501 (1984).  The Supreme Court has found significant overlap between a criminal defendant's Sixth Amendment right to an open courtroom and the public's right to attend a criminal trial. *See, e.g. Waller v. Georgia*, 467 U.S. 39, 44 (1984) (relying on the First Amendment public trial decision in *Press-Enterprise Co., supra*).  But in *Presley*, itself, the Supreme Court

---

[1] To be clear, the fact that the Court does not address some of Petitioner's arguments in no way suggests that the Court finds merits in those arguments.

acknowledged that "the extent to which the First and Sixth Amendment public trial rights are coextensive is an *open* question…." *Presley*, 558 U.S. at 213 (emphasis added). In the habeas context, this Court may not answer in Petitioner's favor the *open* question of whether a trial court violates a criminal defendant's *Sixth Amendment* right to a public trial when, absent an objection, it closes the courtroom without making the *Waller* Inquiry and Required Findings.

Next, Petitioner argues that the Court made two errors in considering decisions from the Sixth Circuit and Second Circuit that cut against Petitioner's claim that the rule he invoked was clearly established by Supreme Court precedent.[2] First, Petitioner says that a district court's habeas review is completely restricted to Supreme Court decisions and that a district court may not consider circuit-level precedent for *any* purpose. In Petitioner's words, circuit-level precedent is entirely "off the table." (ECF #60 at 15, Pg. ID 6433.) That is incorrect. The Supreme Court has – repeatedly – made crystal clear that a federal court may not find clearly establish federal law in circuit-level decisions. But the Supreme Court has never held that a federal court may not consult circuit-level decisions for the extremely narrow purpose of determining whether Supreme Court precedent clearly establishes a particular principle. Indeed, the Supreme Court has

---

[2] The circuit-level cases in question were: *Johnson v. Sherry*, 586 F.3d 439 (6th Cir. 2009); *Johnson v. Sherry*, 465 Fed. App'x 477 (6th Cir. 2012); and *Downs v. Lape*, 657 F.3d 97 (2d Cir. 2011).

expressly authorized lower federal courts to consult circuit precedent in order "to ascertain whether [the appellate court] has already held that the particular point in issue is clearly established by Supreme Court precedent." *Marshall v. Rodgers*, 133 S. Ct. 1446, 1450 (2013). And the Sixth Circuit continues to consider circuit-level decisions for the narrow and appropriate purpose of determining whether Supreme Court precedent clearly establishes a particular rule. See, e,g., *Hill v. Curtin*, --- F.3d ---, 2015 WL 4114658 at *5 (6th Cir., July 9, 2015) (en banc) (looking to decisions of the Ninth and Eleventh Circuits in determining whether Supreme Court's decisions concerning right to self-representation clearly established a particular principle). The rule, in short, is that circuit-level precedent "cannot form the basis for habeas relief under AEDPA." *Id.* at *3. This Court did not violate that rule when it consulted circuit-level cases for the narrow purpose of determining whether Supreme Court precedent clearly established the rule that Petitioner sought to invoke.

Second, Petitioner attacks the Court's conclusion that the existence of decisions from the Sixth and Second Circuits that are contrary to the rule proposed by Petitioner "strongly suggest" that the rule is not clearly established by Supreme Court precedent. (Opinion and Order, ECF #58 at 20, Pg ID 6407.) Petitioner insists that the existence of contrary authority does not "establish that a rule" is not clearly established. Petitioner and the Court are both correct. As Petitioner insists,

the existence of contrary authority does not *automatically* mean that a legal rule is not clearly established, but, as the Court observed, the existence of such authority does weigh *against* a finding that the rule is clearly-established:

> The fact that lower federal courts or state courts reached conflicting results on a legal issue does not *necessarily* mean that a rule is not 'clearly established' by Supreme Court precedent.  Nevertheless, it is evidence of that fact, particularly where the conflict is great or the weight of authority favors the state court's decision.

Brian R. Means, *Postconviction Remedies* (June 2015), Section 29:28; *see also Miller v. Colson*, 694 F.3d 691, 698 (6th Cir. 2012) ("As we have previously noted, a disagreement among the circuits is evidence that a certain matter of federal law is not clearly established.") (citations omitted).  The Court did not hold that the existence of the circuit-level authority contrary to the rule urged by Petitioner absolutely precluded a finding that the rule was clearly established; the Court held only that the contrary authority weighed against such a conclusion.  That was not error.

