UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OMAR RASHAD POUNCY,

    Petitioner,

v.

CARMEN D. PALMER,

    Respondent.

_____/

Case No. 13-cv-14695
Hon. Matthew F. Leitman

**ORDER DENYING PETITIONER'S MOTION TO BAR**
**RE-PROSECUTION (ECF #81)**

On January 11, 2016,[1] this Court issued a conditional writ of habeas corpus vacating Petitioner Omar Rashad Pouncy's convictions for carjacking, armed robbery, and felon in possession of a firearm (the "Amended Opinion and Order"). (*See* ECF #76.) In the Amended Opinion and Order, the Court held that Petitioner was entitled to habeas relief because the state appellate court's decision affirming Petitioner's convictions involved an unreasonable application of *Faretta v. California*, 422 U.S. 806 (1985). The Court directed the State of Michigan to re-try Petitioner within ninety days or release him from custody. (The Court

---

[1] The Court initially granted Petitioner relief on January 8, 2016. (*See* ECF #74.) It then issued an Amended Opinion and Order on January 11, 2016, that corrected two non-substantive errors in the Court's initial ruling. (*See* ECF #76.)

1

subsequently stayed that portion of the Amended Opinion and Order requiring the State to re-try Petitioner within ninety days. (ECF #93).)

Petitioner has now filed a Motion to Bar Re-Prosecution (the "Motion") in which he asks the Court to convert the conditional writ of habeas corpus into an unconditional writ barring the State from re-prosecuting him. (ECF #81.) The Court DENIES the Motion.

Petitioner first argues that the Court should issue an unconditional writ of habeas corpus because any re-trial would be barred by the applicable statute of limitations. The Court is not currently persuaded that the statute of limitations poses such a bar. In any event, the operation of the statute of limitations is a matter of state law that should be decided by the state courts.[2] The Court declines to convert the conditional writ to an unconditional one based upon Petitioner's limitations-based theory.

Petitioner next argues that the Court should bar re-prosecution because the state prosecutor failed to comply with his obligation under *Brady v. Maryland*, 373 U.S. 83 (1963), to disclose supposedly-exculpatory telephone records. But the Court has not yet ruled on Petitioner's *Brady* claim and has not concluded that a

---

[2] Petitioner should present his statute of limitations arguments to the state courts. If those courts reject the arguments and he is subsequently convicted at a re-trial, he may present his limitations arguments to a federal court on habeas review *if* he has a good-faith basis on which to argue that (1) the rejection of his limitations arguments somehow amounted to a violation of his rights under the Federal constitution and (2) he otherwise meets the requirements for habeas relief.

*Brady* violation occurred. Moreover, Petitioner can ask the state trial court to compel production of the records prior to any re-trial if he does not already have them. And if the records no longer exist and cannot now be produced, he can ask the state trial court to dismiss based upon the alleged *Brady* violation. Petitioner can likewise present to the state court (for consideration in the first instance) his claim that a re-trial should be barred because Quillie B. Strong, a witness whose testimony allegedly would have related to the phone records and built upon the supposedly-exculpatory nature of the records, has passed away. The Court declines to convert the conditional writ to an unconditional one based upon Petitioner's *Brady* claim.

Finally, Petitioner argues that the Court should bar re-prosecution because he is actually innocent. At this point and under the current procedural posture of this case, the Court leaves to a state court jury the question of determining – after a fair trial – whether the State is able to prove Petitioner's guilt beyond a reasonable doubt.

Accordingly, IT IS HEREBY ORDERED that Petitioner's Motion to Bar Re-Prosecution is DENIED.

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated: March 7, 2016

3

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 7, 2016, by electronic means and/or ordinary mail.

                                            s/Holly A. Monda
                                            Case Manager
                                            (313) 234-5113