UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OMAR RASHAD POUNCY,

    Petitioner,                                                 Case No. 13-cv-14695
                                                        Hon. Matthew F. Leitman

v.

CARMEN D. PALMER,

    Respondent.
_____/

## ORDER DENYING PETITIONER'S
## MOTION TO REINSTATE BOND (ECF #119)

On January 8, 2016, the Court conditionally granted a writ of habeas corpus to Petitioner Omar Rashad Pouncy ("Pouncy"). (*See* ECF #74.) In a subsequent ruling, the Court granted Pouncy's motion for bond pending Respondent's appeal. (*See* ECF #93). On the day that the Court signed Pouncy's bond papers, the Court advised Pouncy on the record in no uncertain terms that it expected him to literally and strictly comply with all conditions of release, and Pouncy told the Court that he understood those conditions:

> THE COURT: Mr. Pouncy, one of the reasons I wanted to do this in person with you is I want to very carefully review with you the strict conditions that I placed on this bond, and I want to make certain that you understand the conditions. If you have any questions, I want you to ask me. And the reason I'm doing that is I know that you are a careful reader of judicial decisions, I said several times in my decision granting bond that when I balanced all of

1

>the factors I thought it was appropriate to grant bond subject to a very strict set of conditions, and I want to make sure you understand the conditions, and I want to make sure that you understand that in going along with the conditions is zero tolerance with respect to violations of the conditions, and so I want to walk through them one at a time starting with my order and then starting – and then going to the additional conditions of release form where we have checked the boxes. I would ask you to listen carefully, and I want you to ask me if you have any questions. I want to underscore the importance of that because what I don't want to end up with is a situation where there is an issue with respect to compliance and you come back to me and you say I didn't understand. Okay?
>
>THE DEFENDANT: Yes, Your Honor.

(3/28/16 Hearing Tr., ECF #108 at 4-5, Pg. ID 7574-75.) One of those conditions was that Pouncy not commit any violations of any criminal laws. (*See* Order Setting Conditions of Release, ECF #106 at 1, Pg. ID 7565.)

Shortly after Pouncy's release on bond, he engaged in troubling behavior that led Respondent to file an emergency motion to revoke his bond. (*See* ECF #109). Specifically, Respondent alleged that Pouncy (1) attempted to gain entry to the chambers of the state court trial judge who presided over his trial and (2) entered that judge's courtroom while court was in session and looked at the judge in a manner that upset the judge and caused him fear. (*See id.*) The Court held a hearing on Respondent's motion on May 5, 2016.

2

At the hearing, Pouncy admitted that he tried to gain entry to the state trial judge's chambers and that he sat in the judge's courtroom. The Court was extremely troubled by Pouncy's conduct and poor judgment. The Court expressed its displeasure to Pouncy on the record and reminded Pouncy that the Court was serious when it previously advised him of its expectations for his conduct while on bond:

> And in case I wasn't obvious enough, what I was trying to convey was, don't end up back here. Do not end up back here. Do not put yourself in a position where your freedom is at risk.

(5/5/16 Hearing Tr., ECF #115 at 5, Pg. ID 7641.)

Despite this Court's concern with Pouncy's conduct, the Court did not revoke his bond. Instead, by written Order dated May 6, 2016, the Court imposed new restrictions and advised Pouncy that his "failure to comply with … any of the previous conditions of release which may remain in effect) may result in the Court revoking [his] release on bond." (ECF #114 at 2, Pg. ID 7635.)

In August 2016, the Court again advised Pouncy that strict compliance with all bond conditions was required and that his non-compliance could result in the revocation of his bond. The Court did so in a written Order amending Pouncy's bond conditions to permit him to travel to the oral argument of his appeal in Cincinnati, Ohio. (*See* ECF #116.) The Order allowing Pouncy to travel to Cincinnati provided, in relevant part: "Petitioner is advised that the Court will

3

strictly enforce all bond conditions and that any violation of any condition may result in revocation of Petitioner's bond." (*Id.* at 3, Pg. ID 7697.)

Despite this Court's repeated admonitions, Pouncy did not comply with his bond conditions. In September of 2016, Pouncy was charged in state court with two felony offenses: one count of being a felon in possession of a firearm and one count of being a felon in possession of ammunition. (*See* ECF #119 at 2, Pg. ID 7703.) On December 15, 2016, Pouncy pleaded no contest to both charges. (*See id.* at 3, Pg. ID 7704.) Thus, Pouncy has chosen not to dispute allegations that he committed two felony offenses while free on bond. The Court is persuaded that Pouncy has materially violated his bond conditions (or, at a minimum, that it is reasonable to deem Pouncy in material violation in light of his no contest plea). In the Court's opinion, Pouncy's violations make him unworthy of release on bond. Quite simply, the Court does not trust Pouncy to comply with the strict conditions that the Court would require.

There has been one additional change in circumstance since the Court first granted bond: the parties have presented oral argument to the United States Court of Appeals for the Sixth Circuit. This Court listened to a recording of that argument. While the comments of appellate judges during oral argument do not provide certainty as to the result they will reach, the comments of at least a majority of the appellate panel seemed to suggest that the panel will reverse this

4

Court's grant of habeas relief.  This Court remains confident that the grant of relief was correct, but, at the same time, the Court is a realist.  The Court must conclude that Respondent's chance of prevailing on appeal – i.e., of the Sixth Circuit reversing this Court's ruling – is better now than it was when the Court first granted bond.

For all of these reasons, the Court concludes that the presumption of release in Rule 23(c) of the Federal Rules of Appellate Procedure has been overcome and that Pouncy should not be released on bond pending a final decision on his appeal.

Accordingly, Pouncy's Motion to Reinstate Bond (ECF #119) is **DENIED**.

**IT IS SO ORDERED.**

Dated:  December 21, 2016

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 21, 2016, by electronic means and/or ordinary mail.

s/Holly A. Monda  
Case Manager  
(313) 234-5113