UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OMAR RASHAD POUNCY,

    Petitioner,

Case No. 13-cv-14695
Hon. Matthew F. Leitman

v.

CARMEN D. PALMER,

    Respondent.

_____/

### ORDER (1) DENYING PETITIONER'S RULE 60(b) MOTION (ECF #139) AND (2) TERMINATING PETITIONER'S MOTION FOR IMMEDIATE CONSIDERATION (ECF #146) AS MOOT

On January 8, 2016, the Court conditionally granted a writ of habeas corpus to Petitioner Omar Rashad Pouncy on the ground that he did not voluntarily waive his right to counsel in his state court criminal trial. (*See* ECF #74.) The United States Court of Appeals for the Sixth Circuit subsequently reversed this Court's ruling, *see Pouncy v. Palmer*, 846 F.3d 144 (6th Cir. 2017), and Pouncy has filed a Petition for a Writ of Certiorari in the United States Supreme Court. That petition remains pending.

On July 24, 2017, Pouncy filed a motion for relief from judgment in this Court under Rule 60(b) of the Federal Rules of Civil Procedure. (*See* ECF #139.) In the motion, Pouncy asks this Court "to set aside the judgment of the Sixth Circuit" (*id.* at Pg. ID 7957) on the ground that the assigned Assistant Attorney General

1

intentionally committed "fraud on the court." (*Id*. at Pg. ID 7941.) The motion is devoid of merit because it rests upon a characterization of the Assistant Attorney General's arguments that is plainly wrong. It is therefore **DENIED**.[1]

# I

In the motion, Pouncy argues that the Assistant Attorney General committed "fraud" when he (the Assistant Attorney General) took a position before the Sixth Circuit that was "wholly irreconcilable with [the] position [the Assistant Attorney General took] in front of this [C]ourt." (*Id*. at Pg. ID 7942.) But the Assistant Attorney General's positions were not inconsistent at all – and were not even remotely "wholly irreconcilable."

Before this Court, the Assistant Attorney General argued that when the Court conducts an analysis of alleged ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984), the Court should not presume prejudice, as it may do in other contexts. (*See* 11/12/15 Hearing Tr. at 65-67, ECF #73 at Pg. ID 6761-63.) The Assistant Attorney General argued that *Strickland* is "its own standard" and that it would thus be improper to "incorporate other standards from other types of error ***into*** *Strickland*." (*Id*. at 67, Pg. ID 6763; emphasis added.)

---

[1] On September 7, 2017, Pouncy filed a motion in which he requested immediate consideration of his Rule 60(b) motion. (*See* ECF #146.) Because the Court considers and denies the Rule 60(b) motion through this Order, it will **TERMINATE** the emergency-consideration motion as moot.

2

Before the Sixth Circuit, the Assistant Attorney General did not address how a court should conduct a *Strickland* analysis. Instead, he offered arguments with respect to how that court should review a claim challenging a waiver of counsel under *Faretta v. California*, 422 U.S. 806 (1975). The Assistant Attorney General arguably suggested that the Sixth Circuit could properly incorporate a *Strickland*-type analysis into the analysis of a *Faretta* claim. The Assistant Attorney General wrote:

> In fact, in deciding whether or not a defendant was placed in the position of choosing between unprepared counsel and no counsel, many courts assess counsel's readiness for trial using the familiar standard for ineffective assistance of counsel found in *Strickland*….

(Brief for Appellant, Sixth Cir. Case No. 16-1137 at 44.)

The Assistant Attorney General's positions before this Court and before the Sixth Circuit were not inconsistent. He asked this Court not to *import* a presumption of prejudice *into* a Strickland analysis, and he suggested to the Sixth Circuit that it could perhaps *export* the *Strickland* framework into a different context. The Assistant Attorney General's position in this Court – that a court should not add anything *into* a *Strickland* ineffective assistance analysis – says nothing about whether a court may use the *Strickland* framework in some *other* context.

Pouncy has failed to show any inconsistency in the Assistant Attorney General's two positions. Instead, in his motion, he attempts to manufacture tension

3

between the two positions by mischaracterizing the Assistant Attorney General's position before this Court. Pouncy says that in this Court the Assistant Attorney General "correctly acknowledg[ed] that it is illegal to incorporate *Strickland with* other holdings from the Supreme Court…." (ECF #139 at Pg. ID 7941; emphasis added.) But the Assistant Attorney General said nothing to this Court about whether *Strickland* should be "incorporated *with*" other decisions. Rather, he contended only that other standards from other decisions should not be incorporated "*into*" *Strickland*. That is a far cry from saying that the *Strickland* standard should not be used "with" other holdings of the Supreme Court in other contexts.

In his reply brief (*see* ECF #145), Pouncy offer two more arguments in support of his claim that the Assistant Attorney General took irreconcilable positions in this Court and the Sixth Circuit, but neither is persuasive. Pouncy first highlights the Assistant Attorney General's statement to this Court that "*Strickland* is its own standard." Pouncy cites this statement as irrefutable evidence that the Assistant Attorney General took the position in this Court that the *Strickland* standard cannot and should not be applied or considered outside of the ineffective assistance of counsel context.

