UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OMAR RASHAD POUNCY,

      Petitioner,                              Case No. 13-cv-14695
                                                     Hon. Matthew F. Leitman

v.

CARMEN D. PALMER,

      Respondent.

_____/

## ORDER DENYING MOTION FOR ENTRY OF FINAL JUDGMENT ON PUBLIC TRIAL CLAIM (ECF #165)

On November 12, 2013, Petitioner Omar Rashad Pouncy filed a Petition for a Writ of Habeas Corpus (the "Petition"). (*See* ECF #1.)  The Petition seeks habeas relief on many different grounds.  This Court has already ruled on two of those grounds.

In an Opinion and Order dated July 20, 2015, the Court denied Pouncy's motion for summary judgment on his claim that the state court violated his Sixth Amendment right to a public trial. (*See* ECF #58.)  In the same order, the Court denied habeas relief on that claim. (*Id.*)

In a subsequent Opinion and Order dated January 8, 2016, this Court conditionally granted a writ of habeas corpus on Pouncy's waiver of counsel claim. (*See* ECF #74.)  Also on January 8, 2016, the Court entered judgment in Pouncy's

1

favor. (*See* ECF #75.) Respondent thereafter appealed to the United States Court of Appeals for the Sixth Circuit, but Pouncy did not cross-appeal the denial of habeas relief on his public trial claim. The Sixth Circuit later reversed this Court's grant of habeas relief.

After the Sixth Circuit's ruling, Pouncy filed a Notice of Appeal from the order denying his public trial claim. (*See* ECF #149.) Pouncy has now moved the Court to enter final judgment on his public trial claim so that he may pursue his appeal. The Court **DENIES** the motion.

Pouncy seeks entry of final judgment under Rule 54(b) of the Federal Rules of Civil Procedure. The rule provides that:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

The Sixth Circuit has offered the following guidance concerning Rule 54(b):

> Although Rule 54(b) relaxes the traditional finality requirement for appellate review, it does not tolerate

immediate appeal of every action taken by a district court. The rule is specifically "designed to facilitate the entry of judgment on one or more claims, or as to one or more parties, in a multi-claim/multi-party action." *Solomon v. Aetna Life Ins. Co.*, 782 F.2d 58, 60 (6th Cir.1986).

Rule 54(b) certification requires two independent findings. First, the district court must expressly "direct the entry of final judgment as to one or more but fewer than all the claims or parties" in a case. Second, the district court must "express[ly] determin[e] that there is no just reason" to delay appellate review. Fed.R.Civ.P. 54(b) [ ]; Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2655 (1983 & Supp.1993) [ ]. A district court certifying an order under Rule 54(b) must clearly explain why it has concluded that immediate review of the challenged ruling is desirable. *Solomon*, 782 F.2d at 61–62.

*Gen. Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1026 (6th Cir. 1994).

Interlocutory appeals under Rule 54(b) are limited to "'infrequent harsh case[s].'" *Id.* at 1027 (quoting *Rudd Construction Equip. Co., Inc. v. Home Insurance Co.*, 711 F.2d 54, 56 (6th Cir. 1983)).

Pouncy has not persuaded the Court that a final judgment should enter on his public trial claim. Entering such a judgment and permitting an immediate appeal on that claim would create a substantial risk of piecemeal litigation and inefficient use of federal judicial resources. While Pouncy's public trial claim is a serious one that deserves further judicial review, the Court does not believe that there is a high likelihood that Pouncy will prevail on the claim. Thus, permitting an immediate appeal of that claim creates a substantial risk of piecemeal litigation. The Court

agrees with Respondent that the most sensible way to proceed in this action (once the Supreme Court decides whether to grant Pouncy's pending Petition for a Writ of Certiorari on his waiver of counsel claim) is for this Court to address all of Pouncy's remaining claims and then to have a single panel of the Sixth Circuit review all of those claims at once.

Notably, Pouncy had the option to seek appellate review of his public trial claim more than one year ago but did not do so. As Pouncy has acknowledged, he could have appealed the order denying relief on that claim when Respondent appealed from the judgment granting habeas relief. (*See* ECF #149, Notice of Appeal at Pg. ID 8040, n.1.[1]) Yet, he chose not to appeal. Simply put, contrary to the suggestion in Pouncy's reply brief (*see* ECF #168 at Pg. ID 8463), he *did* have a chance to appeal the denial of his public trial claim without awaiting entry of final judgment. Under these circumstances, the Court sees no substantial unfairness to Pouncy in requiring him now to await a final judgment on all of his claims before presenting his public trial claim to the Sixth Circuit.

---

[1]*See also Seaman v. Washington*, 506 F. App'x 349 (6th Cir. 2012) (explaining that a habeas petitioner who prevailed on one claim had filed a cross-appeal from a district court ruling denying relief on another claim); *House v. Bell*, 276 F. App'x 437 (6th Cir. 2008) (same); *Henderson v. Collins*, 262 F.3d 615 (6th Cir. 2001) (same).

Next, the Court rejects Pouncy's argument that he should be permitted to appeal the Court's public trial ruling now because he is actually innocent. (*See* ECF #168 at Pg. ID 8462.) Pouncy's claim of actual innocence has been the subject of lengthy briefing by both parties (*see, e.g.*, ECF ## 158, 164), and Pouncy has an upcoming opportunity to file one additional brief on the issue. The Court cannot conclude, at this point, that Pouncy is actually innocent.

Finally, Pouncy argues that he should be permitted to appeal the Court's public trial ruling now because Respondent urged the Supreme Court to deny certiorari on his waiver of counsel claim, in part, on the ground that Pouncy's public trial appeal was actually pending before the Sixth Circuit. The Court agrees that there is at least some unfairness in denying Pouncy an opportunity to appeal the public trial ruling now even though Respondent used the alleged pendency of that appeal against Pouncy in the Supreme Court. However, Respondent did not focus extensively on the allegedly-pending public trial appeal in her opposition to Pouncy's request Supreme Court review. Moreover, Respondent's argument that the Supreme Court should deny review for procedural reasons was also supported by Respondent's accurate statement that Pouncy has many claims still pending in this Court. For these reasons (and because, as described above, Pouncy already passed on an opportunity to appeal the public trial ruling), any unfairness to Pouncy

would not be so significant as to justify an immediate appeal of the Court's public trial ruling.

For the reasons explained above, the Court **DENIES** Pouncy's motion for entry of final judgment on his public trial claim.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: January 3, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 3, 2018, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764