LAW OFFICES OF DAVID L. MOFFITT & ASSOCIATES
THE BINGHAM CENTER
30800 TELEGRAPH ROAD SUITE 1705
BINGHAM FARMS, MICHIGAN 48025
[e] DLMOFFITTASSOC@AMERITECH.NET [web] DAVIDLMOFFITT.COM
[v] 248-644-0880 [f] 248-307-9545

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

OMAR RASHAD POUNCY,

    Petitioner,

                                Civil Action No. 2:13-cv-14695
                                The Hon. Matthew F. Leitman

v.

CARMEN D. PALMER,

    Respondent.

_____/

LAW OFFICES OF DAVID L. MOFFITT & ASSOCIATES
By: David L. Moffitt, Esq. (P30716)
Co-Attorney for Petitioner Omar Rashad Pouncy

LATHAM & WATKINS PC
By: Daniel Meron, Esq.
Co-Attorney for Petitioner Omar Rashad Pouncy

WARNER, NORCROSS & JUDD PC
By: Brian P. Lennon, Esq. (P47361)
Co-Attorney for Petitioner Omar Rashad Pouncy

_____/

## MOTION FOR WITHDRAWAL OF COUNSEL
## AND
## ORAL ARGUMENT CONDITIONALLY WAIVED

NOW COMES one Co-Counsel of record herein, LAW OFFICES OF DAVID L. MOFFITT & ASSOCIATES, by David L. Moffitt (P30716), and for its/his Motion To Withdraw As Counsel, sets forth the following:

1. That the undersigned through the Law Offices of David L. Moffitt & Associates (hereinafter "counsel") for the past 5 years or so has served as the retained sole and principal attorney of record in above-captioned matter for the Defendant-Appellant in the state courts, federal district court, and U.S. Sixth Circuit Court of Appeals, as co-counsel with John Bursch, Esq. on a Petition For Writ Of Certiorari to the U.S. Supreme Court, and is also his expressly retained civil counsel for any subsequent civil rights/wrongful conviction statutory claim or lawsuit relating thereto;

Parenthetically, counsel briefly provisionally and conditionally deemed himself as acting *pro bono publico* solely during the pendency of his co-representation with John Bursch's representation, in the event that Defendant-Appellant would not have both retained and court-appointed counsel simultaneously, possibly disqualifying eligibility for one or the other;

2. That counsel recently helped secure the participation of the above-named large and nationally renowned law firms into the case as pro-bono co-counsel on behalf of Defendant-Appellant;

3. That Counsel moves to withdraw at this time from representation of Defendant-Appellant in the above-captioned habeas case, only, not from the civil representation in the related civil rights/wrongful conviction statutory claim or lawsuit, for reason that the attorney-client relationship in the above habeas case has been compromised beyond continuation and irreparably damaged;

1

4. That significant practical differences between counsel and client have emerged that make continued representation of this particular habeas cause on behalf of client presently insuperably difficult and/or impossible, including but not limited to, for example, issues of whether to engage or not and the timing of any such engagement or not of both professional and administrative services, including those involving significant expense, where there is no agreement over the advantage or disadvantage of same to Defendant-Appellant's cause; whether counsel must contract with staff person(s) solely assigned to Defendant-Appellant personally and his perceived case needs, their proposed compensation, working hours, *etc.;* what magnitude of prison phone service charges, whether hundreds, or thousands, of dollars a month, is required, necessary, and appropriate to provide adequate communication of counsel and staff with Defendant-Appellant;

5. That significant practical differences between counsel and client have emerged that make continued representation of this particular habeas cause on behalf of client presently insuperably difficult and/or impossible, including but not limited to strategic, privileged matters counsel cannot presently disclose, but that may in part well be known to client and to co-counsel;

That significant practical differences between counsel and client have also emerged that make continued representation of this particular habeas cause on behalf of client presently insuperably difficult and/or impossible, including but not limited to the extent to which full disclosure and unanimity of strategy is required, necessary, and appropriate between client and co-counsel, and between co-counsel

