UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OMAR RASHAD POUNCY,

    Petitioner,                             Case No. 13-cv-14695
                                                    Hon. Matthew F. Leitman
v.

CARMEN D. PALMER,

    Respondent.
_____/

## ORDER (1) GRANTING IN PART PETITIONER'S MOTION TO RECONSIDER STAY OF PROCEEDINGS (ECF #244), (2) VACATING STAY OF PROCEEDINGS, AND (3) DIRECTING THE FILING OF ADDITIONAL SUBMISSIONS ON RESPONDENT'S MOTION TO DISMISS

Michigan prison officials recently uncovered what appears to be substantial evidence that Petitioner Omar Rashad Pouncy coordinated a scheme that resulted in the presentation of false testimony in these habeas proceedings. (*See* Respondent Mot. to Dismiss, ECF #238 at Pg. ID 11113-29.) That seemingly false testimony was presented at an evidentiary hearing on Pouncy's "actual innocence" claim. Pouncy has now withdrawn that claim (apparently because his alleged misconduct has rendered it untenable). (*See* Pouncy Mot. for Reconsideration, ECF #244 at Pg. ID 11429.) The considerable amount of time that the Court and the parties spent on the claim was thus a total waste – one caused solely by Pouncy. Nonetheless, Pouncy

1

now complains that the Court is not moving fast enough to deliver justice to him. (*See id*.) The irony seems entirely lost on Pouncy.

Currently before the Court is Pouncy's motion to vacate a stay of proceedings that the Court recently entered.[1] (*See id*.) For the reasons explained below, the Court **GRANTS** the motion in part and **VACATES** the stay on the terms set forth below.

The background of the stay is as follows. The Court learned of Pouncy's alleged misconduct when Respondent filed a motion to dismiss Pouncy's habeas petition. (*See* Respondent Mot. to Dismiss, ECF #238.) In that motion, Respondent described in great detail the evidence that Pouncy and others conspired to present false testimony to the Court. (*See id.* at Pg. ID 11113-29.) The Court was shocked and deeply disturbed by the evidence presented in Respondent's motion. Any reasonable person would have shared the Court's reaction. Indeed, Respondent's motion paints a picture of a gross and calculated abuse of the judicial process – as well as several potential federal crimes – possibly committed by Pouncy and his alleged co-conspirators.

The Court concluded that the appropriate course of action was to refer this matter to the United States Attorney for the Eastern District of Michigan so that it could review the circumstances described in Respondent's motion, determine

---

[1] Pouncy titled his motion a "Motion for Reconsideration of Stay of Proceedings."

whether to launch an investigation, and decide whether to seek federal criminal charges against Pouncy and others. The Court has now made that referral.

It occurred to the Court that a federal investigation into this matter could create potential conflicts of interest between Pouncy and his current counsel. It seemed logical that if an investigation was launched, the investigators would want to speak with the lawyers whom Pouncy purportedly used to present the allegedly-false testimony to the Court. The investigators would likely want to ask those lawyers to describe, among other things, their communications with Pouncy leading up to the presentation of the allegedly-false testimony. And while such attorney-client communications would normally be protected by the attorney-client privilege, there is at least some possibility here that the crime-fraud exception to the privilege would apply to the communications in question between Pouncy and his lawyers. As a result, Pouncy's lawyers could potentially end up as witnesses against him. In that event, there would seem to be a serious question about whether they could continue to represent him.

The uncertain status of Pouncy's counsel in this action persuaded the Court to stay this action. The Court announced the stay during a telephonic status conference with all counsel on June 5, 2019. The Court believed that a stay was appropriate because, among other things, there is additional work for Pouncy's lawyers to do in this case – including presenting the oral argument that they have requested and filing

3

an additional merits reply brief – but, in light of the potential conflict issues, it was not clear that they could continue to represent Pouncy. The Court thought it made sense to sort out the status of Pouncy's counsel before proceeding further with the action, so it issued the stay. The Court did not set an end date on the stay.

The Court has carefully reviewed Pouncy's motion challenging the stay, and the Court is persuaded to lift the stay on the following terms. The Court will first address and rule upon Respondent's motion to dismiss. It makes sense to decide that motion first because if the Court grants the motion to dismiss, there will be no need to reach the merits of Pouncy's remaining claims. If the Court denies the motion to dismiss, the Court will promptly convene a status conference to address whether Pouncy's attorneys may (and whether they wish to) continue to represent him in these proceedings. At the status conference (if one is held), the Court will also map out the next steps in this action, including the possible scheduling of oral argument that has been requested by Pouncy. This path forward strikes the Court as a reasonable balance between the competing considerations now facing the Court.

Pouncy has not yet filed a formal response to the motion to dismiss. In his motion for reconsideration of the stay, he argues against dismissal of his petition, but the Court wishes to give him an opportunity to file a full and formal response to the motion to dismiss. By not later than **August 10, 2019**, Pouncy shall file such a response or shall inform the Court in writing that in opposing the motion to dismiss,

4

he wishes to rely entirely on his arguments in his motion for reconsideration of the stay.² Respondent shall file a reply brief in further support of the motion to dismiss **no later than twenty-eight days** after Pouncy either files a response to the motion or informs the Court that he will be relying on the arguments in his motion for reconsideration of the stay.

Finally, the Court wishes to stress that there has not been any undue delay in the adjudication of Pouncy's claims. The case has been pending for roughly six years, but that six-year time frame, in isolation, is misleading. That time period includes a grant of habeas relief by this Court in Pouncy's favor (which was accompanied by a substantial period of release on bond), a successful appeal to the Sixth Circuit by Respondent, and a petition for a writ of certiorari by Pouncy. The Court has also signed several *stipulated* orders extending the schedule to give both sides additional time to prepare briefs and present arguments. (*See, e.g.,* ECF ## 194, 210, 229.) And, as noted above, due to Pouncy's apparent misconduct, the Court and the parties wasted a lot of time on Pouncy's actual innocence claim. Simply put, Pouncy has no basis to complain about delay.

---

² This filing may be filed by Pouncy, *pro se*, or may be filed by Pouncy's counsel if counsel determines, in their professional judgment, that they may appropriately file that particular pleading given the potential conflict issues the Court outlined above.

For all of the reasons set forth above, Pouncy's motion challenging the indefinite stay (ECF #244) is **GRANTED IN PART**. The stay is **VACATED** on the terms set forth above, and the parties are to file the written submissions described above.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: July 8, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 8, 2019, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764