UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____  )
                                 )
                                 )
OMAR RASHAD POUNCY,              )
                                 ) Case No. 2:13-cv-14695
        Petitioner,              )
                                 )
                                 )
     v.                          ) Hon. Matthew F. Leitman
                                 )
CARMEN D. PALMER,                )
                                 )
        Respondent.              )
                                 )
_____  )

**OMAR POUNCY'S REPLY TO THE STATE'S RESPONSE
TO HIS MOTION FOR A SCHEDULING ORDER WITH
<u>RESPECT TO THE STATE'S MOTION TO DISMISS</u>**

The State is asking the Court to do the following: (1) enter an indefinite stay of this habeas corpus proceeding until the federal investigation into the State's perjury allegations has concluded; (2) after the indefinite stay is lifted, allow the parties to engage in civil discovery with respect to the State's perjury allegations; and (3) after the parties have concluded discovery, hold a bench trial on the State's perjury allegations. That whole process would, in a best case scenario, take many months. Indeed, it could take *years*. Before starting down that twisted procedural path, the Court certainly should have the benefit of a brief that thoroughly addresses the question of whether dismissal of Pouncy's entire habeas complaint is a sanction

1

that is even possibly within the scope of the Court's inherent authority. It is frankly astonishing that the State wishes to deprive the Court of that benefit.

There is no Supreme Court or Sixth Circuit precedent endorsing the State's argument that this Court has the inherent authority to require Pouncy, as a penalty for providing perjured testimony in support of his assertion of actual innocence, to serve out a decades-long state prison term that the Court would otherwise have vacated as unconstitutional. The only habeas case law that the State can muster in support of its extreme legal position is (1) a 20-year-old Seventh Circuit decision, issued in a case where the petitioner proceeded *pro se*, that does not even address whether an otherwise meritorious § 2254 petition can ever be dismissed as a penalty for litigation misconduct (almost certainly because the *pro se* petitioner neglected to raise the issue), and (2) an Illinois district court case that relies on that earlier Seventh Circuit decision. The Court should not take any comfort in these two decisions. Nor should the Court take any comfort in the State's naked assurances that dismissing Pouncy's habeas complaint as a penalty for litigation misconduct—and conducting the evidentiary hearing that the State concedes would be necessary to impose that penalty—would not raise complex constitutional questions. To the extent Pouncy's pending habeas corpus claims are meritorious, as we believe they are, dismissing those claims as a judicially-imposed penalty for his alleged litigation misconduct would be the functional equivalent of sentencing Pouncy to a prison term of 35 to

55 years for that alleged misconduct. Such a scenario would create a serious *Apprendi* problem, no matter how hard the State might try to ignore it.

The State clearly hopes that its perjury allegations against Pouncy will cause this Court to be prejudiced against any future legal arguments that Pouncy's counsel at Ropes & Gray and Latham & Watkins—national law firms that are representing Pouncy pro bono—will make in support of Pouncy's pending habeas claims. That, however, is not a reason for the indefinite stay and procedural detour, not to mention the dismissal sanction, for which the State is asking. We trust that the Court can address Pouncy's pending habeas claims on their own merits, leaving it to the United States Attorney's Office to decide whether to pursue a federal perjury charge against Pouncy.[1]

---

[1] Ropes & Gray agrees with the State on one issue, which is that discovery with respect to the State's perjury allegations should be held in abeyance pending resolution of the United States Attorney's Office's investigation. Although Ropes & Gray did not author Pouncy's discovery motion, Ropes & Gray understands why Pouncy felt constrained to file such a motion—Pouncy did not wish to appear dilatory in seeking discovery, and he wanted to ensure preservation of potentially relevant evidence in the event he were forced to defend himself at an evidentiary hearing.

                                                                       Respectfully submitted,

DATED:     August 27, 2019

                                                /s/ Aaron M. Katz
Aaron M. Katz
ROPES & GRAY LLP
800 Boylston Street
Boston, MA 02199
Telephone: (617) 951-7000
Aaron.Katz@ropesgray.com


/s/ David L. Moffitt
David L. Moffitt (P30716)
DAVID L. MOFFITT & ASSOCIATES
30800 Telegraph Road, Suite 1705
Bingham Farms, MI 48025
Telephone: (248) 644-0880
dlmoffittassoc@ameritech.net

## CERTIFICATE OF SERVICE

I, Aaron M. Katz, hereby certify that on August 27, 2019, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

> David Porter
> Assistant Attorney General
> Attorney for Respondent
> Criminal Appellate Division
> P.O. Box 30217
> Lansing, MI 48909
> (517) 335-7650
> porterd@michigan.gov

Respectfully submitted,

DATED: August 27, 2019

/s/ Aaron M. Katz
Aaron M. Katz
ROPES & GRAY LLP
800 Boylston Street
Boston, MA 02199
Telephone: (617) 951-7000
Aaron.Katz@ropesgray.com