UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OMAR RASHAD POUNCY,

      Petitioner,

                                     Case No. 13-cv-14695

v.                                   Hon. Matthew F. Leitman

CARMEN D. PALMER,

      Respondent.

_____/

**ORDER STRIKING PETITIONER'S
PRO SE SUPPLEMENTAL BRIEF (ECF NO. 273)**

In this action, Petitioner Omar Rashad Pouncy seeks a writ of habeas corpus.

On May 31, 2019, Respondent moved to dismiss Pouncy's petition. (*See* Mot. to Dismiss, ECF No. 238.)

On November 22, 2019, attorney Aaron M. Katz of the law firm of Ropes & Gray LLP – one of Pouncy's many lawyers – filed a response to the motion to dismiss. (*See* Resp., ECF No. 272.) Katz's response contains a number of substantial arguments as to why the Court should not grant Respondent's motion and should not dismiss Pouncy's petition.

On the same day that Katz filed his response to the motion to dismiss, Pouncy filed his own, *pro se*, 59-page "supplemental brief" in opposition to the motion to

dismiss. (*See* Pouncy Supp. Br., ECF No. 273.) Pouncy's "supplemental brief" appears to present arguments that Katz chose not to include in his response.

Pouncy's *pro se* brief is inappropriate, not authorized, and will be stricken from the record. Indeed, "[a] habeas petitioner has neither a constitutional nor statutory right to hybrid representation." *Miller v. United States*, 561 F. App'x 485, 489 (6th Cir. 2014). *See also Jones v Bradshaw*, 326 F.Supp.2d 857 (N.D. Ohio 2004) (holding that habeas petitioner has no right to hybrid representation).

The Court will not permit Pouncy to "supplement" the record with his own briefs and arguments when he is well-represented by able counsel. Pouncy has a choice: he can be represented by counsel or he can represent himself. And if Pouncy chooses to be represented by counsel, then he must let counsel speak for him. The Court will not accept *pro se* supplemental filings by Pouncy while he remains represented by counsel. Nor will the Court accept multiple filings from different counsel on the same issue/subject matter.

Pouncy counters that his supplemental brief is authorized. He says that one of the Court's earlier orders "indicat[ed] that Mr. Pouncy could [file] a response *pro se.*" (*See* Pouncy Supp. Br. at PageID.11760, n. 1.) But Pouncy ignores the language used by the Court. The Court ordered that the response to the motion to dismiss "may be filed by Pouncy, *pro se*, **_or_** may be filed by Pouncy's counsel…." (Order, ECF No. 246, PageID.11454; emphasis added.) Simply put, the Court never granted

Pouncy permission to file a *pro se* response *in addition to* the response that his counsel filed a brief on his behalf.

Accordingly, for all of the reasons stated above, the Court **STRIKES** from the record Pouncy's *pro se* supplemental brief (ECF No. 273).

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  November 26, 2019


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 26, 2019, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764