UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OMAR RASHAD POUNCY,

    Petitioner,

v.

                                            Case No. 13-cv-14695
                                            Hon. Matthew F. Leitman

CARMEN D. PALMER,

    Respondent.
_____/

**ORDER DENYING PETITIONER'S EMERGENCY MOTION
FOR A CERTIFICATE OF APPEALABILITY (ECF No. 303)**

    Petitioner Omar Rashad Pouncy is currently serving a lengthy prison sentence for several serious crimes, including multiple counts of carjacking and armed robbery. He has a petition for a writ of habeas corpus pending in this Court, and the Court has set a final briefing schedule with respect to that petition. (*See* Order, ECF No. 293.)

    On April 13, 2020, Pouncy filed an emergency motion for bond due to the ongoing COVID-19 pandemic. (*See* Mot. for Bond, ECF No. 292.) The Court reviewed Pouncy's motion and held an on-the-record status conference with counsel on April 14, 2020. During that conference, the Court orally denied Pouncy's motion. (*See* Order, ECF No. 293.) The Court denied Pouncy bond because (1) Pouncy had not shown that, with respect to his personal situation, the COVID-19 pandemic was

1

an exceptional circumstance warranting release and (2) his previous conduct while out on bond – including attempting to visit the chambers of the state-court judge who presided over his criminal trial and incurring a new conviction for a gun offense – weighed against releasing him.

Pouncy has now filed an emergency motion for a certificate of appealability arising out of the Court's denial of his motion for bond. (*See* Mot. for Certificate of Appealability, ECF No. 303.) In that motion, Pouncy suggests that he does not need the certificate of appealability and that he can take an appeal as a matter of "right." (*Id.*, PageID.12398.) Nonetheless, he asks the Court for such a certificate. For the reasons stated below, the motion is **DENIED**.

A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[1] When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Pouncy has not made the required showing here.

---

[1] It is not clear to the Court whether Pouncy comes within the parameters of Section 2253. His underlying motion for bond did not expressly raise a constitutional claim. Instead, the motion said only that the Court had "inherent authority" to grant bond and that the Court should exercise its "discretion" to release Pouncy "in the interests of justice." (Mot. for Bond, ECF No. 292, PageID.12225, 12227.)

2

The legal standard that the Court applied in the underlying motion for bond was as follows:

> This Court has "inherent authority" to grant bond to a habeas petitioner while his petition is under review. *Nash v. Eberlin,* 437 F.3d 519, 526, n. 10 (6th Cir. 2006). But that authority is narrow. "Since a habeas petitioner is appealing a presumptively valid state court conviction, both principles of comity and common sense dictate that it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case." *Lee v. Jabe,* 989 F.2d 869, 871 (6th Cir. 1993). "In order to receive bail pending a decision on the merits, prisoners must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of 'some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice." *Dotson v. Clark,* 900 F.2d 77, 79 (6th Cir. 1990) (quoting *Aronson v. May,* 85 S.Ct. 3, 5, 13, 13 L.Ed.2d 6 (1964) (Douglas, J., in chambers)). Simply put, "[m]erely to find that there is a substantial question is far from enough." *Lee,* 989 F.2d at 871 (quoting *Glynn v. Donnelly,* 470 F.2d 95, 98 (1st Cir. 1972)).
>
> Neither the United States Supreme Court nor the United States Court of Appeals for the Sixth Circuit has provided definitive guidance for determining whether a petitioner's "circumstances" are so "exceptional" as to justify release pending review of his habeas claims. Unpublished decisions from this Court suggest that "exceptional circumstances" warranting release during review "have been limited to situations where (1) the prisoner was gravely ill, (2) the prisoner committed a minor crime and is serving a short sentence, or (3) possibly where there was an extraordinary delay in processing the habeas petition." *Scheidler v. Berghuis,* 07–cv–01346, 2008 WL 161899 (E.D.Mich. 2008) (citations omitted); *see also Milstead v. Sherry,* 07–cv–15332, 2009 WL 728540

3

> (E.D.Mich. 2009) (citation omitted). This much is clear: federal courts very rarely find "exceptional circumstances" and very rarely release petitioners before ruling on the merits of their claims. Indeed, there seem to be but a handful of decisions in which federal courts have released petitioners pending review of their claims.

