UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OMAR RASHAD POUNCY,

       Petitioner,

                                Case No. 13-cv-14695

v.                               Hon. Matthew F. Leitman

CARMEN D. PALMER,

       Respondent.

_____/

## ORDER DENYING PETITIONER'S EMERGENCY MOTION TO STAY REMAINDER OF SENTENCE (ECF No. 302)

Petitioner Omar Rashad Pouncy is currently serving a lengthy prison sentence for several serious crimes, including multiple counts of carjacking and armed robbery. He has a petition for a writ of habeas corpus pending in this Court (the "Petition"). (*See* Pet., ECF No. 1.) In the Petition, Pouncy claims, among other things, that he received ineffective assistance of counsel related to a possible plea bargain and that he is entitled to relief under *Lafler v. Cooper*, 566 U.S. 156 (2012) (the "*Lafler* Claim").

During an on the record status conference with counsel on April 14, 2020, the Court set a final briefing schedule with respect to all of the remaining claims in the Petition, including the *Lafler* Claim. That schedule, which the Court memorialized in a written order, calls for the completion of final briefing by June 15, 2020. (*See*

1

Order, ECF No. 293.)   During the status conference, Pouncy's counsel agreed to the Court's proposed schedule, and the Court pledged to hold a hearing on the remaining claims as soon as reasonably possible after the completion of final briefing.

Despite this agreed-upon plan, Pouncy has filed an "Emergency Motion to Stay the Remainder of Sentence" (the "Stay Motion") (*See* Stay Mot., ECF No. 302.) In the Stay Motion, Pouncy argues that (1) he is entitled to immediate relief on his *Lafler* Claim and (2) the Court should immediately release him from custody. (*See id*.)   For the reasons explained below, the Court **DENIES** the Stay Motion and will address the *Lafler* Claim when it takes up the rest of the claims in the Petition.

First, Pouncy filed the Stay Motion in violation of an order of this Court.  On November 26, 2019, this Court entered an order in which it stated that it would "not accept multiple filings from different counsel on the same issue/subject matter." (Order, ECF No. 274, PageID.11914.[1])   The Stay Motion is just such a filing: it largely duplicates an earlier filing on Pouncy's behalf by a different attorney.   On May 11, 2020, attorney Aaron Katz filed Pouncy's final brief in support of the Petition. (*See* ECF No. 300.)   In that brief, Katz presented substantial argument concerning the *Lafler* Claim and specifically requested, as relief for that claim, that

---

[1] The prohibition on such filings was needed to bring some order to these proceedings.  Pouncy has been represented by more than *eleven* different attorneys in this action (*see* Docket), and, at times, the various attorneys have either taken different positions on the same issue or have submitted two separate filings on the same issue.

the Court immediately order Pouncy's release from custody. (*See id.*, PageID.12305-12314.)  One of Pouncy's other attorneys, David Moffitt, filed the Stay Motion on May 14, 2020. (*See* Stay Mot., ECF No. 302.)  The motion again argues the *Lafler* Claim and seeks the same relief on that claim that Katz sought. (*See id.*)  The motion thus plainly violates this Court's order against duplicative filings by different attorneys, and it is properly denied on that basis alone.

Second, the filing of the motion was contrary to the agreement that the Court reached with counsel just one month earlier.  As noted above, on April 14, 2020, the Court held an on the record status conference with counsel to discuss a plan for moving forward and brining this action to a close.  The Court suggested that the most efficient way to proceed would be to have counsel for both parties submit a final round of briefing that crisply and efficiently presented argument on the remaining claims.  On behalf of Pouncy, Katz agreed that the Court's proposal was a good idea and that it made sense to proceed as the Court suggested.  Despite Katz's agreement with the Court's proposed path forward, Moffitt filed the Stay Motion and thereby effectively asked the Court to take the proceedings in a different direction.  The Stay Motion suggests that instead of addressing all of Pouncy's claims in a single hearing with a single comprehensive round of briefing (as Katz agreed), the Court should adopt a piecemeal approach and separately take up the *Lafler* Claim.  The Court declines to deviate from the path forward to which Katz agreed.  As explained below,

that path makes the most sense, and Katz acted entirely reasonably when he agreed to it.

