UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OMAR RASHAD POUNCY,

    Petitioner,

v.

Case No. 13-cv-14695
Hon. Matthew F. Leitman

CARMEN D. PALMER,

    Respondent.

_____/

## ORDER ON PENDING MOTIONS

On July 22, 2020, the Court held an on-the-record status conference in this action to discuss several filings by David Moffitt, one of the attorneys for Petitioner Omar Rashad Pouncy.

With respect to the motion to permit Pouncy to appear via video during the upcoming July 30, 2020, hearing (*see* Mot., ECF No. 332), for the reasons stated on the record during the status conference, the motion is **GRANTED IN PART AND DENIED IN PART**. Pouncy shall be allowed to view and listen to the hearing contemptuously. The motion is **DENIED** in all other respects, including Pouncy's request to be able to communicate with his counsel during the hearing.

With respect to the motion for reconsideration of the Court's 2015 decision denying Pouncy's motion for summary judgment on his public trial claim (*see* Mot., ECF No. 330), the motion is **DENIED**. For all of the reasons stated on the record

1

during the status conference, the Court concludes that there was no good-faith basis to file that motion. In the motion, Pouncy argues that the Court erred when it (1) applied AEDPA deference to the 2008 Michigan Court of Appeals' decision denying his public trial claim and (2) failed to review the public trial claim *de novo*. (*See id.*, PageID.12689-12690.) Those contentions are directly contrary to Pouncy's previous arguments to this Court. Indeed, he specifically told the Court that it *should* apply AEDPA deference to the 2008 Michigan Court of Appeals' decision denying his public trial claim. (*See* 6/17/2015 Hr'g Tr., ECF No. 57, PageID. 6307.[1]) And he previously argued that his public trial claim was subject to review under AEDPA's strictures and standards. (*See, e.g.*, Mot. for Summ. J., ECF No. 33, PageID.5947-5948, in which Pouncy applied AEDPA's standards to his public trial

---

[1] At that hearing, the Court had the following colloquy with Pouncy's counsel Mr. Moffitt:

> THE COURT: What the Michigan Court of Appeals said on this issue is Pouncy raised in his supplemental or pro se brief, they reviewed it. It lacks merit. So the first thing is, you would agree with me that the Michigan Court of Appeals addressed the merits of Mr. Pouncey's public trial claim?
>
> MR. MOFFITT: Absolutely, Your Honor.
>
> THE COURT: So you'd agree with me that their denial of that claim receives deference.
>
> MR. MOFFITT: Yes, Your Honor.

2

claim; and Mot. for Reconsideration, ECF No. 60, PageID.6432-6433, in which Pouncy argued that, since his public trial claim was subject to AEDPA, the Court could not consider decisions from the circuit courts of appeals). Those arguments cannot be reconciled with his current argument that the claim is not subject to review under AEDPA and that Court should have reviewed the claim *de novo*. More importantly, Pouncy cannot show that the Court committed a "palpable" error when it applied the AEDPA standard that he asked the Court to apply. E.D. Mich. Local Rule 7.1(h)(3). The Court therefore **DENIES** the motion for reconsideration.

The two other recent filings by Moffitt – a motion to enforce judicial admissions (*see* Mot., ECF No. 331) and a motion to preclude reliance on certain documents (*see* Mot., ECF No. 339) – are likewise improper, and the Court therefore **TERMINATES** those motions. For the reasons explained on the record, these filings violate the Court's prior order prohibiting duplicative filings by Pouncy's attorneys. (*See* Order, ECF No. 274.) These filings are in the nature of a reply to Respondent's most recent supplemental brief, and Aaron Katz, another of Pouncy's attorneys, has already filed a comprehensive reply to that brief. (*See* Resp., ECF No. 335.)

Finally, as further explained on the record, Pouncy's 238-page *pro per* reply brief (*see Pro Per* Reply, ECF No. 336) likewise violates the prior order of this Court prohibiting Pouncy from filing his own pleadings and briefs because he is

3

represented by counsel – exceptionally competent counsel. (*See* Order, ECF No. 274, PageID.11914.)  As noted above, attorney Katz has filed a comprehensive reply to Respondent's final brief, and the Court shall look to Katz's reply – and solely to that reply – for Pouncy's reply arguments.

Accordingly, for the reasons stated above, and the reasons stated on the record during the status conference, the Court will exclude from consideration Pouncy's motions (ECF Nos. 330, 331, and 339) and his *pro per* reply brief (ECF No. 336). Respondent need not file a response to any of those motions nor will the Court require Respondent to address any of the arguments in the motions or in Pouncy's *pro per* reply.

**IT IS SO ORDERED**.

Dated:  July 23, 2020

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 23, 2020, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764