UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OMAR RASHAD POUNCY,

    Petitioner,

v.

                                      Case No. 13-cv-14695
                                      Hon. Matthew F. Leitman

CARMEN D. PALMER,

    Respondent.

_____/

**<u>ORDER DENYING MOTION FOR CLARIFICATION OR
MODIFICATION OF RESPONSE SCHEDULE (ECF NO. 353)</u>**

    Now before the Court is Petitioner Omar Pouncy's Motion for Clarification or Modification of Response Schedule (ECF No. 353).  For the reasons explained below, the motion is DENIED.

    Omar Pouncy's habeas petition in this action asserts numerous claims for relief.  In one of those claims, he alleges that the state trial court violated his right to a public trial when it excluded members of the public from voir dire at his criminal trial.  The Court entered an order denying relief on that claim on July 20, 2015 (*see* ECF No. 58) and a second order denying a motion for reconsideration on August 15, 2020 (*see* ECF No. 61).

    More than five years after the Court denied relief on the public trial claim, Pouncy filed a second motion for reconsideration of the denial (*see* ECF No.

1

330). The Court denied that motion for procedural reasons, and Pouncy then refiled it (*see* ECF No. 353).

After Pouncy filed his most recent motion for reconsideration of the public trial claim (ECF No. 353), the Court carefully reviewed the motion and the legal authorities cited in the motion. The Court had questions about the arguments made in the motion, and the Court convened an on-the-record status conference to discuss its questions with Pouncy's counsel. During the conference, Pouncy's counsel acknowledged that the Court's questions were fair ones. The Court offered Pouncy's counsel an opportunity to file a supplemental memorandum addressing the Court's questions, and counsel accepted that offer. On September 28, 2020 – more than five weeks later – Pouncy's counsel filed a memorandum in which he addressed, among other things, the Court's questions concerning the arguments in the motion for reconsideration of the public trial claim (*see* ECF No. 349). That same day, the Court reviewed Pouncy's memorandum and decided that Pouncy's arguments in support of reconsideration warrant further review. The Court ordered Respondent to respond to the motion for reconsideration (*see* ECF No. 350). And the Court gave Respondent until November 6, 2020 – roughly five weeks later – to file the response (*see id*).

Pouncy has now filed a Motion for Clarification or Modification of Response Schedule (ECF No. 353). In the motion, he questions whether the Court mistakenly

set the response date for early November rather than early October. In the alternative, he argues that if the Court intentionally set the response date for early November, the Court should reconsider that date and move it up to early October.

The Court did not mistakenly set the response date for November. The Court set the November response date based upon a number of factors, including, but not limited to, its assessment of (1) the amount of time that Respondent needs to craft a careful response to the motion and (2) when the Court would be able to review and decide the motion.

The Court declines to reconsider or change the response date. First, the date is fair and reasonable. Pouncy had five years to develop the motion for reconsideration and then took five weeks to prepare and file a supplemental memorandum addressing the Court's questions concerning the arguments raised in the motion. Giving Respondent roughly five weeks to carefully review Pouncy's arguments, conduct appropriate research, and then prepare and file a response is equitable and appropriate.

Second, advancing the response date would not meaningfully speed up a ruling on the motion. The Court currently has substantial work on this very case that it must complete before turning to the motion. The Court recently heard argument on, and began its final review of, Pouncy's five remaining habeas claims. The briefing and supplemental briefing on these claims spans hundreds of pages and cites

to scores of cases. The review of the issues and drafting of a decision are consuming a substantial amount of the Court's time – and will continue to do so for quite a while. The Court also has substantial time-sensitive work on other cases, including numerous motions for compassionate release filed by federal prisoners based upon the COVID-19 pandemic. The Court could not turn to Pouncy's motion for reconsideration in early October even if Respondent filed a response at that time. Thus, moving the response date to that time will not meaningfully expedite a decision on the motion.

The Court appreciates and respects Pouncy's desire for prompt resolution of his claims. But under the present circumstances, there is good cause to set November 6th as the date for Respondent to respond to the motion for reconsideration. In the meantime, the Court will continue to work diligently in its review of Pouncy's remaining claims and to move toward issuing a final decision on the claims. And the Court will turn to the motion for reconsideration as soon as reasonably possible after Respondent files a response to the motion.

For all of these reasons, Pouncy's Motion for Clarification or Modification of Response Schedule is DENIED.

**IT IS SO ORDERED**.

Dated: October 5, 2020

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 5, 2020, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764

5