UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OMAR RASHAD POUNCY,

      Petitioner,                      Case No. 13-cv-14695
                                            Hon. Matthew F. Leitman
v.

MATT MACAULEY,

      Respondent.
_____/

## ORDER SETTING BRIEFING SCHEDULE

On June 28, 2021, this Court issued a 140-page Opinion and Order resolving the final remaining claims in Petitioner Omar Rashad Pouncy's Petition for a Writ of Habeas Corpus (the "Opinion and Order"). (*See* Op. and Order, ECF No. 401.) In the Opinion and Order, the Court granted a conditional writ of habeas corpus on Pouncy's claim that he was denied the effective assistance of counsel in connection with the plea-bargaining process, and the Court denied relief on the remainder of Pouncy's claims.

Pouncy has now filed a Motion for Reconsideration (*see* Mot., ECF No. 404), a Supplemental Motion for Reconsideration (*see* Supp. Mot., ECF No. 406), and a Second Supplemental Motion for Reconsideration (*see* Sec. Supp. Mot., ECF No. 407). He has also filed a Motion to Stay Remainder of Sentence (*see* Mot., ECF No. 413) and a Motion for Clarification (*see* Mot., ECF No. 414).  In addition,

1

Respondent has indicated that he intends to move for a stay pending appeal of the portion of the Court's order granting relief to Pouncy.

On September 21, 2022, the Court held an on-the-record video status conference with counsel to discuss a path forward for addressing Pouncy's pending motions and Respondent's to-be-filed motion for a stay. For the reasons explained on the record (and as agreed-to by counsel on the record) during the video status conference, IT IS HEREBY ORDERED as follows:

1. Respondent shall file his motion for a stay pending appeal by not later than October 13, 2021, and Pouncy shall respond to the motion by not later than October 27, 2021. The portion of the Opinion and Order granting habeas relief to Pouncy is STAYED until the Court issues a written ruling on Respondent's motion for stay pending appeal. The stay granted herein is temporary in nature and is being entered for the administrative reasons explained on the record on September 21, 2021.

2. By not later than October 27, 2021, Respondent shall file responses to all of the pending motions by Pouncy identified above. With respect to the three motions for reconsideration, Respondent need not respond to every argument presented by Pouncy in those motions. Instead, with respect to those three motions, Respondent shall respond to the following arguments by Pouncy:

- Pouncy's argument that in *Glass v. Pineda*, 635 F. App'x 207 (6th Cir. 2015), the Sixth Circuit held that it was clearly established that a trial court must advise a defendant of the range of allowable punishments before accepting a waiver of the right to counsel. (*See* Supp. Mot., ECF No. 406, PageID.14512-14514.) Respondent should address, among other things, whether, in light of *Glass*, this Court must reconsider its denial of Pouncy's claim that his waiver of the right to counsel was not valid.

- Pouncy's argument that Respondent is bound by counsel's statement on the record that the decision in *Iowa v. Tovar*, 541 U.S. 77 (2004), clearly establishes that a defendant must be advised of the range of allowable punishments when waiving the right to counsel. (*See* Supp. Mot., ECF No. 406, PageID.14516-14522.) Respondent should address whether he is bound by counsel's statement and whether this Court was free to conduct its own analysis of what *Tovar* clearly establishes notwithstanding counsel's statement. In addition, Respondent shall address the impact, if any, of Respondent's written contention – made after the oral representation cited by Pouncy – that "no Supreme Court precedent requires the trial court to inform a defendant of 'the range of allowable punishments' in the self-representation setting." (Respondent Br., ECF No. 239, PageID.11370.)

- Pouncy's argument that the remedy ordered by the Court cannot be reconciled with the Sixth Circuit's decision in *Byrd v. Skipper*, 940 F.3d 248 (6th Cir. 2019). (*See* Supp. Mot., ECF No. 406, PageID.14522-14527.)

- Pouncy's argument that he has shown that the prosecution knew about Wayne Grimes' arrest during his trial. (*See* Supp. Mot., ECF No. 406, PageID.14536-14539.) Respondent should address whether there is any evidence that the LIEN "run" identified by Pouncy indicated that Grimes had been arrested. In addition, Respondent should address Pouncy's contention that the prosecution must have known about Grimes' arrest because the trial judge ordered the prosecution to provide Pouncy with Grimes' criminal record as reflected

in the LEIN. Finally, Respondent should address Pouncy's contention that the prosecution must have known about (or, as a matter of law, is deemed to have known about) Grimes' arrest by virtue of the Genesee County Prosecutor's Office's participation in Grimes' earlier prosecution arising out of Grimes' criminal conduct in Clio, Michigan.

- Pouncy's argument that the Court erred when it held that Pouncy was required to exhaust his *Brady* claim related to Willie Joyce. (*See* Sec. Supp. Mot., ECF No. 407, PageID.14602.)

Respondent may include his responses to the issues identified above in a single, consolidated response that will serve as his response to all of Pouncy's motions for reconsideration. Respondent shall separately respond to Pouncy's other two pending motions.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: September 22, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 22, 2021, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764