UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OMAR RASHAD POUNCY,

    Petitioner,

v.

MATT MACAULEY,

    Respondent.
_____/

Case No. 13-cv-14695
Hon. Matthew F. Leitman

**ORDER (1) GRANTING RESPONDENT'S MOTION FOR A STAY PENDING APPEAL (ECF No. 427), (2) DENYING PETITIONER'S MOTION TO STAY THE REMAINDER OF HIS SENTENCE (ECF No. 413), AND (3) DENYING PETITIONER'S MOTION FOR CLARIFICATION AND/OR MODIFICATION OF THE TERMS OF THE CONDITIONAL WRIT (ECF No. 414)**

On June 28, 2021, this Court issued an Opinion and Order resolving the final remaining claims in Petitioner Omar Rashad Pouncy's Petition for a Writ of Habeas Corpus (the "Opinion and Order"). (*See* Op. and Order, ECF No. 401.) In the Opinion and Order, the Court (1) granted relief on Pouncy's claim that he received ineffective assistance of counsel during his state-court plea process and (2) denied relief on the rest of the claims that were pending at that time. The Court assumes that the reader of this Order has reviewed, and is familiar with, the Opinion and Order.

1

Now pending before the Court are three motions: (1) Respondent's Motion for a Stay Pending Appeal (ECF No. 427), (2) Pouncy's Motion for Stay of Remainder of Sentence (ECF No. 413), and (3) Pouncy's Motion for Clarification and/or Modification of the Terms of the Conditional Writ (ECF No. 414).

For the reasons explained below, the Court **GRANTS** Respondent's motion and **STAYS** the grant of habeas relief and **DENIES** Pouncy's motions.

# I

All three of the currently-pending motions address the portion of the Opinion and Order granting relief on Pouncy's claim of ineffective assistance in connection with the plea process. (*See* Op. and Order, ECF No. 401, PageID.14401-14430.) The Court begins with a very brief summary of that aspect of its ruling.

In the component of the Opinion and Order at issue, the Court concluded, among other things, that Pouncy's trial counsel provided constitutionally deficient performance by failing to inform Pouncy that a sentencing guidelines calculation that was placed on the record – and which turned out to be far too low – was an estimate that was subject to change after trial. (*See id.*) The Court further concluded that Pouncy had demonstrated prejudice from his counsel's deficient performance. More specifically, the Court found that if Pouncy's counsel had provided effective assistance during the plea process, then (1) the prosecution would have made what is known as a *Killebrew* plea offer that called for a minimum sentence that fell within

2

a guidelines range of 135-225 months in custody[1], (2) Pouncy would have accepted that offer, and (3) the state trial court would have sentenced Pouncy consistent with the terms of that offer – *i.e.*, it would have imposed a minimum sentence of between 135-255 months. (*See id.*, PageID.14422-14423.)

As a remedy, the Court ordered the prosecution to make the *Killebrew* plea offer that it would have made but for trial counsel's ineffectiveness. (*See id.*, PageID.14431-14433.) The Court required the prosecution to present this re-offer within 60 days, gave Pouncy 30 days to decide whether to accept the offer, and then gave the prosecution 60 days from Pouncy's acceptance to "petition the state trial court (1) to re-open the state court criminal case against Pouncy, (2) to vacate Pouncy's convictions, and (3) to accept the parties' plea agreement and to impose sentence consistent with that agreement."[2] (*Id.*, PageID.14432.)

---

[1] Criminal sentences in Michigan include both a minimum term (at the completion of which the defendant becomes eligible for parole) and a maximum term. (*See generally* Opinion and Order, ECF No. 401, PageID.14403.) The sentencing guidelines range under Michigan law applies only to the minimum term of a defendant's sentence; the minimum must generally fall within the guidelines range. (*See id.*) The maximum is generally set by statute. (*See id.*)

[2] On August 9, 2021, the Court administratively and temporarily stayed the grant of relief so that the parties could attempt to reach a negotiated resolution of the case. (*See* Order, ECF No. 417.) Those efforts have come to a close, and the Court must now decide whether the stay the grant of relief during the appeal process.

