UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OMAR RASHAD POUNCY,

    Petitioner,

v.

GEORGE STEPHENSON,

    Respondent.

_____/

Case No. 2:13-cv-14695
Hon. Matthew F. Leitman

**PETITIONER
OMAR RASHAD POUNCY'S
MOTION FOR RECONSIDERATION**

NOW COMES, Petitioner OMAR RASHAD POUNCY, *in propria persona*, and respectfully moves this Honorable Court to accept this pleading as a placeholder for his motion for reconsideration of the opinion and order granting the Respondent's motion for a stay and denying Petitioner's motion for a stay.

As an initial matter Petitioner has been abandoned by his current counsel of record Aaron M. Katz, so Petitioner seeks to discharge Mr. Katz and proceed pro se until new counsel can be secured. While this Court has expressed extreme confidence in Mr. Katz's representation of

Petitioner, Petitioner does not share that same confidence. Although Mr. Katz accepted Petitioners case in 2019, Mr. Katz has not bothered to visit Petitioner once either in-person nor via video during the almost 3 years as being counsel of record. To be frank, Petitioner did not even know what Mr. Katz looked liked until Petitioner had the occasion to view the oral argument via video conducted by this Court. The only interaction that Petitioner had with Mr. Katz via video was during the settlement conference ordered by this Court. Mr. Katz has grossly failed to keep Petitioner informed by neglecting to send Petitioner filings by the Respondent, filings Mr. Katz has himself filed on Petitioner's behalf, and orders issued by this Court. After this Court issued its June 28, 2021, opinion and order granting habeas relief in part and denying habeas relief in part, Mr. Katz did not even bother to send Petitioner a copy of the decision. Petitioner received notification from the Warden's Office at Bellamy Creek Correctional Facility of this Court's decision. The Warden's Office had merely told Petitioner that this Court had granted relief on the *Lafler* claim and denied relief on the other claims. Petitioner called Mr. Katz (maybe two or three days later) to ask him what the decision said and he said that he was on an airplane when the

decision was issued and he had not had a chance to read it. Seeing that Petitioner wanted to file a motion for reconsideration, so he rushed to hire Attorney Richard Kerger to send Petitioner a copy of this Court's decision and to help file a motion for reconsideration. Mr. Katz never consulted with Petitioner about the opposition to the Respondent's motion for a stay before Mr. Katz filed the pleading on Petitioner's behalf. This is one of the reasons why Petitioner was filing his own pleadings pro se. Mr. Katz did not even notify nor send Petitioner a copy of this Court's order denying Petitioner's motions for reconsideration. Mr. Katz never sent Petitioner a copy of the notice of appeal the Respondent filed. Mr. Katz never sent Petitioner a copy of the notice of appeal he filed. Mr. Katz never sent Petitioner a copy of the briefing schedule issued by the Sixth Circuit in case no. 21-2759 regarding the Respondent's appeal. Mr. Katz never sent Petitioner a copy of the briefing schedule issued by the Sixth Circuit in case no. 21-1811 regarding Petitioner's cross-appeal. Mr. Katz never consulted with Petitioner about agreeing with the Respondent to delay the briefing in the Sixth Circuit. Mr. Katz never sent Petitioner a copy of the Respondent's motion in the Sixth Circuit seeking consolidation of the

briefing schedule. Mr. Katz neglected to fulfill his obligation to file Petitioner's principal brief in the Sixth Circuit that was due on February 22, 2022.

Aside from having to contact the Sixth Circuit to obtain a copy of the Respondent's motion to consolidate, the National Appellate Clinic, LLC ("NAC"), has been keeping Petitioner informed of the party filings and court orders. Since Mr. Katz neglected to fulfill his obligation to meet the February 22, 2022, deadline to file Petitioner's principal brief in the Sixth Circuit in case no. 21-1811, Petitioner had to turn to NAC to mail a draft copy of an older brief (as a protective measure) that was prepared regarding only Petitioner's *Presley* claim (but omitting Petitioner's *Brady*, *Cronic*, *Faretta*, and *Gonzalez-Lopez* claims). Consistent with his prior pattern of neglect, Mr. Katz did not inform Petitioner of this Court's decision granting the Respondent's motion for stay and denying Petitioner's motion for stay. Petitioner was only verbally informed by NAC of this Court's decision on Friday, February 18, 2022, and immediately thereafter NAC sent Petitioner a copy of the decision through FedEx. Although the decision arrived at the facility on Wednesday, February 23, 2022, to be delivered to Petitioner, without

reason, the Respondent is now all of the sudden refusing to provide Petitioner any mail sent from NAC.

Since Petitioner has not been able to read this Court's decision, Petitioner cannot prepare a timely and comprehensive motion for reconsideration which he wants to file. Until Petitioner is able to get his hands on a copy of this Court's decision to analyze it to present a motion for reconsideration and/or secure new counsel Petitioner asks that this Court accepts this as a placeholder for his motion for reconsideration.

## RELIEF REQUESTED

WHEREFORE, for the foregoing reasons, Petitioner prays that this Court grant the relief sought.

/s/Omar Rashad Pouncy
_____
OMAR RASHAD POUNCY
MDOC # 571990
Macomb Correctional Facility
34625 26 Mile Rd
New Haven, MI 48048