UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OMAR RASHAD POUNCY,

    Petitioner,

                            Case No 2:13-cv-14695

v.

                            Hon. Matthew F. Leitman

CARMEN D PALMER,

    Respondent.

F I L E D

APR 25 2023

CLERK'S OFFICE
DETROIT

MOTION FOR IMMEDIATE ENTRY OF ORDER DIRECTED
TO THE MICHIGAN DEPARTMENT OF CORRECTIONS

MOTION

    NOW COMES Petitioner OMAR RASHAD POUNCY ("Petitioner") and seeks the immediate entry of an order directed to the Michigan Department of Corrections ("MDOC") which requires the MDOC to: (1) honor Petitioner's counsel's request to schedule confidential attorney-client phone calls and video conferences; (2) transfer and return all of Petitioner's legal materials; and (3) transfer Petitioner back to Macomb Correctional Facility and to cease any additional transfers without complying with Fed. R. App. P. 23(a).

BRIEF IN SUPPORT

    Respondent has decided to violate Fed. R. App. P. 23(a) again by transferring Petitioner to another prison without obtaining leave from this Court (or any court). On Friday, March 31, 2023 — the day that Petitioner was supposed to consult with his counsel about filing the reply to the State's response to Petitioner's other motion addressing the Rule 23(a) violation — Respondent unilaterally ~~or~~ transferred Petitioner from Oaks Correctional Facility to St Louis Correctional ~~Facility~~ To borrow from a recent

decision of the Sixth Circuit:

> "[T]his transfer 'clearly violated' Federal Rule of
> Appellate Procedure 23(a) because the Warden did
> not obtain the district court's permission before
> initiating the transfer."

Miles v. Jordan, 988 F.3d 916, 930 n. 7 (6th Cir. 2021).

Despite transferring Petitioner, Respondent refused to transfer any of Petitioner's legal materials along with Petitioner from Oaks Correctional Facility to St. Louis Correctional Facility although MDOC policy requires that a prisoner's property "also shall transfer with the prisoner." See MDOC Policy Directive 04.07.112 (X). The arbitrary withholding of Petitioner's legal materials is interfering with his ability to participate in the litigation of his case — which is pending in the Sixth Circuit.

And while St. Louis Correctional Facility is closer to Petitioner's counsel than Oaks Correctional Facility, Petitioner is still more than six (6) hours away from his attorney Kevin M. Schad (whose office is in Cincinnati, Ohio) and more than two (2) hours away from his local counsel's office here in Michigan. This distance has prevented Petitioner from being able to consult with either of his attorneys in-person. It has been held that the right of access to the courts include in-person visits with counsel. See Ching v. Lewis, 895 F.2d 608, 610 (9th Cir. 1990). Petitioner should be transferred back to the Macomb Correctional Facility where he was located at prior to the Respondent's second from the last blatant violation of Fed. R. App. P. 23(a). See, e.g. Wolfe v. Clarke, 819 F. Supp.2d 574, 588 (E.D. Va., 2011) (ordering successful habeas petitioner to be transferred back to prior prison to remedy violation of Fed. R. App. P. 23(a)). Also see Hall v. Choinski, 2006 U.S. Dist. LEXIS 28883, at *5 (D. Conn, 2006) (stating that as a remedy to a violation of Fed. R. App. P. 23(a) the petitioner "would be entitled to be returned to the federal facility from which he was transferred.").

A transfer back to the facility Petitioner was at before the second to the last violation of Fed. R. App. P. 23(a) is all the more warranted where the current facility is actively refusing to honor Petitioner's counsel's request to schedule confidential attorney-client phone calls with Petitioner. The current facility is also refusing to allow Petitioner and counsel to consult with each other via confidential video conferences. In an effort to consult with Petitioner for the purpose of the litigation pending in the Sixth Circuit, counsel contacted the new facility to schedule either a confidential attorney-client phone call or video conference, but the request was denied. The facility told counsel that it would not schedule any communications with Petitioner. The facility misled counsel to believe that Petitioner has access to the prison phones available to prisoners during recreational yard periods — although Petitioner has been held in solitary confinement since October 11, 2022, where there are no such phones in a prisoner's cell where he's confined 24 hours per day. Based on this false representation, the facility told counsel that Petitioner would have to use the prison phone (which Petitioner does **not** have access to) to call counsel and that such call would be limited to a mere 20 minutes! The following is precisely what counsel was told:

