No. 21-2759/1811

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Aug 29, 2023
DEBORAH S. HUNT, Clerk

OMAR RASHAD POUNCY, )
)
    Petitioner-Appellee/Cross-Appellant, )
)
v. ) O R D E R
)
CARMEN DENISE PALMER, Warden, )
)
    Respondent-Appellant/Cross-Appellee. )

Before: CLAY, Circuit Judge.

The Warden appeals the district court's order granting a conditional writ of habeas corpus, and Omar Rashad Pouncy cross-appeals the district court's judgment granting in part and denying in part his petition for relief in habeas corpus pursuant to 28 U.S.C. § 2254 and denying reconsideration thereof. The Clerk previously appointed attorney Kevin Schad to represent Pouncy on appeal, and counsel has filed a second brief consistent with the cross-appeal briefing schedule. Pouncy now moves pro se to withdraw current counsel and appoint new counsel or, alternatively, to proceed pro se on appeal.

"The court may grant a motion to withdraw or for substitute counsel if there is a showing of good cause" following inquiry into the nature of the dissatisfied relationship. *United States v. Hudson*, No. 21-4126, 2023 WL 1463701, at *5 (6th Cir. Feb. 2, 2023). However, the right to appointed counsel does not carry with it the right to counsel of choice. *United States v. Iles*, 906 F.2d 1122, 1130-31 (6th Cir. 1990) ("An indigent defendant has no right to have a particular

attorney represent him[.]"). Additionally, "mere disagreement about strategic litigation decisions is not a conflict of interest," *United States v. Fields*, 483 F.3d 313, 353 (5th Cir. 2007), and counsel plainly need not brief arguments that are non-meritorious in counsel's reasoned judgment. *Jones v. Barnes*, 463 U.S. 745, 751 (1983) ("Neither *Anders* nor any other decision of this Court suggests, however, that the indigent defendant has a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points."); *see also United States v. Reyes-Bosque*, 596 F.3d 1017, 1034 (9th Cir. 2010) ("Litigation tactics are decisions generally left to defense counsel, and, without more, may not provide a sufficient basis for establishing conflict."); *United States v. Wadsworth*, 830 F.2d 1500, 1509 (9th Cir. 1987) ("It is . . . clear that appointed counsel, and not his client, is in charge of the choice of . . . the theory of defense.").

Not all of Pouncy's complaints rise to the level of establishing a broken attorney-client relationship. For example, the district court has resolved all claims in a final order, and some of Pouncy's allegations of conflict are little more than scrivener's errors. Pouncy also alleges that he cannot trust an attorney he has not met in person. Yet, appellate representation rarely requires in-person visitation; most attorney-client meetings occur over the phone, through a video conference, or through an exchange of documents. That Pouncy wishes for an in-person visit with his attorney does not by itself establish a conflict that requires the withdrawal of current counsel.

Here, however, Pouncy's distrust of Schad runs so deep that he would rather proceed pro se on appeal than continue with representation by Schad. While some of Pouncy's allegations of error may be minor or inaccurate, Pouncy requests to self-represent rather than continue to be represented by Schad. Per Pouncy, Schad is "setting Petitioner up for failure" with false assertions and that Pouncy does not want to be represented by Schad "under any circumstances." It thus

appears that Pouncy has lost faith in Schad, and the relationship is irreparably broken. Good cause exists to replace Schad as appellate counsel.

Accordingly, Pouncy's motion to withdraw Schad as appellate counsel is **GRANTED** for good cause shown, and Schad is **RELIEVED** from further responsibility on appeal. The Clerk shall promptly appoint new counsel under the Criminal Justice Act, 18 U.S.C. § 3006A. Following the appointment of new counsel, the Clerk shall reset the briefing schedule.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk

# United States Court of Appeals for the Sixth Circuit

**U.S. Mail Notice of Docket Activity**

The following transaction was filed on 08/29/2023.

**Case Name:** Omar Pouncy v. Carmen Palmer
**Case Number:** 21-2759

**Docket Text:**
ORDER filed: Pouncy's motion to withdraw Schad as appellate counsel [7028149-2] is GRANTED for good cause shown, and Schad is RELIEVED from further responsibility on appeal. The Clerk shall promptly appoint new counsel under the Criminal Justice Act, 18 U.S.C. § 3006A. Following the appointment of new counsel, the Clerk shall reset the briefing schedule. Eric L. Clay, Circuit Judge. [21-2759, 21-1811]

**The following documents(s) are associated with this transaction:**
Document Description: Order

**Notice will be sent to:**

Omar Rashad Pouncy
F.C.I. Milan
P.O. Box 1000
Milan, MI 48160

**A copy of this notice will be issued to:**

Ms. Kinikia D. Essix
Mr. John S. Pallas
Mr. Kevin Michael Schad