UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OMAR RASHAD POUNCY,

      Petitioner,                                    Case No. 13-cv-14695
                                                        Hon. Matthew F. Leitman

v.

MATT MACAULEY,

      Respondent.

_____/

## ORDER STRIKING PETITIONER'S FILINGS (ECF Nos. 496, 497)

In this action, Petitioner Omar Rashad Pouncy seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Now pending before the Court are several *pro se* submissions that Pouncy has filed on his own behalf. More specifically, Pouncy has filed (1) a petition for a writ of mandamus to comply with a prior mandate of the Sixth Circuit (*see* ECF No. 496, PageID.15226-15245), (2) a motion for immediate consideration of his mandamus request, to require an expedited response, and for an expedited resolution (*id.*, PageID.15219-15225), and (3) a motion to appoint counsel and to proceed *in forma pauperis* related to his mandamus petition (*see* ECF No. 497). The Court **STRIKES** all of these submissions for two reasons.

First, the petition and motions are not properly filed in this Court. Indeed, all of the submissions seek relief from the United States Court of Appeals from the Sixth Circuit, not this Court, and each of the submissions includes a Sixth Circuit

1

caption. Thus, to the extent that Pouncy wants the Sixth Circuit to issue a writ of mandamus or provide him any other relief, Pouncy must file his petition and motions in that court, not this forum.

Second, on June 25, 2024, at Pouncy's request, the Court appointed counsel for Pouncy. (*See* Orders, ECF Nos. 487, 488.) As the Court has repeatedly told Pouncy, "if Pouncy chooses to be represented by counsel, then he must let counsel speak for him. The Court will not accept *pro se* [] filings by Pouncy while he remains represented by counsel." (Order, ECF No. 274, PageID.11914, striking *pro se* supplemental brief filed by Pouncy while he was represented by counsel; Order, ECF No. 432, PageID.14761, striking *pro se* filings by Pouncy and informing Pouncy that "he may not simultaneously proceed both through counsel and *pro se*.")[1] *See also Miller v. United States,* 561 F. App'x 485, 489 (6th Cir. 2014) (noting that "[a] habeas petitioner has neither a constitutional nor statutory right to hybrid representation"). While Pouncy is represented by counsel, he shall not file *pro se* submissions with this Court.

---

[1] *See also* Orders, ECF Nos. 340 (refusing to consider Pouncy's 238-page *pro se* reply brief filed while Pouncy was represented by counsel); 384 (denying Pouncy's *pro se* motion to accept supplemental brief); and 443 (striking Pouncy's *pro se* filing).

2

For all of the reasons explained above, the Court **STRIKES** Pouncy's petition and related motions (ECF Nos. 496, 497).

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: July 24, 2024

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 24, 2024, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126

3