UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OMAR RASHAD POUNCY,

    Petitioner,

v.

                        Case No. 13-cv-14695
                        Hon. Matthew F. Leitman

CARMEN D. PALMER,

    Respondent.

_____/

**ORDER (1) REQUIRING ADDITIONAL BRIEFING ON PETITIONER'S MOTION FOR AN INDICATIVE RULING (ECF No. 481) AND (2) DENYING PETITIONER'S PENDING PROCEDURAL MOTIONS (ECF Nos. 483, 484, 485, 494, 505, AND 506)**

**I**

Now pending before the Court are two substantive motions filed by Petitioner Omar Rashad Pouncy. The first motion is entitled "Petitioner's Motion to Comply With Sixth Circuit's Mandate to Address Petitioner's 28 U.S.C. § 2254(d)(2) Arguments" (hereinafter, the "Mandate Motion"). (*See* Mandate Mot., ECF No. 482.) In the Mandate Motion, Pouncy complains that, following an earlier appeal in this case, this Court on remand disregarded the Sixth Circuit's direction to decide one of Pouncy's habeas claims. In the claim at issue, Pouncy argues that he did not validly waive his right to counsel when he chose to represent himself at his state court trial, and he contends that the Michigan Court of Appeals decision upholding

1

his waiver was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). (From this point forward, the Court will refer to this claim as the "Section 2254(d)(2) Claim.") The Mandate Motion asks the Court to review the Section 2254(d)(2) Claim and to grant habeas relief on it.

The second motion is "Petitioner's Motion for an Indicative Ruling" (hereinafter, the "Indicative Motion"). (*See* Indicative Mot., ECF No. 481.) In the Indicative Motion, Pouncy acknowledges that the Court currently lacks the authority to grant relief on the Section 2254(d)(2) Claim because this case is currently pending on appeal before the Sixth Circuit. Pouncy therefore asks the Court, pursuant to Rule 62.1 of the Federal Rules of Civil Procedure, to issue an indicative ruling stating that it would grant relief on the Section 2254(d)(2) Claim if the Sixth Circuit remanded for consideration of that claim.

The Court previously determined that it would proceed on a step-by-step basis with respect to the Indicative Motion. Specifically, the Court decided it would (1) first determine whether it had jurisdiction to decide the Indicative Motion and (2) then decide on next steps for addressing the motion if it determined that it had jurisdiction to do so. Respondent has since filed a brief addressing the jurisdiction

issue. (*See* Br., ECF No. 503.¹) After reviewing that brief, the Court concludes that it does have jurisdiction to decide the Indicative Motion. By its plain terms, Rule 62.1 authorizes the Court to hear and decide a request for an indicative ruling even when an appeal is pending before the Sixth Circuit. And by filing the Mandate Motion, Pouncy has laid the proper predicate for seeking an indicative ruling. (*See* Fed. R. Civ. P. 62.1 – noting that an indicative ruling is permissible when the movant has filed another "motion" that a district court may not grant because an appeal is pending.) Accordingly, the Court will proceed to consider the Indicative Motion.

## II

The Court concludes that the appropriate next step with respect to the Indicative Motion is for Respondent to file a brief addressing the merits of the Section 2254(d)(2) Claim. In that brief, Respondent is free to present arguments with respect to any aspect of the claim, including whether, as Pouncy claims, the state appellate court made any unreasonable determinations of fact. However, the Court will require Respondent to address an additional issue that occurred to the Court as the Court was reviewing the Indicative Motion and the Mandate Motion.

---

¹ In Respondent's brief, he contends, among other things, that Pouncy is not entitled to relief on the Section 2254(d)(2) Claim (or on the Indicative Motion) because Pouncy's request for relief comes too late. The Court regards that argument as more of a merits contention than a jurisdictional argument, and the Court will address Respondent's timeliness arguments in the next phase of these proceedings. Nothing in this Order should be read to suggest that the Court finds Pouncy's current request for relief to be timely. The Court is simply not reaching that issue at this time.

