UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OMAR RASHAD POUNCY,

    Petitioner,

v.

                                    Case No. 13-cv-14695
                                    Hon. Matthew F. Leitman

CARMEN D. PALMER,

    Respondent.

_____/

**ORDER ON PETITIONER'S (1) MOTION TO WAIVE REPLY TO STATE'S BRIEF (ECF No. 515), (2) MOTION FOR VIRTUAL OR TELEPHONIC ORAL ARGUMENT (ECF No. 516), (3) MOTION FOR CLARIFICATION (ECF No. 520), (4) MOTION FOR ACCESS TO MICHIGAN RELATED LEGAL MATERIALS (ECF No. 521), (5) MOTION TO INVITE AMICUS CURIAE PARTICIPATION AT ORAL ARGUMENT (ECF No. 522), AND (6) MOTION TO TAKE JUDICIAL NOTICE OF PRIOR FINDINGS (ECF No. 523)**

Now before the Court are motions by Petitioner Omar Rashad Pouncy to (1) waive reply to state's brief (ECF No. 515), (2) for virtual or telephonic oral argument (ECF No. 516), (3) for clarification (ECF No. 520), (4) for access to Michigan related legal materials (ECF No. 521), (5) to invite *amicus curiae* participation at oral argument (ECF No. 522), and (6) to take judicial notice of prior findings (ECF No. 523). The Court concludes that it may resolve the motions without oral argument. *See* Local Rule 7.1(f)(2). The motions are resolved as follows:

1. Pouncy's Motion to Waive Reply to State's Brief (ECF No. 515) is **TERMINATED AS MOOT**. In the motion, Pouncy asks the Court to waive his right to reply to Respondent's supplemental brief, but he has since filed at least one brief addressing the arguments raised by Respondent. (*See* Resp., ECF No. 519.)

2. Pouncy's Motion for Virtual or Telephonic Oral Argument (ECF No. 516) is **GRANTED**. The Court has set virtual argument on Pouncy's Motion for an Indicative Ruling (ECF No. 481) for January 24, 2025, at 10:30 a.m.

3. Pouncy's Motion for Clarification (ECF No. 520) is **GRANTED**. The Court clarifies that it will have questions concerning at least the following matters during the January 24, 2025, hearing:

    a. Whether there would be any tension and/or inconsistency between (1) a ruling that the Michigan Court of Appeals did not make the factual determinations challenged by Pouncy in connection with the court's resolution of a federal claim and (2) either (a) the Court's analysis of, and ruling on, Pouncy's waiver of counsel claim in the Court's order dated June 28, 2021 (*see* Order, ECF No. 401,

        PageID.14383-14400) or (b) any other ruling made by the Court during the course of these proceedings.

    b.    If and to the extent that there would be such an inconsistency, should such an inconsistency preclude the Court from ruling now that the Michigan Court of Appeals did not make the factual determinations challenged by Pouncy in connection with the court's resolution of a federal claim? And what impact, if any, would such a ruling have on Pouncy's claims now pending on appeal?

    c.    Are the factual determinations challenged by Pouncy meaningfully inaccurate?

    d.    The Court will likely have additional questions, but at this time the Court is prepared to provide notice only of these questions.

4.    Pouncy's Motion for Access to Michigan Related Legal Materials (ECF No. 521) is **DENIED**. The Court is not persuaded at this point – namely, after several rounds of briefing – that Pouncy requires additional access to Michigan-specific materials.

3

5. Pouncy's Motion to Invite *Amicus Curiae* Participation at Oral Argument (ECF No. 522) is **DENIED**. The Court believes that Pouncy can present arguments effectively on his own.

6. Pouncy's Motion to take Judicial Notice of Prior Findings (ECF No. 523) is **DENIED**. The Court is aware of its prior rulings and will carefully consider them without taking formal judicial notice.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: January 6, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 6, 2025, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126