UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OMAR RASHAD POUNCY,

    Petitioner,

v.

                                    Case No. 13-cv-14695
                                    Hon. Matthew F. Leitman

MATT MACAULEY,

    Respondent.
_____/

**ORDER RESOLVING PETITIONER'S MOTION
FOR AN INDICATIVE RULING (ECF No. 481)**

    In 2006, Petitioner Omar Rashad Pouncy was convicted of four counts of carjacking, four counts of armed robbery, two counts of felony firearm, and one count of felony possession of a firearm following a trial in a Michigan state court at which he represented himself. After his convictions were affirmed on direct appeal, he filed a petition for a writ of habeas corpus in this Court. He presented numerous claims in his petition. In 2016, this Court granted habeas relief on a single claim – that his waiver of his right to trial counsel was not voluntary. *See Pouncy v. Palmer*, 165 F.Supp.3d 615 (E.D. Mich. 2016). The United States Court of Appeals for the Sixth Circuit thereafter reversed and remanded for consideration of Pouncy's other claims. *See Pouncy v. Palmer*, 846 F.3d 144 (6th Cir. 2017). After lengthy additional proceedings on remand, this Court issued an order granting the petition in part and

denying it in part (the "2021 Opinion and Order"). *See Pouncy v. Macauley*, 546 F.Supp.3d 565 (E.D. Mich. 2021).  The Court thereafter entered judgment consistent with the terms of the 2021 Opinion and Order (the "2021 Judgment"). (*See* 2021 Judgment, ECF No. 402.)  Both parties have appealed from the 2021 Judgment, and those appeals remain pending in the Sixth Circuit.

Three years after the appeals were filed, and with the appeals still pending, Pouncy returned to this Court and filed a motion for an indicative ruling pursuant to Rule 62.1 of the Federal Rules of Civil Procedure. (*See* Mot., ECF No. 481.)  In that motion, Pouncy contends that the Court violated the "mandate rule" – a rule that requires a district court to comply with the directions from a court of appeals when a case is remanded – when the Court entered the 2021 Judgment.  More specifically, Pouncy says that the Court failed to follow the Sixth Circuit's purported direction to address Pouncy's argument that the Michigan Court of Appeals' decision upholding his waiver of counsel was based on an unreasonable determination of the facts (the "Purported Mandate Rule Violation").  Pouncy insists that if the Court had complied with the mandate and reviewed the factual determinations at issue, the Court would have granted habeas relief on his claim that his waiver of counsel did not comply with the federal Constitution.

In Pouncy's now-pending motion, he asks the Court to indicate how it would rule on a motion seeking relief from the 2021 Judgment on the basis that the Court committed the Purported Mandate Rule Violation. (*See id.*) For the reasons explained in detail below, the Court indicates that it would **DENY** a motion seeking relief from the 2021 Judgment based upon the Purported Mandate Rule Violation.

# I

The Court described the procedural history of this case in detail in the 2021 Opinion and Order. The Court sets forth below the additional portions of that history that are relevant to Pouncy's pending motion.

## A

After Pouncy was convicted and sentenced in state court, he appealed to the Michigan Court of Appeals. *See People v. Pouncy*, Nos. 269298, 2008 WL 9869818 (Mich. Ct. App. Mar. 25, 2008). In that appeal, Pouncy argued, among other things, that he did not validly waive his right to trial counsel. *See id.* at *5–10. He contended that his purported waiver was flawed and insufficient in many respects. *See id.* The Michigan Court of Appeals rejected his arguments, upheld the validity of his waiver, and affirmed his convictions. *See id.* The Michigan Supreme Court later denied leave to appeal because it was "not persuaded that the questions presented should be reviewed by this [c]ourt." *People v. Pouncy*, 753 N.W.2d 187, 188 (Mich. 2008).