    Finally, Petitioner faults the Court for not holding Respondent to a purported "waiver."  (ECF #60 at 2, Pg. ID 6421.)  More specifically, Petitioner insists that the State of Michigan "never" argued in any of the state court proceedings that Petitioner could not prevail on his public-trial claim because he did not object, and Petitioner argues that Respondent thus may not invoke Petitioner's failure to object in any manner in these proceedings.  (*Id.* at 3, Pg. ID 6422.)  However, Petitioner's

5

description of the State's prior positions is wrong. The State did, indeed, argue to the state courts that Petitioner's failure to object took his case outside of controlling Supreme Court precedent. When Respondent sought to invoke *Presley* in the state court, the State said:

> Thus, *Presley* addressed circumstances where a party opposed the closure at trial. That case does not control circumstances where, as here, the defendant did not object to the closure at trial but seeks to use the closure on appeal to reverse his conviction. Although a defendant need not object to a closure to raise the issue on appeal, the failure to do so raises issues not before the Court in *Presley*. *State v. Bowen*, --- P.3d --- (Wash. App., Div. 2, 2010); (2010 WL 2817197).

(People's Answer in Opposition to Defendant's Supplemental Issue Based on Retroactive Change in Law, ECF # 8-28 at Pg. ID 2676.)[3]

And even if the State had not made this argument, there would be no waiver of Respondent's right to argue here that the rule Petitioner seeks to invoke – that the trial court had to undertake the *Waller* Inquiry and Required Findings even

---

[3] In prior filings, Petitioner has seized on the State's statement that a defendant "need not object to a closure to raise the issue on appeal." Petitioner reads this statement as a concession that the trial court was required to make the *Waller* Inquiry and Required Findings even absent an objection. It is not such a concession. It is simply says that Petitioner is not procedurally barred from raising a public-trial claim on appeal even though he did not object at trial; it says nothing about whether he is ultimately entitled to relief on appeal even though he did not object. Moreover, the entire point of the passage containing the statement is that Petitioner is *not* entitled to relief under *Presley* because he did not object. Indeed, the holding of the Washington state court in the *Bowen* case cited by the State was that a criminal defendant who does not object to the closure of a courtroom is not entitled to relief under *Presley*. *See Bowen*, 239 P.3d 1114, 1118 (Wash. Ct. App. 2010).

absent his objection – does not amount to "clearly established federal law." The "clearly established federal law" standard first became applicable in these habeas proceedings, and Respondent contested Petitioner's ability to satisfy that standard at his first opportunity.[4]

Like his prior filings, Petitioner's motion for reconsideration raises a number of serious arguments in support of his claim. The Court has no doubt that another reasonable jurist could reach a different conclusion concerning the proper resolution of Petitioner's public-trial habeas claim. But the Court is not persuaded that it committed a palpable error – or any error – in denying relief on that claim. So the Court **DENIES** the motion for reconsideration.

Petitioner has also asked for leave to amend his habeas petition to add a claim for ineffective assistance of counsel based upon his trial lawyer's failure to object to the courtroom closure. (*See* ECF #60 at 32-33, Pg. ID 6451-52.) The Court **DIRECTS** Respondent to respond to that request by no later than **September 10, 2015**. Any response filed by Respondent shall explain all bases on

---

[4] Furthermore, while this Court has not exhaustively researched the issue, one would think that the Court likely had an independent duty to determine whether the rule invoked by Pouncy constituted "clearly established federal law." That duty would appear to stem from the language of 28 U.S.C. 2254(d)(1), which provides that a district court "shall not" grant a writ of habeas corpus unless, among other things, a state court decision violated "clearly established federal law." *Cf. Brown v. Smith*, 551 F.3d 424, 428 n. 2 (6th Cir. 2008), *overruled on other grounds by Cullen v. Pinholster*, 131 S. Ct. 1388 (2011) ("[A] party cannot 'waive'" the governing legal standard under AEDPA).

which Respondent opposes the request to amend and shall include the legal authority supporting each ground of opposition. Petitioner may file a reply brief in further support his request to amend within twenty-one days after Respondent's filing.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: August 13, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 13, 2015, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113