Pouncy's myopic focus on the five words quoted above is misplaced. Indeed, Pouncy ignores entirely the context in which the Assistant Attorney General said these words – a discussion of whether to *import* a presumption of prejudice *into* a

4

*Strickland* analysis.  Pouncy also ignores that immediately after the Assistant Attorney General said the five words highlighted above, he (the Assistant Attorney General) explained that it would be improper to "incorporate other standards from other types of error ***into** Strickland*." (11/12/15 Hearing Tr. at 67, ECF #73 at Pg. ID 6763; emphasis added.)  These surrounding words underscore that the Assistant Attorney General was addressing *only* the *importation* of a different prejudice test *into* a *Strickland* analysis and was not arguing against *exporting* the *Strickland* prejudice test into other contexts.

Pouncy next argues that the Assistant Attorney General's reference to *Premo v. Moore*, 562 U.S. 115 (2011), during his argument before this Court is conclusive proof that he (the Assistant Attorney General) was arguing that the *Strickland* prejudice standard cannot be considered or applied in any other context.  According to Pouncy, "any reading of *Premo* shows that *Premo* sets a bright-line rule that transposition [of a legal standard from one Supreme Court decision to another context] *of any kind* 'is improper even on its own terms.'" (ECF #145 at Pg. ID 8010; emphasis added; quoting *Premo*, 562 U.S. at 128.)  In Pouncy's words, *Premo* broadly "holds that no one Supreme Court case can be transposed into another case." (*Id.*)  Pouncy insists that by relying on *Premo*, the Assistant Attorney General was unambiguously telling this Court that the *Strickland* prejudice standard can never be applied outside of the ineffective assistance of counsel context.

5

Pouncy seriously mis-reads *Premo*. *Premo* did *not* hold that transposition "of any kind" is improper under any circumstances. Instead, the Supreme Court held that, in light of 28 U.S.C. § 2254(d), a federal court may not grant habeas relief under a "novel rule" that results from the transposition of a legal standard from one context to another. *Premo*, 562 U.S. at 127. Stated another way, the Supreme Court in *Premo* did not object to the general notion of transposing legal standards. Rather, the Supreme Court held that habeas relief is not available where it depends upon a transposition of legal standards that the Supreme Court, itself, has not previously authorized.

The Supreme Court also disapproved of the particular transposition undertaken by the Ninth Circuit in *Premo* – the transposition of the prejudice standard from *Arizona v. Fulminante*, 499 U.S. 279 (1991), into the *Strickland* context. *Premo*, 562 U.S. at 128. But the Supreme Court's criticism of that one transposition – on the ground that the standards were not compatible – did not even remotely suggest that other transpositions of legal standards are never allowed.

Simply put, *Premo* did not create a "bright-line" rule prohibiting any and all transpositions of legal standards from one context to another. Nor did *Premo* specifically hold that federal courts could never export the *Strickland* standards and apply them outside of the ineffective assistance context. Indeed, the issue in *Premo* was whether the Ninth Circuit properly imported another standard "*into* the

6

*Strickland* performance inquiry." *Premo*, 562 U.S. at 128 (emphasis added). Thus, Pouncy errs when he argues that because the Assistant Attorney General cited *Premo* to this Court, he (the Assistant Attorney General) necessarily contended that the *Strickland* prejudice standard may not be considered outside of the ineffective assistance of counsel context.

Because the essential premise of Pouncy's motion – that the Assistant Attorney General took irreconcilable positions in this Court and the Sixth Circuit – is false, Pouncy is not entitled to relief.

**II**

The Sixth Circuit has emphasized that "there are good reasons not to call an opponent's argument 'ridiculous.'" *Bennett v. State Farm Mutual Automobile Insurance Company*, 731 F.3d 584, 584 (6th Cir. 2013). Those reasons "include civility; the near certainty that the overstatement will only push the reader away (especially when, as here, the hyperbole begins on page one of the brief) … [and] that the argument [the party] derides as ridiculous [may] instead [be] correct." *Id*. at 585.

There are equally "good reasons" not to casually throw around repeated allegations of intentional fraud by an officer of the Court, as Pouncy has done here. Those reasons include civility, the near certainty that the accusation will push the reader away, that there mere hurling of such an accusation could cause serious

7

reputational harm, and that the allegation could be wrong. All of those reasons apply to Pouncy's baseless accusation of fraud by the Assistant Attorney General. The Court expresses its strong disapproval of the meritless allegation of intentional fraud against the Assistant Attorney General.[2] While there is certainly a place in federal court litigation for serious claims of fraud on the court, Pouncy did not present such a claim.

This Court has not agreed with all that the Assistant Attorney General has argued in this case. In fact, over the Assistant Attorney General's vigorous objections, this Court granted habeas relief, released Pouncy on bond pending appeal, and declined to revoke that bond even after Pouncy exhibited extremely poor judgment while free. But the Court has never had any reason to question the Assistant Attorney General's candor. On the contrary, the Court believes that the Assistant Attorney General has, at all times in this case, conducted himself in *full* accord with the high ethical standards applicable to government counsel.

---

[2] On April 19, 2017, this Court entered a written order that appointed attorney John Bursch to represent Pouncy in connection with Pouncy's effort to seek review of this case in the United States Supreme Court. (*See* ECF #136.) It is the Court's understanding that Mr. Bursch played no role in the preparation and/or filing of the motion now before the Court. The remarks above are not directed at Mr. Bursch.

## III

For the reasons explained above, (1) Pouncy's motion for relief from judgment (ECF #139) is **DENIED** and (2) Pouncy's motion for immediate consideration (ECF #145) is **TERMINATED AS MOOT**.

**IT IS SO ORDERED**.

Dated: September 11, 2017

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 11, 2017, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764