6. That counsel and Defendant-Appellant now also seem to have differences, *inter alia*, regarding their business/working together activities and/or contractual arrangement(s) that

2

could potentially imperil any continued relationship in the habeas matter even untrammeled by the other obstacles;

7. That counsel has refrained from withdrawal from the habeas matter, upon which the viability of the civil rights/wrongful conviction hinges, until successfully facilitating the participation of the above mega law firms, whose expertise and resources are legendary;

Accordingly no prejudice will accrue to any party, as counsel is in place without interruption, and no delay is required to find replacement counsel of equal or greater capability;

8. That Counsel's departure should not be considered to diminish the substantive merits of Defendant's cause; counsel, for his own part, continues to emphatically believe that Defendant-Appellant was unconstitutionally and unlawfully convicted; and prays for his timely release;

9. That additionally, counsel has been constructively or expressly discharged with thanks in the matter, to wit: Counsel on 2-21-18 received a text message through a third party recently separated from the firm that [despite counsel having been observably present in the Genesee County Prosecutor's Office most of that day engaged with co-counsel in working on Defendant-Appellant's case] if counsel did not discuss the matter with Defendant-Appellant [despite communication between Defendant-Appellant and counsel and with various co-counsel that day] that very night at an advanced hour, that ["he get the picture and thank you for your services," counsel was discharged;

10. That oral argument is waived on the withdrawal issue, to avoid expense to Appellant-Defendant, and because no disagreement is likely on the withdrawal from habeas portion of the case;

3

11. That Appellant-Defendant will likely by the end of the day [2-23-18] have been collaterally informed of the pendency of this Motion and a copy of same will have been served by mail upon said Defendant-Appellant at his present Carson City CF address;

12. That counsel appeared at the scheduled 2-23-18 hearing for reason that despite having apparently been discharged with thanks counsel is not formally withdrawn pending order of this court allowing same;

WHEREFORE, Counsel in the above-captioned matter respectfully prays that this Honorable Court enter its Order discharging counsel of further involvement and responsibility for the habeas matter, permitting withdrawal of counsel *nunc pro tunc* to 2-23-18 and/or the date of filing hereof.

Respectfully Submitted,

LAW OFFICES OF DAVID L. MOFFITT
& ASSOCIATES

/s/ David L. Moffitt

By: David L. Moffitt (P30716)
Co-Counsel for Defendant-Appellant
Omar Rashad Pouncy

Dated: 2-23-18

## BRIEF IN SUPPORT

Counsel for Appellant-Defendant respectfully directs this Honorable Court's attention to applicable provisions of the ethical code and disciplinary rules for Michigan attorneys, to MCR 1985 2.117 (C)(2), and/or the Federal Rules of Civil Procedure, and pertinent provisions of the local rules of the Eastern District of Michigan.

4

WHEREFORE, Counsel in the above-captioned matter respectfully prays that this Honorable Court enter its Order discharging counsel of further involvement and responsibility for the habeas matter, permitting withdrawal of counsel *nunc pro tunc* to 2-23-18 and/or the date of filing hereof;

Respectfully Submitted,

LAW OFFICES OF DAVID L
MOFFITT & ASSOCIATES

/s/ David L. Moffitt

David L. Moffitt (P30716)
Co-Counsel for Defendant-Appellant
Omar Rashad Pouncy

## LOCAL RULE CERTIFICATION

I, David L. Moffitt, certify that this document complies with Local Rule 5.1 (a), including double spaced (except for quoted materials and footnotes); at least one inch margins on the top, sides and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 font (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

## CERTIFICATE OF SERVICE

The undersigned certifies that on 2-23-18, a copy of Motion to Withdraw as Counsel was served on the attorneys of record of all parties to the above cause, by the federal ECF e-filing

system, and to the Defendant-Appellant Omar Rashad Pouncy, by first class mail with postage prepaid thereon.

/s/ David L. Moffitt
_____