*Blocksom v. Klee*, 2015 WL 300261, at *4 (E.D. Mich. Jan. 22, 2015).

No reasonable jurist would debate the Court's conclusion that Pouncy did not make this required showing of exceptional circumstances. The Court shares Pouncy's concern about the threat of the COVID-19 pandemic – especially among the prison population. But Pouncy has not made any specific showing that he is at any increased risk due to the pandemic. For instance, Pouncy has not provided the Court any medical records that could establish that he suffers from obesity, asthma, hypertension, or any other medical condition that would make him especially vulnerable to serious complications were he to become infected with the virus.

Nor has Pouncy shown that he is incarcerated at a facility that would subject him to an unacceptable increased risk of contracting the virus. The Bellamy Creek Correctional Facility, where Pouncy is currently incarcerated, does not appear to be a facility where the virus is posing an excessive or inordinate risk to inmates. According to the Michigan Department of Corrections (the "MDOC"), as of May 14, 2020, only one inmate at the Bellamy Creek facility has contracted the virus and no staff members have been diagnosed with the virus. *See* https://medium.com/@MichiganDOC/mdoc-takes-steps-to-prevent-spread-of-

coronavirus-covid-19-250f43144337/. In addition, the MDOC has taken several recent steps to mitigate and prevent the spread of the virus within its facilities. *See id*. These efforts include producing masks for both prisoners and staff, using bleach during facility cleanings, increasing prisoner access to soap, modifying prisoner movement to decrease interaction between prison populations, introducing social distancing during meals and recreational activities, suspending in person visits at prison facilities, and instituting a detailed protocol for testing and caring for inmates who show symptoms and/or are diagnosed with the virus. *See id.* Of course, these procedures will not be able to prevent every case of COVID-19 within MDOC facilities, but the MDOC has undertaken meaningful increased efforts to combat COVID-19.

In other contexts – namely whether to grant compassionate release to federal inmates under 18 U.S.C. § 3582(c)(1)(A) or to grant pretrial release to federal pretrial detainees under 18 U.S.C. § 3142(i) – federal district courts have repeatedly concluded that "extraordinary" and/or "compelling" circumstances warranting release do not exist where an inmate without underlying health issues is housed in a correctional institution that has relatively few cases of COVID-19. *See, e.g., United States v. Johnson*, 2020 WL 2124461, at *2 (E.D.N.Y. May 5, 2020) (denying compassionate release where defendant "presented [district court] with no basis on which [it could] conclude that his particular risk is exceptional. He is relatively

5

young and his health conditions are not known to be pre-existing conditions that would place him at a heightened risk of suffering complications from COVID-19"); *United States v. Eberhart*, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) (denying compassionate release based on COVID-19 pandemic where "defendant [did] not assert that he is suffering from a [sufficient] medical condition" that justified release); *United States v. Veras*, 2020 WL 1675975, at ** 2-3 (M.D. Pa. Apr. 6, 2020) (denying pretrial release from custody where defendant "specifie[d] no particular, individualized reason for release, such that he suffer[ed] from a serious health condition which place[ed] him at higher risk for contracting the COVID-19 virus" and where only "one correctional officer at the Lackawanna County Prison tested positive for the virus"). Those decisions, while not controlling and not involving the identical issue presented here, are instructive, and they help to confirm that Pouncy's circumstances are not exceptional.

Finally, Pouncy's past behavior while out on bond is another reason jurists would not find the Court's denial of Pouncy's motion for bond debatable or wrong. As noted above, when the Court previously released Pouncy on bond, Pouncy was convicted of a new gun-related offense and attempted to visit the chambers of the state court judge that oversaw his criminal trial. Pouncy's previous refusal and inability to comply with his conditions of release – including one of the most

6

fundamental conditions of release: do not commit additional crimes – weighs against a finding of exceptional circumstances that would entitle him to release here.

Under all of these circumstances, no reasonable jurist would debate the Court's denial of Pouncy's motion for bond. The Court therefore **DENIES** Pouncy's emergency motion for a certificate of appealability.

**IT IS SO ORDERED**.

Dated: May 15, 2020

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 15, 2020, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764

7