Third, for docket efficiency reasons, the Court will adhere to the agreed-upon path forward of reviewing all of Pouncy's remaining claims at once in the context of the final round of briefing and will not take time now to focus exclusively upon the *Lafler* Claim. The most efficient path forward is for the Court to resolve all of Pouncy's claims at once. Addressing only the *Lafler* Claim in the context of the Stay Motion would result in one of two inefficiencies. If the Court ruled in favor of Pouncy on that claim now and granted the Stay Motion, that would create a real risk of multiple appeals and further disjointed proceedings on remand. That is exactly what happened earlier in this case when the Court granted relief on one of Pouncy's claims without reaching the remainder of the claims. (*See* Op. and Order Granting Habeas Relief, ECF No. 74; Judgment in favor of Pouncy, ECF No. 75.) The Sixth Circuit reversed that grant of relief, *see Pouncy v. Palmer*, 846 F.3d 144 (6th Cir. 2017), and that resulted in a substantial round of proceedings on remand and will result in another appeal by whichever party loses now. The Court will avoid a repeat of that inefficiency by ruling upon all of the claims at once. In contrast, if the Court ruled against Pouncy on the *Lafler* Claim now and denied the Stay Motion, the Court would then have to take up the remainder of the claims in the Petition at a later date. That means that the Court would have to get up to speed on the facts and background

4

of the case a second time, and that would create an inefficiency. For all of these reasons, the most efficient path forward is to take up all of the claims at once in the context of the final round of briefing.

The Court appreciates and respects Pouncy's desire for a prompt resolution of his claims. The Court has committed to working diligently to schedule and hold a hearing on the remaining claims once final briefing is complete.[2] Following the hearing, the Court will work hard to issue its decision as promptly as reasonably possible.

Finally, the Court must say a word about the length of proceedings in this case. Pouncy repeatedly highlights that the case is six years-old. That is true. But standing alone, that six-year figure may be misleading. The Petition has not been sitting around in some dusty corner of the Court's chambers without attention for six years. On the contrary, several years ago, the Court granted habeas relief to Pouncy and freed him on bond. Following that ruling, Respondent appealed to the Sixth

---

[2] If Pouncy pursues an appeal of this order and/or pursues an appeal of the Court's earlier order denying his motion for release pending appeal (*see* Order, ECF No. 293), the Court will make a modest extension to the briefing schedule. The Court will do so in order to give Respondent's counsel sufficient time to complete the final briefing here. Without such an extension, Respondent's counsel would face undue pressure to submit his substantial final brief here while also preparing substantial submissions to the Sixth Circuit. It is not reasonable to impose that pressure on Respondent's counsel under the current circumstances in which we are all forced to work from home due to the COVID-19 pandemic without usual access to support staff, files, and other necessary resources.

Circuit (which, as noted above, reversed), and Pouncy sought further review in the Supreme Court. Those appellate proceeding account for some portion of the six years. Moreover, a not-insubstantial portion of the six years was spent on proceedings related to Pouncy's claim of actual innocence. The Court held an evidentiary hearing on that claim and then allowed time for a round of follow-up briefing. With the actual innocence claim pending, Respondent discovered and presented to the Court substantial evidence that Pouncy had conspired with a witness to present false testimony in support of the claim. (*See* Mot. to Dismiss, ECF No. 238.) At that point, the Court had to pause the proceedings to determine, among other things, whether Pouncy's prior counsel could remain in the case (when he had allegedly used them, without their knowledge, to present false testimony) and whether Pouncy's alleged misconduct warranted dismissal of the Petition. Pouncy, alone, is responsible for these delays. And Pouncy has changed and/or added lawyers multiple times, and those changes, too, have added to the delays in at least some respects. For all of these reasons (and others), the age of this case does not warrant immediate consideration of the *Lafler* Claim in the context of the Stay Motion.

Accordingly, for all of the reasons stated above, Pouncy's motion to stay his sentence (ECF No. 302) is **DENIED**. The Court will consider the merits of the

*Lafler* Claim when it considers the rest of Pouncy's remaining claims in the context

of the final round of briefing.

      **IT IS SO ORDERED**.

                                   s/Matthew F. Leitman
                                   MATTHEW F. LEITMAN
Dated:  June 1, 2020            UNITED STATES DISTRICT JUDGE

      I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 1, 2020, by electronic means and/or ordinary mail.

                                   s/Holly A. Monda
                                   Case Manager
                                   (810) 341-9764