## II

### A

The Court first addresses Respondent's Motion for a Stay Pending Appeal. In *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987), the Supreme Court directed district courts to apply the following factors in determining whether to grant such a motion: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." As described below, in this case, the balance of these factors weighs in favor of staying this Court's grant of habeas relief.

### B

As an initial matter, Respondent has not shown that he has a strong likelihood of success on appeal, but he has "demonstrate[d] a substantial case on the merits." *Id.* at 778. That showing is enough to warrant a stay where, as here (and as described below in Sections (II)(C)-(E)), the remaining *Hilton* factors also weigh in favor of a stay. *See id.*

Respondent contends that this Court erred when it found that Pouncy's counsel rendered deficient performance during the plea process. Respondent's argument on the deficient performance issue is as follows:

4

> To begin, this Court erred in finding that Pouncy's trial attorney – Michael Breczinski – performed deficiently. In so finding, this Court focused almost entirely on the state sentencing guidelines and stated that, even if Breczinski's pre-trial calculation of the potential guidelines was reasonable, "counsel acted unreasonably in failing to advise Pouncy that (1) the calculation was an estimate that rested on some key and questionable assumptions and (2) Pouncy's guidelines range could ultimately be determined to be much higher than the estimate." (Op. & Ord., ECF No. 410, PageID.14413, n. 14). Generally, an inaccurate guideline-range predication by trial counsel will not meet the requirement of deficient performance under Strickland. *See Thomas v. United States*, 27 F.3d 321, 325–26 (8th Cir. 1994), and cases cited therein. In an attempt to distinguish Pouncy's case from *Thomas* and others, this Court found that it was not counsel's failure to properly estimate the guidelines that serve as the basis for its finding that counsel performed deficiently, but rather that Breczinski never told Pouncy that the scoring of the guidelines discussed just before trial began was just an estimate or a predication and could change prior to sentencing. But this Court has it backwards. There is no credible contemporaneous evidence that indicates that anyone – most importantly Breczinski – actually said that there was no chance that the guidelines range would change before his sentencing. In other words, while the record does not specifically reveal that Pouncy was advised that the guidelines discussed prior to trial might change before sentencing, it also does not reveal that Pouncy was told by Breczinski that these in fact would be the final guidelines used at sentencing.

(Respondent's Mot., ECF No. 427, PageID.14721-14722.)

This is a serious argument, but it fails to account for the circumstances under which the sentencing guidelines calculation was communicated to Pouncy. Pouncy was first told of the guidelines calculation on the same morning that he rejected the

5

prosecution's plea offer. (*See* 1/24/06 Trial Tr., ECF No. 8-7, PageID.473.) That morning, the prosecutor and Pouncy's trial attorney announced on the record that (1) they had "sat down *together*" to determine the guidelines range and (2) they *jointly* concluded that Pouncy's guidelines range (*i.e.*, the range within which his minimum sentence would fall), if convicted at trial, would be 135-337 months in custody. (*Id.*, PageID.474-475; emphasis added.) The trial judge then explained the significance of that calculation to Pouncy. In the judge's words: "just so you know Mr. Pouncy *what [the guidelines calculation] means* is is [sic] that if you were convicted of all of the offenses and if you were a habitual offender third and you came in front of me for sentencing, *the guidelines say that* I should give you a sentence somewhere between" 135-337 months. (*Id.*, PageID.476; emphasis added.) The judge next asked the lawyers for the guidelines range under the plea offer, and they informed the judge that that range was 135-225 months. (*See id.*) The judge then acknowledged that he "really" could "see why [Pouncy] might want to go to trial. There's not much difference in terms of the guidelines between the offer and the original charges it sounds like to me." (*Id.*, PageID.477.)

    This colloquy between the attorneys and the trial judge reasonably led Pouncy to conclude that the guidelines calculation that was placed on the record was the final calculation that would apply to his case in the event that he was convicted at trial of all of the charges. (*See* 1/8/2021 Evid. Hr'g Tr., ECF No. 371, PageID.13673.)