> "The St. Louis Correctional Facility is no longer setting up attorney phone calls with prisoners as they may contact you via the prisoner phone system on a confidential/unmonitored line. Per the MDOC Policy, telephone equipment shall limit prisoner calls to an attorney to 20 minutes. It is the prisoner's responsibility to schedule calls with the attorney directly as the prisoner knows their schedule and when they have access to the phone."

(See Correspondence from Attorney Kevin M. Schad, dated 4-13-23, attached as Exhibit A).

As it stands Respondent has repeatedly violated Fed. R. App. P. 23(a) — without consequence and to Petitioner's detriment. Due to Respondent's repeated and blatant

... $\frac{7}{13}$ ...

violations of Fed. R. Evid. 807.) He is currently being held at a facility more than six (6) hours away from his counsel of record in the Sixth Circuit (which makes in-person visits impossible), deprived of all of his legal materials because they are being held at Oaks Correctional Facility (a facility Respondent did never obtained permission to transfer Petitioner to), and held incommunicado at St. Louis Correctional Facility (another prison that Respondent did not have authorization to transfer Petitioner to) because the facility is refusing to honor counsel's requests to schedule phone calls and/or video conferences with Petitioner. Without an order from this Court these circumstances will not change and this will unquestionably negatively affect the pending litigation in the Sixth Circuit.

This Court should enter an order requiring that the MDOC honor counsel's requests to schedule confidential attorney-client phone calls and video conferences to allow Petitioner and counsel to meaningfully consult with each other. Due to similar interferences 42-2 District Court judge William Hackel III had to enter an order requiring the MDOC to provide phone and/or video conferences for Petitioner and his counsel in relation to another legal matter. (See Order, dated 1-4-23, attached as Exhibit B). It should also be noted that while the MDOC is refusing to honor requests made by Petitioner's counsel to schedule phone conferences and video conferences with Petitioner, the current facility has not hesitated to honor counsel for the MDOC, i.e., the Michigan Attorney General's office's request to schedule video conferences with Petitioner so that the MDOC's counsel can have access to Petitioner for the purpose of deposing Petitioner in connection with a civil lawsuit Petitioner has pending against the MDOC for doing exactly what it is doing now — interfering with Plaintiff's access to counsel and the courts. (See MDOC Memorandum & Re-Notice of Deposition of Plaintiff Omar Pouncy # 571990, attached as Exhibit C). The fact that the MDOC is honoring its attorneys requests to schedule video conferences with Petitioner, but continues to actively deny counsel for Petitioner's request for the same access to Petitioner should warranted the Court's intervention. Furthermore, even the MDOC's own policy states that prisoners "in segregation shall be provided with ... telephone privileges ... for communicating with an attorney regarding official business of the prisoner, including litigation, upon request of the attorney." PD 04.05.120 (AA)(17).

This Court should also enter an order directing the MDOC to transfer all of Petitioner's legal materials to where he is currently being held and to allow Petitioner immediate access to said legal materials. Confiscation of legal materials is unconstitutional. See, e.g., Thomas v. Evans, 880 F.2d 1235, 1241-42 (11th Cir. 1989). There is no reason for the MDOC to be holding Petitioner's legal materials at a prison Petitioner is not even housed at other than to blatantly interfere with Petitioner's ability to participate in the litigation of his case. Despite the fact that the MDOC acknowledges that "[p]risoners are authorized to possess legal materials as set forth in PD 04.02.112 'Prisoner Personal Property(C)(D)'" PD 05.03.116 (F), the MDOC is depriving Petitioner of access to his legal materials which he needs access to for the purposes of litigating his appeal in the Sixth Circuit. Petitioner needs access to documents to go over with his counsel for the preparation of the brief to-be-filed in the Sixth Circuit. If this Court does not enter a order requiring the MDOC to transfer and return Petitioner his legal material, Petitioner's correspondence about issues related to the appeal in the Sixth Circuit will be severely hampered.