That issue is: assuming *arguendo* that the state appellate court made one or more unreasonable determinations of fact, was the state court's decision rejecting Pouncy's federal waiver-of-counsel claim "based on" those unreasonable determinations such that Section 2254(d)(2) is satisfied?

Pouncy says the answer to this question is "relatively easy." (Resp., ECF No. 507, PageID.15338.) But he does not offer any substantial analysis of whether the state court decision was "based on" the factual determinations that he deems unreasonable. Instead, he seems to treat as a given that the state court's rejection of his claim of constitutional error rested on those allegedly unreasonable fact findings. The Court believes that this issue requires much more analysis than that.

As noted above, Section 2254(d)(2) provides that where a state court has adjudicated a claim of federal constitutional error on the merits, a district court shall not grant relief on the claim unless the petitioner demonstrates that the state court ruling "was *based on* an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. 2254(d)(2) (emphasis added). Under this statute, "it is not enough for the petitioner to show some unreasonable determination of fact; rather the petitioner must show that the resulting decision was 'based on' that unreasonable determination." *Rice v. White*, 660 F.3d 242, 250 (6th Cir. 2011). Stated another way, a petitioner must show that the state court decision rejecting a claim of constitutional error "rest[ed] on" the unreasonable

4

factual determination, *Byrd v. Workman*, 645 F.3d 1159, 1172 (10th Cir. 2011) (quoting *Ward v. Sternes*, 334 F.3d 696, 704 (7th Cir. 2003)), or that the unreasonable factual determination was a "but for cause" of the state court decision. *Hayes v. Secretary, Florida Department of Corrections*, 10 F.4th 1203, 1224 n. 4 (11th Cir. 2021) (Newsom, J., concurring). And, of course, an erroneous factual determination by a state court satisfies Section 2254(d)(2) only if it had "constitutional significance." *O'Quinn v. Spiller*, 806 F.3d 974, 978 (7th Cir. 2015). Indeed, a state court factual error in connection with a ruling on a question of state law – as opposed to a question of federal constitutional law – cannot satisfy Section 2254(d)(2) because federal habeas relief "does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Against this backdrop, it is not yet clear to the Court whether the state court's rejection of Pouncy's federal waiver-of-counsel claim was "based on" any of the court's allegedly erroneous factual determinations. This lack of clarity stems from the procedural history of Pouncy's state-court appeal and the structure of the state appellate court's decision. Both are described in more detail below.

On direct appeal, Pouncy claimed that he did not validly waive his right to counsel when he chose to represent himself at trial. In support of this claim, Pouncy presented two distinct sets of arguments. The first set of arguments on the waiver-of-counsel issue appeared in the appeal brief filed by Pouncy's appointed counsel.

5

In that brief, counsel argued that Pouncy's purported waiver of his right to counsel did not satisfy the federal constitutional standards for a sufficient waiver. (*See* Counsel Br., ECF No. 8-44, PageID.3441-3142, citing, *inter alia*, *Johnson v. Zerbst*, 304 U.S. 458 (1938) and *Faretta v. California*, 422 U.S. 806 (1975).) Counsel argued that courts are to "indulge every presumption against" a waiver of the constitutional right to counsel and that "three requirements must be met" in order to overcome that presumption. (*Id*.) Counsel identified those three requirements as: (1) the request to waive counsel must be unequivocal; (2) the waiver must be knowing, intelligent, and voluntary and must be made after the trial court informs the defendant of the dangers of self-representation; and (3) the trial court must establish that the defendant will not disrupt the proceedings when representing himself. (*See id*.) Applying the federal constitutional standard to the facts of this case, counsel argued that Pouncy's waiver was invalid because his request for counsel was (1) equivocal and (2) involuntary, because the trial court "never explained [to Pouncy] in any meaningful fashion why it was unadvisable to represent himself." (*Id*., PageID.3445.) Counsel did not argue that Pouncy's waiver was constitutionally insufficient because the trial court failed to advise him of the charges that he faced or of the minimum and/or maximum sentences associated with those charges.