**B**

In 2013, Pouncy, through retained counsel, filed this action seeking a writ of habeas corpus. (*See* Pet., ECF No. 1.) Three years later, in 2016, this Court granted habeas relief to Pouncy on the basis that his waiver of his right to counsel was involuntary. *See Pouncy*, 165 F.Supp.3d at 631.

As noted above, the Sixth Circuit reversed this Court's decision and remanded for further proceedings. At the conclusion of the Sixth Circuit's decision, the court noted that Pouncy had raised additional claims in his habeas petition – including one attacking factual findings made by the Michigan Court of Appeals in connection with its decision to uphold the validity of his waiver of counsel – that he could pursue on remand:

> This conclusion [reversing the grant of habeas relief] does not mean that all is lost for Pouncy. For one thing, Pouncy has raised a number of federal constitutional claims in his habeas petition on which the district court has yet to rule. Nothing in this opinion prevents Pouncy from arguing those claims in the district court on remand. Pouncy has also advanced several other arguments in support of his claim that the Michigan Court of Appeals's application of *Faretta* resulted in a decision that was contrary to, or an unreasonable application of, clearly established law or one that was based on an unreasonable assessment of the facts of his case. 28 U.S.C. § 2254(d). Because "we rely on the district courts' 'valued judgment,' which 'adds much to the deliberative process and allows this court its proper function—to determine if an erroneous decision was made as to the issues presented,'" *In re Anheuser–Busch Beer Labeling Marketing & Sales Practices Litig.*, 644 Fed.Appx. 515, 533 (6th Cir. 2016) (quoting *Taft Broad.*

4

> Co. v. United States, 929 F.2d 240, 245 (6th Cir. 1991)),
> we think it the wiser course to refrain from considering
> those arguments for the first time on appeal.

Pouncy, 846 F.3d at 163. The Sixth Circuit then said that it was "REMAND[ING] this case for further proceedings not inconsistent with this opinion." *Id.*

## C

After lengthy proceedings on remand, the Court gave each party the opportunity to file a single, omnibus brief setting forth its position on the remaining claims in the action. In Pouncy's omnibus brief, filed through counsel, he argued, among other things, that the Michigan Court of Appeals' decision upholding the validity of his waiver of counsel was based upon unreasonable determinations of the facts and that this Court could therefore grant habeas relief on his waiver of counsel claim even though the state court had adjudicated that claim on the merits. (*See* Pet'r Supp. Br., ECF No. 300, PageID.12294-12295, 12297-12303, citing 28 U.S.C. § 2254(d)(2).) Respondent countered that the Court could not grant relief on Pouncy's waiver of counsel claim because, among other things, Pouncy had failed to show that the Michigan Court of Appeals made any unreasonable factual determinations. (*See* Resp. Supp. Br., ECF No. 321, PageID.12581.)

On June 28, 2021, the Court issued the 2021 Opinion and Order in which it granted Pouncy limited habeas relief on one of his claims and denied relief on his waiver of counsel claim. *See Pouncy*, 546 F.Supp.3d at 633–34. The Court did not

5

include in the 2021 Opinion and Order any analysis of whether the Michigan Court of Appeals' decision upholding Pouncy's waiver of counsel was based upon any unreasonable determinations of fact. The Court entered the 2021 Judgment at the same time that it entered the 2021 Opinion and Order. (*See* Op. and Order, ECF No. 401; 2021 Judgment, ECF No 402.)

Pouncy, through retained counsel, thereafter filed three motions for reconsideration of the 2021 Opinion and Order. (*See* Motions, ECF Nos. 402, 406, and 407.) He did not argue in any of those motions that he was entitled to relief based on the Purported Mandate Rule Violation. (*See id.*)

On July 26, 2021, Respondent appealed from the 2021 Judgment (*see* Notice of Appeal, ECF No. 409); Pouncy appealed from the 2021 Judgment on December 15, 2021 (*see* Notice of Appeal, ECF No. 446). Both appeals remain pending in the Sixth Circuit.