6

Indeed, Pouncy heard that his trial counsel and the prosecutor agreed upon the calculation, and he heard the judge say that the calculation represented the range that would apply if he was convicted. Under these circumstances, Pouncy had no reason to believe that anyone would revisit (or seek to challenge) the guidelines calculations if he was convicted, and he had every reason to conclude that the judge would do just what he said he would do if Pouncy was convicted: namely, apply the range that had just been announced on the record. Because the statements of the lawyers and the judge on the record unambiguously signaled to Pouncy that the post-trial guidelines range *would be* 135-337 months, Pouncy's attorney should have clarified for Pouncy that that range was, in fact, just an estimate. His failure to do so amounted to deficient performance. Respondent has not shown that he is likely to convince the Sixth Circuit otherwise on appeal.

Respondent next argues that this Court made its "most significant errors" when it concluded that counsel's deficient performance caused Pouncy prejudice. (Respondent's Mot., ECF No. 427, PageID.14724.) As noted above, this Court found that Pouncy suffered prejudice because he would have accepted the prosecution's plea offer if his trial counsel had accurately advised him concerning his maximum exposure under the sentencing guidelines if convicted on all charges at trial. The Court rested that finding, in large part, on Pouncy's testimony at an

evidentiary hearing. The Court found that testimony to be credible. (*See* Op. and Order, ECF No. 401, PageID.14425-14426.)

Respondent says that this Court seriously erred when it found Pouncy's testimony to be credible. He says that this Court failed to accord appropriate weight to the substantial evidence in the record that undermines the credibility of Pouncy's testimony that he would have accepted the plea offer.

Once again, Respondent's argument is a serious one. As Respondent reasonably and accurately notes, there is a lot of evidence in the record that undercuts Pouncy's current claim that he would have pleaded guilty if given accurate advice about his possible guidelines range. And there is other evidence in the record that casts doubt more generally on Pouncy's overall credibility. Respondent identifies much of this evidence in his motion. (*See* Respondent's Mot., ECF No. 427, PageID. 14724-14732.)

But the Court carefully considered all of that evidence when it found Pouncy's evidentiary hearing testimony to be credible. Indeed, the Court acknowledged that there was "real merit" to Respondent's argument that the evidence cited by Respondent compelled the conclusion that the Court should reject Pouncy's testimony. (Op. and Order, ECF No. 401, PageID.14424.) The Court then explained in detail why it nonetheless found Pouncy to be credible. (*See id.*, PageID.14424-26.) On appeal, the Sixth Circuit will accord "special deference" to this Court's

8

finding that Pouncy was credible, *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985), and Respondent has not persuaded the Court that there is a likelihood that the Sixth Circuit will reverse that finding.

In sum, while Respondent has raised a number of serious arguments in his Motion for Stay, he has not demonstrated that he has a likelihood of success on appeal. Instead, he has shown a "substantial case on the merits." *Hilton*, 481 U.S. at 778.

## C

With respect to the second *Hilton* factor, the Court concludes that Respondent has made a sufficient showing that he would suffer irreparable injury absent a stay. As Respondent accurately notes, without a stay of this Court's grant of habeas relief, Respondent's appeal will likely "be rendered moot." (Respondent's Mot., ECF No. 427, PageID.14735, n. 10.) That is because the actions ordered by the Court in the Opinion and Order – *i.e.*, the extending of the plea offer to Pouncy, the filing of a petition to re-open the state-court criminal case, and a possible resentencing in that case – are likely to conclude before the Sixth Circuit issues a decision on Respondent's appeal. Several district courts have concluded that such a likely mooting of a habeas respondent's appeal constitutes irreparable injury. *See, e.g., Bauberger v. Haynes*, 702 F.Supp.2d. 588, 595-96 (M.D.N.C. 2010); *Wolfe v.*

9

*Clarke*, 819 F.Supp. 574, 583-84 (E.D. Va. 2011); *Moore v. Keller*, 2012 WL 2458605, at **2-3 (E.D.N.C. June 27, 2012).