Additionally, this Court should enter an order requiring that Petitioner be returned to the Macomb Correctional Facility — the prison Petitioner was at before the second to the last violation of Fed. R. App. P. 23(a) by Respondent. The order should also require that Respondent not transfer Petitioner to another facility, or otherwise alter Petitioner's conditions of confinement without permission from this Court. See Wolfe, 819 F. Supp. 2d at 588. While the Respondent has taken the position that any motion dealing with the violation of Fed. R. App. P. 23(a) should has to be made to the Sixth Circuit (see Respondent's Answer, ECF # 466, Pg. ID 15030) ("There are several reasons Pouncy's motion should be denied. First, and most significant, this motion should properly be made in the Sixth Circuit Court of Appeals since this matter is pending in that court.") — Respondent is wrong, and a recent Sixth Circuit decision proves this.

In Miles, supra, despite the fact that the habeas petitioner's appeal was pending in the Sixth Circuit, "prison officials transferred him from a prison located in the Western District of Kentucky to a prison located in the Eastern District of Kentucky."

Miles, 988 F. 3d at 930 n. 7. Since the Warden did not obtain the district court's permission before initiating the transfer [,]" ibid. (emphasis added), the Sixth Circuit concluded that this transfer 'clearly violated' Federal Rule of Appellate Procedure 23 (a)[.]" Ibid. And while the Sixth Circuit declined to grant the petitioner's motion to be retransferred to the facility, he was at prior to the violation of Fed. R. App. P. 23 (a), the motion was denied "without prejudice to its refiling in the district court." Ibid. (emphasis added).

The Sixth Circuit's decision in Miles, not only guts the State's erroneous argument that the Respondent's repeated transfers of Petitioner without permission does not violate Fed. R. App. P. 23 (a), because the Sixth Circuit declared "that th[e] transfer 'clearly violated' Federal Rule of Appellate Procedure 23 (a)" — but Miles also proves that "the Warden" must "obtain the district court's permission before initiating the transfer." Miles, 988 F. 3d at 930 n. 7 (Emphasis added). Miles also proves that the State is wrong to state that a motion concerning the violation of Fed. R. App. P. 23 (a) must be filed in the Sixth Circuit. The petitioner in Miles filed his motion in the Sixth Circuit and the Sixth Circuit refused to order the petitioner's retransfer and instead ordered the petitioner to "refil[e] in the district court." Ibid. If a motion addressing a respondent's violation of Fed. R. App. P. 23 (a) had to be filed in the Sixth Circuit, the Sixth Circuit in Miles would not have instructed the petitioner to refile his motion in the district court.

Petitioner's motion to transfer him back to Macomb Correctional Facility as a remedy to the Respondent's violation of Fed. R. App. P. 23 (a) is properly made in this Court. Nearly 50 years ago in Jago v. United States District Court, etc., 570 F. 2d 618 (6th Cir. 1978), the Sixth Circuit made it clear that Fed. R. App. P. 23 (c) "shows that it was designed in part to preserve the district judge's power over the physical custody of the petitioner by prohibiting the custodian from transferring custody of the prisoner to another without the authorization of the 'court, justice or judge rendering the decision.' The language in no manner implies that any power to make that

decision is lost or transferred to the appellate court because of the pendency of the appeal. . . . If, therefore, authority is retained in the district judge to make this decision, it is difficult to argue that it was lost with respect to other immediate problems concerning custody by the filing of the notice." Id. at 626 (emphasis added).

If the State's position was accepted, then Fed. R. App. P. 23(a) would be rendered meaningless and a respondent could freely transfer habeas petitioners with appeals pending in the Sixth Circuit at will. Once again, the Sixth Circuit's decision in Mills proves that Fed. R. App. P. 23(a) is violated when a habeas petitioner is transferred by a warden without permission from the district court — like Petitioner in the case sub judica has been. As this Court held in Benedict v. United States Parole Com, 569 F. Supp. 438 (E.D. Mich., 1983), Fed. R. App. P. 23(a) "prohibits transfer of a prisoner pending appellate review of a decision in a habeas corpus proceeding." Id. at 448 n.19.