The second set of arguments on the waiver-of-counsel issue were raised in a *pro se* brief that Pouncy filed on his own behalf. In this brief, Pouncy again

6

contended that his waiver of counsel did not satisfy the federal constitutional standards. In support of that argument, he cited and applied the same three-part test cited and applied by his appointed attorney in the appeal brief (described above) that she filed. (*See Pro Se* Br., ECF No. 8-44, PageID.3574.) But Pouncy also added a new line of argument. He insisted that his waiver did not comply with the requirements of Michigan Court Rule 6.005(D). (*See id.*, PageID.3575.) That state-law rule requires Michigan trial courts, before accepting a waiver of counsel, to advise "the defendant of the charge, the maximum possible prison sentence for the offense, any mandatory minimum sentence required by law, and the risk involved in self-representation." Mich. Ct. R. 6.005(D)(1). Pouncy argued that his waiver of counsel did not comply with this state-law rule because the trial court failed to advise him of the charges he faced and his sentencing exposure. (*See id.*, PageID.3570-3571, 3577.)

The Michigan Court of Appeals addressed both of Pouncy's waiver-of-counsel arguments – his argument that the waiver did not satisfy federal constitutional standards for a valid waiver and his additional argument that the waiver did not comply with Michigan Court Rule 6.005(D)(1). *See People v. Pouncy*, 2008 WL 9869818, at *5 (Mich. Ct. App. Mar. 25, 2008) (setting forth both the federal waiver standard and the test for waiver under Rule 6.005(D)). And the

7

court appeared to address those arguments separately.  With respect to the federal constitutional arguments, the court said:

> Defendant also argues that his waiver was not knowing and intelligent because the trial court failed to adequately advise him of the risks of self-representation. We do not agree.
>
> The existence of a knowing and intelligent waiver of counsel depends on the particular facts and circumstances of a case. *People v. Riley,* 156 Mich.App 396, 399; 401 NW2d 875 (1986), overruled in part on other grounds *People v. Lane,* 453 Mich. 132; 551 NW2d 382 (1996). An explanation of the risks of self-representation requires more than informing the defendant that he waives counsel at his own peril. *People v. Blunt,* 189 Mich.App 643, 649–650; 473 NW2d 792 (1991). A defendant must be specifically and rigorously warned of the hazards ahead. *Russell, supra* at 193 n 27, citing *Iowa v. Tovar,* 541 U.S. 77, 88–89; 124 S Ct 1379; 158 L.Ed.2d 209 (2004). An explanation of the risks of self-representation should include, for example, a warning that exercising the right to self-representation is usually an unwise decision and the defendant may be acting to his own detriment, and a warning that the defendant will not be afforded any special treatment and will be held to abide by the special skills and training required of any professional attorney. *Blunt, supra* at 649–650.
>
> In the present case, the record demonstrates that the trial court properly advised defendant of the risks of self-representation. The trial court told defendant that he would be a "fool" to represent himself and warned him that the court would treat him "like any other lawyer." Indeed, the trial court explained that defendant would be bound to comply with the court rules, which included making "objections and everything else." After defendant effectively asserted his right to represent himself, the trial court was not required to repeatedly pressure defendant

> into relinquishing that right. *People v. Morton,* 175 Mich.App 1, 7; 437 NW2d 284 (1989). Based on the totality of the exchanges, we conclude that the trial court properly apprised defendant of the risks associated with self-representation.

*Id.* at ** 8–9 (footnotes omitted).

Then, with respect to the state-law arguments under the Rule 6.005(D)(1), the court said:

> Moreover, the record reflects that the trial court repeatedly advised defendant of the charges against him, including the minimum and maximum prison sentences associated with the various charges, both at the beginning of trial and at every subsequent proceeding. See MCR 6.005(D). Additionally, the record reflects that throughout the entire proceeding, Breczinski was available to advise defendant as standby counsel and actively participated in the trial by performing voir dire and questioning witnesses. See MCR 6.005(D)(2).

!
*Id.* (footnotes omitted).