## II

Three years after the Court entered the 2021 Judgment, and with the parties' appeals still pending before the Sixth Circuit, Pouncy filed the Motion for Indicative Ruling that is now before the Court. (*See* Mot., ECF No. 481.) In that motion, Pouncy argues that he is entitled to relief from the 2021 Judgment on the ground that the Court committed the Purported Mandate Rule Violation when it entered that judgment. (*See id.*) He recognizes, however, that because the appeals from the 2021

6

Judgment are now pending before the Sixth Circuit, this Court lacks jurisdiction to grant him relief from judgment on the basis of the Purported Mandate Rule Violation. So he asks the Court to issue an indicative ruling under Rule 62.1 of the Federal Rules of Civil Procedure. That rule provides:

> (a) Relief Pending Appeal. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
> (1) defer considering the motion;
>
> (2) deny the motion; or
>
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Civ. P. 62.1(a)(1)–(3).

Rule 62.1 "does not provide for relief itself." *Jones v. Michigan Dep't of C.R.*, No. 18-11934, 2019 WL 3294104, at *2 (E.D. Mich. Apr. 29, 2019) (quoting *Est. of Hickman v. Moore*, Nos. 09-69, 09-102, 2011 WL 4860040 (E.D. Tenn. Oct. 13, 2011)). Instead, the rule authorizes a district court to indicate how it would rule on "a motion for relief, including, for example, a Rule 60(b) motion." *Id.* Stated another way, the rule "allows" a district court to tell a court of appeals what it "might do if given the chance to consider some aspect of the appealed case." *Defs. of Wildlife v.*

*Salazar*, 776 F.Supp.2d 1178, 1182 (D. Mont. 2011).[1] A district court may tell a court of appeals that it would deny a motion for relief from judgment under Rule 60(b). *See id.*

Here, the Court concludes that it is appropriate to indicate how it would rule on a motion seeking relief from the 2021 Judgment under Rule 60(b) of the Federal Rules of Civil Procedure on the basis that the Court committed the Purported Mandate Rule Violation. For the reasons explained below, the Court would deny such a motion under Rule 60(b) because it would be time-barred.

### III

A motion by Pouncy seeking relief from the 2021 Judgment based upon the Purported Mandate Rule Violation could potentially be brought under two sub-sections of Rule 60(b): 60(b)(1) or 60(b)(6). Such a motion would be untimely under either subsection.

---

[1] *See also United States v. Washington*, No. C70-9213, 2021 WL 4592383, at * 1 (W.D. Wash. Oct. 5, 2021) (explaining that "[p]ursuant to Rule 62.1" a district court may, among other things, "issue an indictive ruling to the court of appeals" and indicating that "even if the [c]ourt had jurisdiction to consider [a] motion for reconsideration, the [c]ourt would deny the motion"); *Grand River Enterprises Six Nations, LTD v. Knudsen*, No. CV-23-48, 2023 WL 8541014, at *2 (D. Mont. Dec. 11, 2023) (granting motion for indicative ruling under Rule 62.1 and indicating that it would deny motion for preliminary injunction); *Common Cause Indiana v. Marion County Election Bd.*, No. 17-cv-01388, 2019 WL 441849, at *1 (S.D. Ind. Feb. 5, 2019) (granting motion under Rule 62.1 and indicating that it would deny motion to dismiss).