**D**

With respect to the third *Hilton* factor, the Court concludes that staying the Court's grant of habeas relief will not substantially injure Pouncy for two reasons. First and most importantly, Pouncy has not persuaded the Court that its grant of habeas relief is likely to lead to his immediate release, and thus the Court concludes that any delay occasioned by a stay would not meaningfully harm Pouncy. As explained in detail in the Opinion and Order, the relief ordered by this Court (1) requires the prosecution to offer Pouncy a plea deal with a guidelines range that calls for a minimum sentence of 135-225 months and (2) gives Pouncy an opportunity to accept that offer. If Pouncy accepts that offer, the case would then return to the state court for further proceedings. During those proceedings, the state court would have the option of, among other things, accepting the plea deal and imposing upon Pouncy the highest possible within-guidelines minimum sentence of 225 months. That is more time than Pouncy has currently served in custody, and therefore if the state court imposed that sentence, Pouncy would remain in custody.

The Court cannot confidently conclude that if the state court proceeded to resentence Pouncy, it would impose a sentence any less than the highest permissible minimum sentence of 225 months. Pouncy's carjacking and armed robbery offenses

10

were serious offenses warranting serious punishment.³ Moreover, his conduct since the time of his convictions – both while he has been in custody and during the time that he was free on bond based upon this Court's first grant of habeas relief – has been troubling. He has been convicted of crimes, has committed prison disciplinary infractions, and has been connected to an effort to suborn perjury before this Court.⁴ Moreover, he failed to comply with the conditions of release that this Court imposed when it previously released him on bond. It seems likely that the state-court probation department will learn of all of this misconduct and will report it to the state court in an updated presentence report prepared before any resentencing.⁵ And Pouncy has not convinced the Court that the state court, after considering the seriousness of the offense and his post-conviction conduct, would impose a sentence any less than the highest possible minimum sentence of 225 months. Simply put,

---

³ To be clear: the Court is not expressing any opinion concerning the length of sentence that the state trial court should impose upon Pouncy in connection with any resentencing. Instead, the Court is making its best effort to predict what the state court, exercising its own independent judgment, is most likely to do.

⁴ Pouncy's misconduct is well-documented in decisions issued by this Court and by the United States Court of Appeals for the Sixth Circuit. (*See, e.g.*, Op. and Order, ECF No. 401, PageID.14361-14363; *Pouncy v. Palmer*, 993 F.3d 461, 463-64 (6th Cir. 2021).) Moreover, while the Court granted bond to Pouncy during an earlier appeal by Respondent, that grant of bond occurred before much of Pouncy's misconduct. Simply put, things have changed since this Court granted bond.

⁵ For the same reasons, Pouncy has not persuaded the Court that he would be granted parole if the state court, on resentencing, imposed a sentence that made him immediately eligible for parole. Indeed, given Pouncy's conduct, the parole board may well deny Pouncy parole for a long period of time.

Pouncy has not shown that it is likely that he will be immediately released from custody if the state court imposes sentence consistent with the terms of this Court's grant of habeas relief. For this reason, any delay occasioned by a stay of the relief granted by this Court would not unduly injure Pouncy.

Second, at least to some extent, a stay will inure to Pouncy's benefit because it will permit him to proceed with his appeal of the portions of this Court's Opinion and Order that were adverse to him. Without a stay, Pouncy's appeal may well become moot because (1) the appeal is aimed at Pouncy's current state-court convictions and (2) those convictions will be vacated and replaced with a new, plea-based conviction if the state court proceedings required under this Court's grant of habeas relief move forward. That a stay preserves Pouncy's ability to appeal further persuades the Court that a stay would not substantially injure Pouncy.