Petitioner has demonstrated clear-cut prejudice from Respondent's repeated violations of Fed. R. App. P. 23(a). Petitioner has been held in solitary confinement for over six (6) months now because he received legal documents from his attorney during an attorney-client visit. Initially, the MDOC falsely presented that Petitioner was being held in segregation for a cell phone ticket. (See MDOC Segregation Behavior Review, dated 12-9-22, attached as Exhibit D) (stating under the "Nature of what led to Segregation" section "On 8/2/22 at MRF (030): Prisoner was found to be in possession of a black cell phone approximately 3½ inches long. It was found in a sandwich bag in between 2 pieces of bread in a foam tray. The foam tray had been placed there by Pouncy."). But after Petitioner exposed in his initial motion that this was a false premise because Petitioner had already been reclassified to and released to general population for the cell phone ticket, the MDOC acy changed its basis for throwing Petitioner in solitary confinement to the alleged smuggling of legal documents from his attorney. (See MDOC Segregation Behavior Review, dated 3-8-23, attached as Exhibit E) (stating under the "nature of What Led to Segregation" section "On 10/14/22 at MRF (030): Pouncy removed papers from a golden envelope that an attorney brought in. Pouncy then mixed it in with his own personal paperwork. The attorney admitted to giving Pouncy the paperwork.").

Respondent attempts to highlight the fact that the MDOC threw Petitioner in solitary confinement for allegedly violating "prison rules and regulations concerning smuggling [regarding paperwork][,]" (see Respondent's Answer, ECF # 466, Pg. ID 15041-42) to justify its violation of Fed. R. App. P. 23(a). But the State's reliance on this is alarming especially in light of the fact that this Court specifically asked counsel for Respondent to see that counsel and Petitioner be allowed to exchange legal materials during attorney-client visits, (See Transcript, ECF # 224, Pg. ID 10535) and counsel for Respondent agreed that counsel and Petitioner would be allowed to exchange legal documents during attorney-client visits. (See id. at Pg. ID 10536) ("THE COURT: And specifically, if they can go along with this exchange of papers between an attorney of record and Mr. Pouncy, that seems to be something that would really be helpful. ... MR. PALLAS: I will make sure that happens, your Honor, in accordance with their rules.").

Nothing justifies Respondent's repeated blatant violations of Fed. R. App. P. 23(a). Petitioner was transferred away from Macomb Correctional Facility — the closest facility (consistent with Petitioner's security level) to Petitioner's counsel — to make it, if not impossible, difficult for Petitioner to have meaningful access to his counsel to litigate his case. The violation of Fed. R. App. P. 23(a) has not only resulted in Petitioner being held in a prison far away from counsel — so far that has prevented Petitioner's counsel in the Sixth Circuit (and local counsel) from visiting Petitioner in-person, but the violation has also resulted in Petitioner being separated from his legal materials and therefore prevented from participating in the litigation of his case and being held incommunicado because the MDOC is refusing to honor counsel's requests to schedule confidential attorney-client phone calls and/or video conferences with Petitioner.

A court order is warranted.

## RELIEF REQUESTED

WHEREFORE, for the foregoing reasons Petitioner prays that this Honorable court GRANT his motion for immediate entry of order directed to the Michigan Department of Corrections.

Respectfully submitted,

Omar Rashad Pouncy

Omar Rashad Pouncy
MDOC # 571990
St. Louis Correctional Facility
8585 N. Croswell Rd.
St. Louis, Michigan 48880

Dated April 18, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2023, I mailed a copy of the foregoing papers to the Clerk of the Court to be filed via the ECF system which will send notification to the Court and counsel for Respondent.