In the Section 2254(d)(2) Claim, Pouncy says the state appellate court erred when it found that, prior to his purported waiver of counsel, the trial court (1) advised him of the charges he was facing (*see* Mandate Mot., ECF No. 482, PageID.15127), (2) advised him of the maximum sentence he was facing (*see id.*, PageID.15129), and (3) advised him of the mandatory minimum sentences associated with the charges he was facing. (*See id.*, PageID.15132.) Notably, as the excerpt from the state appellate court decision quoted above shows, all of these findings by that court appear in the portion of its decision in which it references Rule 6.005(D), not in the

9

preceding portion of the ruling in which it refers to Pouncy's constitutional arguments. Thus, there appears to be a question as to whether the state appellate court's rejection of Pouncy's *federal constitutional* claim related to his waiver of counsel was actually "based on" the factual errors about which Pouncy complains. It may be the case that those claimed factual errors related only to the state appellate court's resolution of Pouncy's state-law claim that his waiver did not comply with Rule 6.005(D). If that is true, then the claimed errors would lack constitutional significance and would not satisfy Section 2254(d)(2).[2]

Given the complexity and importance of this issue, the Court directs Respondent to thoroughly address it (along with any other issues he deems appropriate concerning the merits of the Section 2254(d)(2) Claim) in his forthcoming brief. Respondent shall file his brief by not later than **October 25, 2024**. The Court is giving Respondent that length of time because the issues surrounding the Section 2254(d)(2) Claim are complex and will likely require substantial legal research and writing and a careful review of the record. Pouncy

---

[2] Pouncy has identified one more claimed factual error by the state appellate court. He says that that court wrongly concluded that the state trial court determined on the record that he validly waived his right to counsel. (*See* Mandate Mot., ECF No. 482, PageID.15135.) In Respondent's forthcoming brief, Respondent shall address that claim by Pouncy and shall evaluate whether this claimed finding (1) related to Pouncy's claim of federal constitutional error and, (2) if so, whether the state court's decision was "based on" this finding.

may file a reply brief responding to Respondent's arguments by not later than **November 29, 2024**.

## III

Pouncy has asked the Court to expedite and immediately consider the issues raised in the Indicative Motion and the Mandate Motion. The Court declines to do so. As the discussion above makes clear, the issues presented for decision by those motions are complex and will require careful analysis (supported by a thorough legal research and a detailed review of the relevant portions of the record) by Respondent, by Pouncy, and by the Court. These difficult questions are not well-suited for resolution under intense time pressure. For that reason, the Court declines to address Pouncy's motions on an emergency basis. However, while the Court will not consider the motions on an emergency or immediate basis, the Court will prioritize the motions for decision once the briefing described above is complete.

## IV

Pouncy has also asked the Court to schedule oral argument on the pending motions. The Court declines to do so at this time. The Court will decide whether to schedule oral argument after the completion of the additional briefing described above.

# V

For all of the reasons explained above, **IT IS HEREBY ORDERED** as follows:

1. By not later than **October 25, 2024**, Respondent shall file a supplemental brief addressing the merits of the Section 2254(d)(2) Claim, and such brief shall include (along with any other arguments Respondent deems appropriate) an analysis of whether the decision of the Michigan Court of Appeals rejecting Pouncy's federal waiver-of-counsel claim was "based on" an unreasonable determination of facts.

2. By not later than **November 29, 2024**, Pouncy may file a reply brief responding to Respondent's supplemental brief.

3. Pouncy's motions to expedite proceedings (ECF Nos. 483, 484, 485, and 505) are **DENIED**.

4. Pouncy's motion for oral argument (ECF No. 506) is **DENIED WITHOUT PREJUDICE.**

5. Finally, Pouncy's motion to deem all of his pending motions as unopposed (ECF No. 494) is **DENIED** because (a) Respondent proceeded in this manner as directed by the Court and has not failed to respond when required by the Court and (b) the Court knows that Respondent intends to

oppose the motions and demining them unopposed would not further the interests of justice.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  September 13, 2024

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 13, 2024, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126