A

The Court first turns to Rule 60(b)(1). That rule authorizes a district court to grant relief from a final judgment based upon, among other things, a "mistake," which includes "*any* type of mistake or error on the part of the court." *Barrier v. Beaver,* 712 F.2d 231, 234 (6th Cir. 1983) (emphasis added). Pouncy's claim that the Court committed the Purported Mandate Rule Violation fits neatly within Rule 60(b)(1) because the claimed violation (if it occurred) was a legal "error on the part of the court." *Id.* Moreover, Pouncy claims that the Court violated the mandate rule by failing to address one of his arguments, and a motion under Rule 60(b)(1) is "appropriate" where, as Pouncy claims here, a court "overlooked" a party's "arguments." *Spira v. Ashwood Fin., Inc.*, 371 F.Supp.2d 232, 236 (E.D.N.Y. 2005) (quoting *Badian v. Brandaid Commc'ns Corp.*, No. 03 Civ. 2424(DC), 2005 WL 1083807, at *2 (S.D.N.Y. May 9, 2005)). Indeed, the Sixth Circuit has held that where, as here, a habeas petitioner seeks relief from a judgment on the ground that the district court failed to consider all of his contentions, the applicable section of Rule 60(b) is subsection (b)(1). *See Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014).

A motion by Pouncy seeking relief from the 2021 Judgment would be untimely under Rule 60(b)(1). A motion under that rule must be brought "no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c)(1). But here, nearly

9

three years transpired between the time that the Court entered the 2021 Judgment and the time that Pouncy first proposed to seek relief from that judgment based upon the Purported Mandate Rule Violation.[2] Thus, a motion seeking that relief under Rule 60(b)(1) would be time-barred.

**B**

Pouncy's motion would also be untimely under Rule 60(b)(6). That rule authorizes a district court to grant relief from a judgment for "any other reason [*i.e.*, a reason not covered in Rules 60(b)(1) through 60(b)(5)] that justifies relief." Fed. R. Civ. P. 60(b)(6). If Pouncy could bring a motion under that rule based on the Purported Mandate Rule Violation – and it seems unlikely that he could[3] – it would

---

[2] The Court entered the 2021 Judgment on June 28, 2021. Pouncy filed his motion seeking an indicative ruling on June 12, 2024.

[3] "In order to be entitled to the extraordinary and exceptional relief afforded under Rule 60(b)(6), the party seeking relief must show that it filed a motion for relief under that Rule, and not under some other section of Rule 60." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 366 (6th Cir. 1990). In other words, "a Rule 60(b)(6) motion 'must be based upon some reason other than those stated in clauses (1)–(5).'" *Smith v. Sec'y of Health & Hum. Servs.*, 776 F.2d 1330, 1333 (6th Cir. 1985) (quoting 7 *Moore's Federal Practice* ¶ 60.27[1] (2d ed. 1985)). Because Pouncy's motion seems to fit under Rule 60(b)(1), it appears unlikely that he would be able to proceed under Rule 60(b)(6). *See Smith*, 776 F.2d at 1333 ("Since we interpret the request for relief as coming under clause (b)(1), clause (b)(6) would not apply."); *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (explaining that Rule 60(b)(6) applies "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." (quoting *Olle*, 910 F.2d at 365)). In addition, Rule 60(b)(6) "should only be applied in 'unusual and extreme situations where principles of equity mandate relief,'" *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 597 (6th Cir. 2006)

10

still be time-barred. A motion under Rule 60(b)(6) must be filed "within a reasonable time," Fed. R. Civ. P. 60(c)(1), and Pouncy has waited an unreasonably long period of time – nearly three years – to seek relief from the 2021 Judgment based upon the Purported Mandate Rule Violation. Three years is an unreasonably long time here because any failure by the Court to comply with the Sixth Circuit's mandate would have been apparent to Pouncy as soon as the Court issued the 2021 Judgment. And Pouncy could have raised the Purported Mandate Rule Violation in any of the three motions for reconsideration that he filed, through retained counsel, seeking to overturn the 2021 Judgment, but he failed to do so. Simply put, Pouncy waited too long to seek relief under Rule 60(b)(6). *See, e.g., Blachy v. Butcher*, 129 F. App'x 173, 179 (6th Cir. 2005) (noting that the Sixth Circuit "has held that a motion filed pursuant to Rule 60(b)(4) and (6) is untimely where more than three years have passed between the time the motion was filed and judgment was entered" and holding that period of "more than three years" was an "unreasonable delay" in filing a motion under Rule 60(b)); *Ohio Cas. Ins. Co. v. Pulliam,* No. 96–6522, 1999 WL 455336, *2 (6th Cir. June 23, 1999) (same).