E

Finally, under the last *Hilton* factor, the public interest favors a stay. The public has an interest in having the Sixth Circuit hear Respondent's appeal before that appeal becomes moot. *See Wolfe*, 819 F.Supp. at 584. Indeed, a habeas respondent's ability to take an effective appeal from a grant of relief is "a mainstay of [the judicial] system" in which the public has an interest. *Id.*[6]

---

[6] The public interest calculus here is different from a case in which a grant of habeas relief – even a conditional one – may lead to the release of a habeas petitioner. In such a case, the public has an interest in ending the petitioner's wrongful

12

F

Pouncy argues that the Court should not stay its ruling because Respondent's motion for a stay is not ripe. However, the Court sees no reason to delay deciding Respondent's stay motion. Deciding the motion at this point is especially appropriate because Pouncy has filed his own motion to stay the remainder of his sentence (ECF No. 413), and that motion (which is really one for release pending appeal) is governed by essentially the same test from *Hilton* that governs Respondent's motion for a stay.[7] It makes sense for this Court to apply that test a single time.

G

For all of the reasons explained above, the applicable *Hilton* factors weigh in favor of staying this Court's grant of habeas relief. Accordingly, this Court **GRANTS** Respondent's motion for a stay (ECF No. 427), and it **STAYS** its grant of relief pending the final resolution of the parties' appeals in this case.

---

confinement. Since (as explained above) Pouncy has not persuaded the Court that its grant of relief is likely to lead to his immediate release, that public interest is absent.

[7] *See Hilton*, 481 U.S. at 775-78 (applying the same factors governing a motion for release on bond by a successful habeas petitioner to a motion for a stay of a grant of habeas relief); *Bauberger*, 702 F.Supp.2d at 592 ("The same factors that govern this court's inquiry as to [whether to release the successful habeas petitioner] also guide it as to the separate issue whether to grant a stay."); *Moore*, 2012 WL 2458605, at **1-2 (explaining that a motion for stay of grant of habeas relief and a motion for release by successful petitioner "require the court to weigh essentially the same equitable factors.").

13

## III

The Court now turns to Pouncy's motion to stay the remainder of his sentence. (*See* Pouncy Mot., ECF No. 413.) This motion is, in effect, a motion for bond pending appeal. As noted above, such a motion is governed by the same *Hilton* factors that apply to a motion to stay a grant of habeas relief. *See Hilton*, 481 U.S. at 775-78. For all of the reasons (explained above) that the Court has decided to grant a stay of the relief it has ordered, the Court declines to stay the remainder of Pouncy's sentence and/or to grant him bond on appeal. Most importantly, Pouncy's motion to stay the remainder of his sentence rests upon his contention that the Court's grant of relief will lead to his immediate release from custody. For all of the reasons explained above, the Court rejects that premise. Accordingly, Pouncy's motion to stay the remainder of his sentence (ECF No. 413) is **DENIED**.

## IV

Finally, the Court turns to Pouncy's Motion for Clarification and/or Modification of the Terms of the Conditional Writ. (*See* Pouncy Mot., ECF No. 414.) In that motion, Pouncy first asks the Court to clarify "the amount of time the State has to satisfy the terms of the conditional writ." (*Id.*, PageID.14650.) The Court declines to grant that relief because the Court regards the time frames set forth in the Opinion and Order as clear and not in need of further clarification.

In the alternative, Pouncy asks the Court to shorten the time frames within which the State must take steps to effectuate the remedy ordered by the Court. (*See id.*) This request for relief, like Pouncy's motion to stay the remainder of his sentence, rests upon Pouncy's contention that the Court's grant of habeas relief will lead to his immediate release from custody. For all of the reasons explained above, the Court rejects that premise. The Court therefore **DENIES** Pouncy's Motion for Clarification (ECF No. 414).

### V

For all of the reasons explained above, **IT IS HEREBY ORDERED** as follows:

- Respondent's Motion for a Stay Pending Appeal (ECF No. 427) is **GRANTED**;

- Pouncy's Motion for Stay of Remainder of Sentence (ECF No. 413) is **DENIED**;

- Pouncy's Motion for Clarification and/or Modification of the Terms of the Conditional Writ (ECF No. 414) is **DENIED**; and

- The relief granted in the Court's Opinion and Order (ECF No. 401) is **STAYED** pending the resolution of the parties' appeals.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: February 16, 2022

      I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 16, 2022, by electronic means and/or ordinary mail.

                                      s/Holly A. Ryan
                                      Case Manager
                                      (313) 234-5126