Respectfully submitted,

Omar Rashad Pouncy

Omar Rashad Pouncy
MDOC # 571990
St. Louis Correctional Facility
8585 N. Croswell Rd.
St. Louis, Michigan 48880

# EXHIBIT A

## OFFICE OF THE FEDERAL PUBLIC DEFENDER
## SOUTHERN DISTRICT OF OHIO
250 East Fifth Street, Suite 350
Cincinnati, OH 45202

**Deborah L. Williams**
**Federal Public Defender**

**Phone: (513)929-4834**
**Toll Free: (855)812-6088**
**Fax: (513)929-4842**

April 13, 2023

Omar Pouncy;

When we called in for our Wednesday Zoom call, we found out you had been moved again. Please keep us informed when you move – the facility does not proactively tell us. We tried to set up a new zoom with your new facility, and was informed this:

> The St. Louis Correctional Facility is no longer setting up attorney phone calls with prisoners as they may contact you via the prisoner phone system on a confidential/unmonitored line. Per the MDOC Policy, telephone equipment shall limit prisoner calls to an attorney to 20 minutes.  It is the prisoner's responsibility to schedule calls with the attorney directly as the prisoner knows their schedule and when they have access to the phone.

So it is up to you to set up one of these 20 minute calls with us.

*Kevin M. Schad*

Kevin Schad
Assistant Federal Public Defender
Appellate Director
kevin_schad@fd.org

# EXHIBIT B

| STATE OF MICHIGAN<br>42-2 JUDICIAL DISTRICT | ORDER | CASE NO.<br>22-0885<br>22-005781 |
|---|---|---|

Court Address
35071-23 Mile Road, New Baltimore  MI  48047

Court Telephone No.
(586) 493-0555

| Plaintiff name(s), address(es)<br><br>*People of the State of Michigan* | v | Defendant name(s), address(es)<br><br>*Omar Rashad Pouncey*<br><br>*MDOC* |
|---|---|---|
| Plaintiff's attorney, bar no., address<br><br>*Joseph D McCarthy Jr*<br>*Asst Macomb Co Prosecutor* | | Defendant's attorney, bar no., address<br>*Rejanae Brooks # P85701*<br>*24293 Telegraph Rd, Ste 260*<br>*Southfield, MI  48033* |

**IT IS ORDERED:**

That the Michigan Dept of Corrections provide Reasonable Atty/Client Communication by Zoom and/or Phone in a confidential Manner in this case between D/Inmate Pouncey and Atty Rejanae Brooks.

Further, The Michigan Dept of Corrections is to provide Reasonable Atty/Client Communication by Zoom and/or Phone in a confidential manner with Defendant's Federal Habeas Attorney to discuss the impact, if any, plea negotiations in this case will have on the Federal case.

Further, The Michigan Dept of Corrections will allow communication from the Attorney's business phones for these communications which are subject to Atty/Client Privilege.

01/04/22
_____
Date

*Wm HACKEL III*   P39767

## CERTIFICATE OF MAILING

I certify that on this date a copy of this motion was served upon all parties by first class mail addressed to the address(es) shown above. *and Warden at MDOC*

_____
Date

_____
Signature

**42-2 DISTRICT COURT**
35071  23 MILE RD.
NEW BALTIMORE, MI 48047

**RECEIVED**

JAN 0 4 2023

# EXHIBIT C

# MICHIGAN DEPARTMENT OF CORRECTIONS

## *"Committed to Protect, Dedicated to Success"*

## MEMORANDUM

**DATE:**      April 11, 2023

**TO:**        Control Center Staff
               Segregation Bubble Staff

**FROM:**      M.J. Houlden, Litigation Coordinator

**SUBJECT:**   Video Conference – **Pouncy #571990   7-130**

The facility has been notified that the above prisoner will be participating in a deposition video conference on **Thursday, April 20, 2023 at 1:00 p.m.**

**Please have the prisoner available in the Segregation Hearings Room by 12:50 p.m. to participate in the video conference.**


Thank you.

cc:   PC Covington
      RUM Fenn
      **Prisoner**
      File


**SEGREGATION STAFF:**  We have to dial in to this conference.  The number to dial from the remote is **162.255.37.11##834 9312 0629#031 780** (no spaces).  If you have any questions, please give me a call.  Thank you for your help!!

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

OMAR POUNCY #571990,

     Plaintiff,                NO. 1:20-cv-799

v                         HON. ROBERT J. JONKER

MATTHEW MACAULEY, *et al.*,     MAG. PHILLIP J. GREEN

     Defendants.