---

(quoting *Blue Diamond*, 249 F.3d at 524), "but such circumstances 'rarely occur' in the *habeas* context." *Miller v. Mays*, 879 F.3d 691, 698 (6th Cir. 2018) (quoting *Sheppard v. Robinson*, 806 F.3d 815, 820 (6th Cir. 2015)).

## C

Pouncy counters that he should not be time-barred from seeking relief under any provision of Rule 60(b) because in March 2022, the Court entered an order barring him from making additional filings unless and until the Sixth Circuit returned the case to this Court following its decision on the pending appeals. (*See* Order, ECF No. 455, PageID.14979.)  Pouncy says that that order prevented him from complying with the one-year limitations period applicable to a motion under Rule 60(b)(1) because the Court entered the order before the one-year period expired.  And he says that the order likewise precluded him from filing a motion under Rule 60(b)(6) within a reasonable time because it prevented him from filing anything at all beginning approximately eight months after entry of the 2021 Judgment.  In any other case, that would be a very strong argument.  But not here.

In two respects, Pouncy's own conduct conclusively shows that the Court's order did not prevent him from seeking relief under Rule 60(b).  First, Pouncy filed the instant motion seeking an indicative ruling even though the Court's order barring him from making any additional filings remains in place.  Pouncy has no persuasive explanation as to how, in the face of the Court's order, he was able to file the instant motion now but could not have earlier filed a motion under Rule 60(b)(1) or (b)(6).

Second, Pouncy has an unbroken record of repeatedly violating orders entered by this Court precluding him from filing motions, briefs, and other papers on the

12

Court's docket. Indeed, even though the Court entered several orders prohibiting Pouncy from making *pro se* filings during times that he was represented by counsel (*see*, *e.g.*, Orders, ECF Nos. 274, 340, 384, 443), Pouncy proceeded to make at least eight such filings. (*See, e.g.*, ECF Nos. 428, 429, 430, 431, 442, 452, 496, 497.) The Court had to repeatedly strike those impermissible filings. (*See, e.g.*, Orders, ECF Nos. 432, 443, 498.) Simply put, Pouncy is the rare litigant who was completely undeterred by the Court's orders. Thus, Pouncy's contention that the Court's March 2022 order deterred him from filing a timely motion under Rule 60(b) rings hollow – very hollow.

**D**

For all of these reasons, the Court concludes that a motion by Pouncy under Rule 60(b) seeking relief from the 2021 Judgment on the basis of the Purported Mandate Rule Violation would be time-barred, and the Court indicates that it would deny such a motion for that reason.[4]

---

[4] Respondent has offered several additional arguments as to why the Court should indicate that it would deny a motion by Pouncy under Rule 60(b) to vacate the 2021 Judgment on the basis of the Purported Mandate Rule Violation. For instance, Respondent argues that (1) the Court did not violate the mandate rule (*see* Resp. Supp. Br., ECF No. 514, PageID.15403-15405), (2) Pouncy may not challenge in these habeas proceedings the Michigan Court of Appeals' factual determinations in question because that court did not make the determinations in connection with its resolution of a federal constitutional question (*see id.*, PageID.15406-15419), and (3) in any event, the factual determinations were not unreasonable (*see id.*, PageID.15419-15430). These appear to be strong arguments. But the Court need not and does not reach them here.

## IV

For all of the reasons explained above, the Court would **DENY** a motion by Pouncy under Rule 60(b) of the Civil Procedure for relief from the 2021 Judgment based upon the Purported Mandate Rule Violation.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: March 31, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 31, 2025, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126