---

| | |
|---|---|
| Omar Pouncy #571990<br>*In Pro Per*<br>St. Louis Correctional Facility<br>8585 N. Croswell Road<br>St. Louis, MI 48880 | Michael R. Dean (P71333)<br>Assistant Attorney General<br>Attorney for MDOC Defendants<br>Michigan Department of Attorney<br>General<br>Corrections Division<br>P.O. Box 30217<br>Lansing, MI 48909<br>(517) 335-3055 |

---

## RE-NOTICE OF DEPOSITION OF PLAINTIFF OMAR POUNCY #571990

Please take notice that the deposition of the witness named below will be taken before a Notary Public in accordance with the provisions permitted in the Federal Rules of Civil Procedure. The deposition will be taken via video conference for the following individual:

        NAME:     Omar Pouncy, #571990

        DATE:      Thursday, April 20, 2023

        TIME:       1:00 p.m.

        PLACE:     St. Louis Correctional Facility (via video)

COURT REPORTER:      Network Reporting

The witness is instructed to bring for inspection and photocopying, all diagrams, photographs, calendars, diaries, memoranda, correspondence, and any other document or thing, pertaining to or reviewed regarding the above-entitled cause of action.

Respectfully submitted,

*/s/ Michael R. Dean*
Michael R. Dean (P71333)
Michigan Dep't of Atty General
Corrections Division
*Attorney for the MDOC Defendants*
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055

Dated:  April 7, 2023

2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

OMAR POUNCY #571990,

     Plaintiff,                NO. 1:20-cv-799

v                         HON. ROBERT J. JONKER

MATTHEW MACAULEY, *et al.*,    MAG. PHILLIP J. GREEN

     Defendants.

_____

| | |
|---|---|
| Omar Pouncy #571990<br>*In Pro Per*<br>St. Louis Correctional Facility<br>8585 N. Croswell Road<br>St. Louis, MI 48880 | Michael R. Dean (P71833)<br>Assistant Attorney General<br>Attorney for MDOC Defendants<br>Michigan Department of Attorney<br>General<br>Corrections Division<br>P.O. Box 30217<br>Lansing, MI  48909<br>(517) 335-3055 |

_____/

### CERTIFICATE OF SERVICE

    I hereby certify that on April 7, 2023, I certify that my secretary, mailed *Re-Notice of Taking Deposition of Plaintiff* to all counsel/parties of record as indicated above by US Mail.

                         */s/ Michael R. Dean*_____
                         Michael R. Dean (P71833)
                         Michigan Dep't of Atty General
                         Corrections Division
                         *Attorney for the MDOC Defendants*

# EXHIBIT D

MICHIGAN DEPARTMENT OF CORRECTIONS
SEGREGATION BEHAVIOR REVIEW

CSJ-283
Rev. 07/18

## GENERAL INFORMATION

| Review Type: Initial – Within 7 days of Classification | ERD: 2/4/55 | AMX: 12/5/74 | |
|---|---|---|---|
| Prisoner Number: 571990 | Prisoner Name: Pouncy | Facility Code: ECF | Lock: 5-111 | Date: DEC 0 9 2022 |

Type of Segregation: (Check All That Apply):     OPT: ☐ Yes   ☒ No

☒ Administrative   Date Classified To: 12/5/22    ☐ Punitive: Date Placed In:    ☐ Temporary: Date Placed In:

Reason for Segregation Classification: Inability To Be Managed With GP Privileges

## PRISONER HISTORY (Format Note: Use Charge Code and Month/Year. Example: (032) 12/06, (027&020) 03/07)

Misconduct Reports Since Last Review:

| Summary of Misconducts - # for each code: | Bondable Misconducts (Last 6 Months): | | | Non-Bondable Misconducts (Past Year): (030,8/2/22) (030,10/11/22) (045,10/14/22) | |
|---|---|---|---|---|---|
| Previously Classified to Segregation (Last 3 Years): | Dates(s): | | | | |
| | Reason(s): | | | | |
| Nature of What Led to Segregation Placement / Relevant Behavior in Segregation: | On 8/2/22 at MRF (030): Pouncy was found to be in possession of a black cell phone approximately 3 1/2 inches long. It was found in a sandwich bag in between 2 pieces of bread in a foam tray. The foam tray had been placed there by Pouncy. | | | | |

STG: ☐ I   ☐ II

Approval Required for Release? ☒ DD   ☐ CMO   ☐ ADD   ☒ N/A

Date of Last Warden Interview:     Date of Last ADD Interview:

## HOUSING UNIT TEAM EVALUATION

IISP STAGE: N/A ☒

☐ I ☐ II ☐ III ☐ IV ☐ V ☐ VI

### Housing Unit Officers

| | | AM (Print Name) | PM (Print Name) |
|---|---|---|---|
| Appropriate Behavior and Attitude: | With Staff: | ☐ Never ☐ Rarely ☒ Sometimes ☐ Regularly | ☐ Never ☐ Rarely ☒ Sometimes ☐ Regularly |
| | With Prisoners: | ☐ Never ☐ Rarely ☒ Sometimes ☐ Regularly | ☐ Never ☐ Rarely ☒ Sometimes ☐ Regularly |
| | Housekeeping and Personal Hygiene: | ☐ Good ☒ Adequate ☐ Poor | ☐ Good ☒ Adequate ☐ Poor |

Regular Housing Unit Officers:    Signature:    Signature:

ARUS/PC Name & Title: M. Turner, PC    Signature:    Date: DEC 0 9 2022

## SECURITY CLASSIFICATION COMMITTEE ACTION (Interview & Recommendation)

Prisoner Participated in Interview: ☒ Yes ☐ No – Why Not:    SCC Stop at Cell if Prisoner Refused? ☐ Yes ☐ No

Prisoner's Comment:

| Expectations: | ☒ Remain Misconduct Free | ☐ Participate/Advance in IISP | ☐ Other: |
|---|---|---|---|

Potential to honor the trust implicit in less restrictive confinement:   Evaluation: Medium

Recommendation: ☒ Continue Segregation   ☐ Reclassify to General Population   ☐ Transfer   ☐ Protection

Reason for Continued Segregation: Nature of Misconduct

Prisoner's Signature: x ___    Date: x 12-15-22

| Staff Name & Title: J. Montague, A/RUM | Signature: J Montague | Date: DEC 0 9 2022 |
|---|---|---|
| Staff Name & Title: J. Erway, A/ADW | Signature: | Date: DEC 0 9 2022 |
| QMHP Name & Title: (If Applicable) | Signature: | Date: |

## WARDEN'S REVIEW

Approve SCC Recommendation? (If Applicable) ☒ Yes ☐ No    Signature:    Date: DEC 1 9 2022

## REQUIRED INTERVIEWS

| ☐ Warden (6 months) | Signature: | Date: |
|---|---|---|
| ☐ ADD (Annual) | Signature: | Date: |

Distribution (Completed/Signed Copies Only): ☐ Prisoner ☐ Counselor File ☐ Record Office File ☐ Central Office File ☐ ADD (If Required)

# EXHIBIT E

MICHIGAN DEPARTMENT OF CORRECTIONS
**SEGREGATION BEHAVIOR REVIEW**

CSJ-283
Rev. 07/18

## GENERAL INFORMATION

| | | | ERD: | AMX: | |
|---|---|---|---|---|---|
| Review Type: Initial - Within 7 days of Classification | | | 2/4/55 | 12/5/74 | |

| Prisoner Number: | Prisoner Name: | Facility Code: | Lock: | Date: |
|---|---|---|---|---|
| 571990 | Pouncy | ECF | 5-112 | MAR 0 9 2023 |

| Type of Segregation: (Check All That Apply): | OPT: ☐ Yes ☒ No |
|---|---|

☒ Administrative  Date Classified To: 11/23/22     ☐ Punitive: Date Placed In:     ☐ Temporary: Date Placed In:

Reason for Segregation Classification: Inability To Be Managed With GP Privileges

## PRISONER HISTORY   Format Note: Use Charge Code and Month/Year Example: (032), 12/06; (027 & 020), 03/07

Misconduct Reports Since Last Review:

| Summary of Misconducts - # for each code: | Bondable Misconducts (Last 6 Months): | | | Non-Bondable Misconducts (Past Year): | |
|---|---|---|---|---|---|
| | | | | (030,8/2/22) (030,10/11/22) (045,10/14/22) | |
| Previously Classified to Segregation (Last 3 Years): | Date(s): | | | | |
| | Reason(s): | | | | |

| Nature of What Led to Segregation Placement / Relevant Behavior in Segregation: | On 10/14/22 at MRF (030): Pouncy removed papers from a golden envelope that an attorney brought in. Pouncy then mixed it in with his own personal paperwork. The attorney admitted to giving Pouncy the paperwork. |
|---|---|

| STG: ☐ I    ☐ II | Approval Required for Release? ☒ DD  ☐ CMO  ☐ ADD  ☒ N/A |
|---|---|

| Date of Last Warden Interview: | Date of Last ADD Interview: |
|---|---|

## HOUSING UNIT TEAM EVALUATION

IISP STAGE: N/A ☒

| | | **Housing Unit Officers** | |
|---|---|---|---|
| ☐ I ☐ II ☐ III ☐ IV ☐ V ☐ VI | **AM** (Print Name) _____ | **PM** (Print Name) _____ | |
| Appropriate Behavior and Attitude | With Staff: | ☐ Never ☐ Rarely ☑ Sometimes ☐ Regularly | ☐ Never ☐ Rarely ☑ Sometimes ☐ Regularly |
| | With Prisoners: | ☐ Never ☐ Rarely ☑ Sometimes ☐ Regularly | ☐ Never ☐ Rarely ☑ Sometimes ☐ Regularly |
| | Housekeeping and Personal Hygiene: | ☐ Good ☑ Adequate ☐ Poor | ☐ Good ☑ Adequate ☐ Poor |

| Regular Housing Unit Officers: | Signature: | Signature: | |
|---|---|---|---|
| ARUS/PC Name & Title: M. Turner, PC | Signature: | Signature: | Date: |

## SECURITY CLASSIFICATION COMMITTEE ACTION  Interview & Recommendation

| Prisoner Participated in Interview? ☑ Yes ☐ No - Why Not: | SCC Stop at Cell if Prisoner Refused? ☐ Yes ☐ No |
|---|---|

| Prisoner's Comment: | I'm ready to be released |
|---|---|

| Expectations: | ☒ Remain Misconduct Free | ☐ Participate/Advance in IISP | ☐ Other: |
|---|---|---|---|

| Potential to honor the trust implicit in less restrictive confinement: | Evaluation: Medium |
|---|---|

| Recommendation: ☑ Continue Segregation | ☐ Reclassify to General Population | ☐ Transfer | ☐ Protection |
|---|---|---|---|

Reason for Continued Segregation: Nature of misconduct

| Prisoner's Signature: | | Date: |
|---|---|---|

| Staff Name & Title: J. Montague, A/RUM | Signature: Montague | Date: MAR 0 9 2023 |
|---|---|---|
| Staff Name & Title: J. Erway, A/ADW | Signature: | Date: MAR 0 9 2023 |
| QMHP Name & Title: (If Applicable) | Signature: | Date: |

## WARDEN'S REVIEW

| Approve SCC Recommendation?  (If Applicable) ☑ Yes ☐ No | Signature: M Burgen | Date: MAR 0 9 2023 |
|---|---|---|

## REQUIRED INTERVIEWS

| ☐ Warden (6 months) | Signature: | Date: |
|---|---|---|
| ☐ ADD (Annual) | Signature: | Date: |

Distribution (Completed/Signed Copies Only): ☐ Prisoner  ☐ Counselor File  ☐ Record Office File  ☐ Central Office File  ☐ ADD (If Required)

#57194
_____ Correctional Facility
8585 N. Croswell Rd
St. Louis, MI 48880

U.S. MARSHALS

Clerk of the Court
Theodore Levin U.S. Courthouse
231 W. Lafayette Blvd.
Detroit, Michigan 48226

US POSTAGE
ZIP 48880
$ 001.98°
04/18 2023